**INDEX OF EXHIBITS TO BMO BANK N.A.'S MOTION TO COMPEL AND FOR SANCTIONS**

| Exhibit | Description | Date |
|---|---|---|
| **1** | Plaintiffs' Rule 26(a)(1) Initial Disclosures | Aug. 22, 2025 |
| **2** | BMO's First Requests for Production of Documents and First Set of Interrogatories to Bans, Inc. | Aug. 29, 2025 |
| **3** | Bans, Inc.'s Responses and Objections to BMO's First Requests for Production and First Set of Interrogatories | Sept. 30, 2025 |
| **4** | Letter from BMO's counsel to Plaintiffs' counsel | Oct. 16, 2025 |
| **5** | Bans, Inc.'s Amended Responses and Objections | Nov. 12, 2025 |
| **6** | Rule 37 letter from BMO's counsel to Plaintiffs' counsel | Feb. 26, 2026 |
| **7** | Correspondence from Plaintiffs' counsel to BMO's counsel | Mar. 16, 2026 |
| **8** | Letter from BMO's counsel to Plaintiffs' counsel | Apr. 15, 2026 |
| **9** | Bans, Inc.'s Second Amended Responses and Objections (incl. Nenezic verification) | Apr. 28, 2026 |
| **10** | Bans, Inc.'s Third Amended Responses and Objections (incl. Nenezic verification) | July 16, 2026 |
| **11** | Excerpts of the Rule 30(b)(6) Deposition Transcript of Bans, Inc. (Arsenije Nenezic) | Aug. 11, 2026 |
| **12** | Declaration of Jeffrey Jamison | — |

P.D. Logistics, LLC, et al. v. BMO Bank N.A.
Case No. 25-cv-06559 (N.D. Ill.)

# EXHIBIT

# 1

Plaintiffs' Rule 26(a)(1) Initial Disclosures
Served August 22, 2025

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PD LOGISTICS, LLC, an Illinois Limited liability company; PAVLE DUROVIC; BANS, INC., an Illinois corporation; and, ARSENIJE NENEZIC, Individually and on Behalf of Others Similarly Situated,** | ) | **Case No. 25-cv-06559** |
| **Plaintiffs,** | ) | **Judge Sharon Johnson Coleman** |
| **v.** | ) | **Magistrate Judge Laura K. McNally** |
| **BMO BANK, N.A.,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES**

Plaintiffs, PD LOGISTICS, LLC, an Illinois Limited liability company, PAVLE DUROVIC, BANS, INC., an Illinois corporation, and ARSENIJE NENEZIC, individually and on behalf of others similarly situated, by and through their attorneys, JEFFREY GRANT BRPWN, P.C., and BAKOV LAW, LTD., in accordance with Federal Rule of Civil Procedure 26(a)(1), state as follows:

I. Disclosures Pursuant to Rule 26(a)(1)(A)(i):

The following individuals are likely to have discoverable information that Plaintiffs may use to support their claims:

1. Plaintiff, Pavle Durovic. Plaintiff may be contacted through Plaintiffs' counsel. Plaintiff Durovic has discoverable information regarding the facts and claims alleged in the Complaint, including: (i) The credit line agreement he entered into with BMO Bank N.A., (ii) The withdrawals and payments Plaintiff made relative to the credit line, (iii) The use of the credit line funds, (iv) Communications with Defendant, (v) and the damages suffered by Plaintiff as a result of Defendant's breach of contract and its violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691(a); the Illinois Consumer Fraud Act, 815 ILCS § 505, *et seq*.; and 42 U.S.C. § 1981.

2. Plaintiff, Arsenije Nenezic. Plaintiff may be contacted through Plaintiffs' counsel. Plaintiff Nenezic has discoverable information regarding the facts and claims alleged in the Complaint, including: (i) The credit line agreement he entered into with BMO Bank N.A., (ii) The withdrawals and payments Plaintiff made relative to the credit line, (iii) The use of the credit line funds, (iv) Communications with Defendant, (v) and the damages suffered by Plaintiff as a result of Defendant's breach of contract and its violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691(a); the Illinois Consumer Fraud Act, 815 ILCS § 505, *et seq*.; and 42 U.S.C. § 1981.

3. Defendant, BMO Bank, N.A. BMO has knowledge of the credit line agreements and their terms, Plaintiffs' withdrawals and payments towards the agreements, the facts and claims of Plaintiffs' Complaint, the number of people whose credit lines were closed due to their Eastern European ethnicity, and the purported reasons for the closures of the accounts and credit lines. BMO also has information and knowledge relative to the size of the proposed class, specifically the number of similar or identical letters they sent to its clients of Eastern European descent.

4. Any third-party collection agencies, law firms, and or entities Defendant may have utilized to collect fees or costs from its customers who failed to pay back the entirety of the credit line within the accelerated time limit imposed by BMO.

5. Traci Hinojosa, Cherin Khanania, Elisa Jimenez, Tanja Santen, and other unknown employees/agents of BMO Bank, N.A., may have knowledge of the credit line agreement and its terms, Plaintiffs' payment history for the agreement, Plaintiffs' contacts with BMO Bank relative to the agreement, and of the facts and claims of Plaintiffs' Complaint.

6. All persons or entities who were issued a line of credit by Defendant during the class period and who were of Eastern European ethnicity or national origin.

7. Any and all others named in Defendants' Initial Disclosures or Defendants' Preliminary or Final Witness Lists.

Discovery has just begun, and Plaintiffs reserve the right to amend and/or supplement his Witness List (including disclosing testifying expert witnesses) as discovery continues.

II. Disclosures Pursuant to Rule 26(a)(1)(B):

Pursuant to Rule 26(a)(1)(B), Plaintiffs set forth the following categories of documents, data compilations, and tangible items that Plaintiffs may use to support their claims or defenses, unless solely for impeachment:

1. BMO Harris Bank N.A Handbook dated November 7, 2022 (*See* Durovic 001-029);

2. BMO Notice to Applicants (Durovic 030);

3. BMO Letter of Agreement for Line of Credit with PD Logistics LLC (Durovic 031-047);

4. BMO Business Checking Service Fee Schedule (Durovic 048-051);

5. BMO Business Signature Card for PD Logistics LLC (Durovic 052);

6. Terms and Conditions for BMO Harris Bank – Business Banking Customers (Durovic 053-054);

7. PD Logistics Business Lines of Credit Monthly Statements (Durovic 055-061);

8. BMO Transactions receipts for credit line payments made by Plaintiff Durovic (Durovic 062-063);

9. 11.28.22 Purchaser Receipt payment to National ICT Corp from PD Logistics for purchase of trailer (Durovic 064);

10. Business card of Cherin Khanania, Bank Manager (Durovic 065);

11. PD Logistics Business Lines of Credit Monthly Statements (Durovic 066-074);

12. Letters from BMO to Plaintiffs (Durovic 075-082);

13. May 20, 2024 Letter from Teller Levit and Silvertrust, PC to Plaintiffs PD Logistics and Pavle Durovic (Durovic 083-084);

14. Letters from Jonathan Neil & Associates, Inc., to Plaintiffs PD Logistics and Pavle Durovic (Durovic 085-086);

15. Letters from BMO to Plaintiffs (Durovic 087-088);

16. Form 1099-Interest Income from BMO to PD Logistics, LLC (Durovic 089);

17. Letters from BMO to Plaintiffs (Durovic 090-095);

18. Cook County Complaint (2024 L 008821) filed by Jonathan Neil & Associates, assignee of Defendant, BMO Bank, N.A., versus Plaintiffs, Pavle Durovic and PD Logistics, LLC (Durovic 096-124);

19. August 16, 2023 Letter from Defendant to Bans, Inc (Durovic 125);

20. July 19, 2024 Letter from Carlson Dash to Plaintiffs Bans, Inc., and Arsenije Nenezic (Durovic 126-127); and,

21. Internal documentation and electronically stored information from BMO relating to Plaintiffs' accounts.

Discovery has just begun, and Plaintiffs reserve the right to amend and/or supplement their Document List as discovery continues.

III. Disclosures Pursuant to Rule 26(a)(1)(C):

Pursuant to Rule 26(a)(1)(C), Plaintiffs submit the following categories of damages claimed, and make available for inspection and copying under Rule 34 any non-privileged documents or other evidentiary material on which this assessment is based:

1. Plaintiffs seek all damages under the applicable federal laws and state laws including Illinois common law governing contracts; violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691(a); the Illinois Consumer Fraud Act, 815 ILCS § 505, et seq.; and 42 U.S.C. § 1981, for themselves and on behalf of the class. These damages are actual compensatory damages, statutory damages per statute violation, costs and reasonable attorneys' fees, punitive damages, and damages for credit denials and/or loss of credit opportunities, credit defamation, decreased credit score, and emotional distress, including anxiety, frustration, embarrassment, and humiliation.

2. Plaintiffs' actual damages include, but are not limited to:

   - The accelerated credit line balance Plaintiffs were forced to repay despite making timely payments towards the line of credit;

   - Interest incurred on amounts claimed due;

   - Incurred attorneys' fees and costs in defending the lawsuits brought against Plaintiffs by Defendant BMO N.A., or by entities on behalf of BMO.

Discovery has just begun, and Plaintiffs reserve the right to amend and/or supplement this list as discovery continues.

IV. INSURANCE

Plaintiffs, at this time, are not aware of any insurance agreement under which any persons carrying on an insurance business may be liable to satisfy all or part of a judgment which may be

entered in favor of Plaintiffs or to indemnify or reimburse Defendant for payments to satisfy the judgment.

**DATED:** AUGUST 22, 2025

RESPECTFULLY SUBMITTED,

By: *__/s/ Jeffrey G. Brown_*
One of the Attorneys for Plaintiffs

Angel P. Bakov
**BAKOV LAW, LTD.**
One East Wacker Dr., Ste. 2510
Chicago, Illinois 60601
Telephone: (312) 880-1008
abakov@bakovlaw.com

Jeffrey G. Brown
**JEFFREY GRANT BROWN, P.C.**
65 West Jackson Boulevard, #107
Chicago, Illinois 60604
Telephone: (312)789-9700
*jeff@JGBrownlaw.com*

P.D. Logistics, LLC, et al. v. BMO Bank N.A.
Case No. 25-cv-06559 (N.D. Ill.)

# EXHIBIT

# 2

BMO's First Requests for Production of Documents and
First Set of Interrogatories to Bans, Inc. | Served August 29, 2025

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PD LOGISTICS, LLC, et al.,<br>Plaintiffs,<br>v.<br>BMO BANK N.A.<br>Defendant. | Case No. 25-cv-06559<br>Judge Sharon Johnson Coleman<br>Magistrate Judge Laura K. McNally |

**DEFENDANT BMO BANK N.A.'s FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES TO BANS INC.**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant BMO Bank N.A. ("BMO" or "Defendant"), by and through its attorneys, hereby requests that Plaintiff BANS Inc. ("Plaintiff") in the above-captioned action provide responses to the Interrogatories described herein and produce the documents requested below at the offices of BMO Bank N.A., c/o Jeffrey Jamison, 320 South Canal Street, 7th Floor, Chicago, IL, 60606 or by email to jeffrey.jamison@bmo.com within thirty (30) days from the date of service hereof.

**DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in the below Requests and these Definitions and Instructions, the words set forth below shall be defined as follows:

1. "Account" means any domestic or foreign account maintained with any bank, financial institution, credit card company, or other entity, regardless of how such account is titled, during the relevant time period. Account includes, but is not limited to, any checking account, savings account, credit card account, deposit account, safe deposit box, or other storage device for cash or valuables in any form. With respect to any document requests concerning an account held by a particular person, account includes all accounts in which that person has or had any legal or equitable interest or signatory authority, whether individually, jointly, in trust, in joint tenancy or tenancy by the entirety, or otherwise.

2. "Line of Credit" means the Line of Credit that you obtained from BMO and is the subject of this lawsuit.

3. "BMO Banking Account" means any banking account that you have or had with BMO Bank N.A., including, but not limited to, deposit and checking accounts.

4. "Communication" means any manner or means of disclosure, transfer, exchange, or conveyance of information, including but not limited to any conversation, discussion, letter, memorandum, facsimile transmission, note, meeting, electronic mail, text message, instant message, chat message, internet posting, social media posting or other transfer of information, whether oral or written, or by any other means and includes any Document that constitutes, abstracts, digests, transcribes, or records any Communication.

5. "Document" has the broadest meaning possible under the Federal Rules of Civil Procedure. If any Document has been modified by the addition of notations or otherwise, or has been prepared in multiple copies which are not identical, each modified copy or non-identical copy is a separate "Document."

6. The "relevant time period" means the time period from November 1, 2019 to the present.

7. "You," "Your," or "Plaintiff" shall mean and refer to the named Plaintiff herein, BANS Inc, and shall include any respective assignees, successors in interests, representatives, attorneys, agents, experts, investigators, directors, executives, employees, independent contractors and/or any other entity or person which has ever acted, or purported to act, on behalf thereof in any of the matters covered by these Requests for Admission.

8. "Defendant" shall mean and refer to the named Defendant herein, BMO Bank N.A..

9. The use of any Definition for the purposes of these Requests shall not be deemed to constitute an agreement or acknowledgement on the part of Defendant that such Definition is accurate, meaningful, or appropriate for any other purpose in the above-captioned matter.

## INSTRUCTIONS

1. The applicable definitions and rules of construction set forth in the Federal Rules of Civil Procedure are hereby incorporated by reference.

2. If any Document is withheld on the grounds of privilege, work product, or otherwise, specifically identify the following: (i) the form of Document (e.g., memorandum, letter, note, electronic mail, etc.) that is being withheld; (ii) the date of that Document or, if no date appears thereon, the approximate date the Document was prepared; (iii) the identity of the author or authors; (iv) the identity of the Person or Persons to whom the Document is addressed; (v) the identity of any recipient(s) of the Document that appear on the Document as having

received a copy; (vi) the identity of any attachment(s) to the Document and a statement of whether such attachment(s) have been produced; (vii) the subject matter of the Document; and (viii) the nature of the privilege or immunity asserted, or the other grounds for withholding the Document including, if relevant, the attorney and client involved.

3. Whenever a Document is not produced in full or is produced in redacted form, state with particularity the reason or reasons it is not being produced in full and describe to the best of your knowledge, information, and belief, those portions of the Document that are not being produced. Documents produced in response to the Requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to indicate the specific Request(s) to which they respond. If multiple copies of a Document were prepared or if additional copies were made after the original Document was prepared, and if any such copies were not or are no longer identical by reason of subsequent notation or modification of any kind, including notations on the front or back of the Document, such non-identical copies must be produced.

4. If any portion of a Document is considered responsive to any Request, the Request shall be construed as requesting production of the entire Document.

5. Each Request and Interrogatory shall be construed according to its own terms in accordance with these Definitions and Instructions. Although there may be some overlap, no Request or Interrogatory should be understood to limit any other.

6. Each Request and Interrogatory shall be understood to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to any responsive Documents in addition to the responsive Documents themselves.

7. The original or one copy of each Document should be produced. Any copy of a Document that varies in any way from the original or from any other copy of the Document, whether by reason of handwritten (or other) notation or any omission, shall constitute a separate Document that must be produced (regardless of whether the original of such Document is within your possession, custody, or Control).

8. If any Documents or categories of Documents called for by this request have been destroyed, discarded, deleted, overwritten, or otherwise disposed of, please furnish a list setting forth as to each such Document or Document category the following information: (i) the nature of the Document(s), e.g., letter, memorandum, e-mail, etc.; (ii) the specific request(s) to which the Document(s) is/are responsive; (iii) the date(s) or date range(s) of the Document(s); (iv) the subject matter and a short description of the Document(s); (v) the date of destruction or other disposition; and (vi) the reasons for destruction or other disposition.

9. The Requests and Interrogatories shall be deemed continuing so as to require prompt amendment and supplementation in accordance with Rules 26(e), 33 and 34 of the Federal Rules of Civil Procedure.

10. Notwithstanding anything else to the contrary herein, each word, term, or phrase is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Civil Local Rules for the Northern District Court of Illinois, and the foregoing instructions are not intended to limit your obligations under the Federal Rules of Civil Procedure, the Civil Local Rules of the Northern District Court of Illinois or any other applicable rule, regulation, or law. As such, if any of the foregoing instructions are deemed to require the provision of less information than otherwise would be required by the Federal Rules of Civil

Procedure or the Civil Local Rules of the Northern District Court of Illinois or any other applicable rule, regulation, or law, then such other rule, regulation, or law is to govern in relevant part.

11. Defendant reserves the right to serve supplemental Requests and Interrogatories.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Describe in detail all business activities conducted by you from January 1, 2020 to present, including but not limited to the nature of services provided, customer base, revenue sources, primary suppliers or vendors, and geographic scope of operations.

**INTERROGATORY NO. 2**: Identify all bank accounts, lines of credit, loans, credit cards. and other financial instruments held by you or your affiliated entities at any financial institution from January 1, 2020 to present, including account numbers, opening and closing dates, and reasons for any account closures.

**INTERROGATORY NO. 3:** Describe all deposits, withdrawals, transfers, and other transactions involving BMO accounts from account opening through closure (see Account Statements Attached as Exhibit A), including the source of funds, purpose of each transaction, and the parties involved.

**INTERROGATORY NO. 4:** Describe in detail any and all communications you or your representatives had with anyone regarding (a) the application for your line of credit; (b) the use of your line of credit; (c) any questions or concerns raised by BMO about activity in your accounts; and (d) the termination of your line of credit and banking relationship.

**INTERROGATORY NO. 5:** State all facts that support your allegation in Paragraph 40 of the Complaint that "BMO experienced an episode of fraud, purportedly committed by a person who

happened to be of Eastern European ethnicity or national origin, in one of its Chicago area branches."

**INTERROGATORY NO. 6:** Describe the impact of the closure of your business and personal accounts by BMO Bank, N.A. on your financial operations and creditworthiness. Include any specific instances where this impacted your ability to conduct business or obtain credit from other sources.

**INTERROGATORY NO. 7:** Describe in detail any and all communications you alleged to have received from BMO "encouraging [you] to open a line of credit with BMO," including, but not limited to telephone conversations, advertising circulars, and in person communications.

**INTERROGATORY NO. 8:** State all facts supporting your claim that you were allowed to draw on the Line of Credit for days after notification that BMO was terminating your line of credit.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All account statements and related records for any Account, including but not limited to, any checking account, savings account, credit card account, and/or deposit account, held by the Plaintiff at any bank, credit card company, brokerage firm, investment firm, or other financial institution which the Plaintiff currently owns, holds, claims an interest in, or controls in whole or in part, or has owned, held, controlled, or claimed an interest in, in whole or in part, for the period commencing on the later of (i) the date of the account's inception and continuing through the present.

**REQUEST FOR PRODUCTION NO. 2:** All financial statements, tax returns, tax documents, balance sheets, income statements, cash flow statements, or other financial reports for the Plaintiff during the relevant time period.

**REQUEST FOR PRODUCTION NO. 3:** All documents and communications evidencing the specific transactions for which the proceeds of the BMO line of credit were used.

**REQUEST FOR PRODUCTION NO. 4:** All documents supporting your claim for damages, including documents showing increased borrowing costs, denied credit applications, invoices for attorneys' fees incurred in defending the prior litigation brought by BMO, and Plaintiff's purported "embarrassment and humiliation" as a result of BMO's conduct.

**REQUEST FOR PRODUCTION NO. 5:** All business licenses, permits, registrations, and other governmental authorizations held by Plaintiff's entities.

**REQUEST FOR PRODUCTION NO. 6:** All contracts, agreements, invoices, receipts, and other documents related to business transactions conducted by Plaintiff from 2020 to present.

**REQUEST FOR PRODUCTION NO. 7**: Documents sufficient to show the structure, formation, and governance of the Plaintiff, including but not limited to:

a. Articles of incorporation or organization, charters, bylaws, partnership agreements, shareholder agreements, or other documents evidencing the existence of the entity.

b. Any organizational charts, diagrams, or other records depicting the Plaintiff's relationship to any affiliated entities, related parties, or Beneficiaries.

**REQUEST FOR PRODUCTION NO. 8:** All documents, records, materials, and communications related to Plaintiff's compliance with the federal and Illinois state requirements for owners/operators of trucking/transport, including but not limited to:

a) Documents related to the Plaintiff's U.S. Department of Transportation Number.
b) Documents related to the Plaintiff's Motor Carrier Number.
c) Documents related to the Plaintiff's Cargo Insurance.
d) Documents related to the Plaintiff's International Fuel Tax Agreement filings.
e) Documents related to the Plaintiff's International Fuel Tax Agreement filings.
f) Documents related to the Plaintiff's DOT Medical Card or Medical Examiner's Certificate
g) Documents related to the Plaintiff's Logbook Activities
h) Documents related to the Plaintiff's Commercial Driver's Licence

**REQUEST FOR PRODUCTION NO. 9:** Documents sufficient to show any debts and liabilities the Plaintiff owed or incurred during the relevant time period, including:

a) Documents identifying the name, address, and telephone number of each creditor.
b) Records of the amount owed.
c) Documents showing when the debt was incurred and for what reason.
d) Records showing whether all or any portion of the debt is paid and, if so, the amount of payment.
e) Records showing when all or any portion was paid.
f) Documents identifying whether the debt is secured and, if so, how it is secured.
g) Records reflecting any remaining balance on such debts.
h) All contracts, bills, invoices, statements, agreements, mortgages, loan agreements, and all correspondence or other records memorializing communications relating to each such debt.

**REQUEST FOR PRODUCTION NO. 10:** Documents sufficient to show the capitalization and funding of the Plaintiff from its inception to the present, including but not limited to:

a. Records of any initial contributions to the Plaintiff, including the source, amount, and date of such contributions.

b. Documents reflecting any subsequent contributions, transfers, or deposits to the Plaintiff from any person or entity.

c. Wire transfer records, deposit slips, or other banking records showing funds transferred to or deposited in any account of the Plaintiff.

d. Records identifying the source and nature of each payment to the Plaintiff and/or deposits into the Plaintiff's Accounts.

e. Any correspondence, memoranda, or agreements describing the purpose or use of such funds.

**REQUEST FOR PRODUCTION NO. 11:** All documents, records, materials, and communications related to Plaintiff's ownership and use of any vehicles used in connection with its business, including but not limited to:

a) Documents related to purchase of all vehicles owned by the Plaintiff.

b) Documents related to insurance coverage for all vehicles owned by the Plaintiff.

c) Documents related to any taxes or registration fees related the vehicles owned by the Plaintiff.

**REQUEST FOR PRODUCTION NO. 12:** All documents reflecting communications between Plaintiff and any third parties regarding their BMO banking relationships, credit facilities, or account closures.

**REQUEST FOR PRODUCTION NO. 13:** All documents reflecting Plaintiff's knowledge of or involvement in any investigations of Eastern European individuals or businesses for fraudulent activities.

**REQUEST FOR PRODUCTION NO. 14**: All marketing materials or solicitations received from BMO regarding credit products prior to applying for the Line of Credit.

**REQUEST FOR PRODUCTION NO. 15**: All documents, records, and materials reviewed, referenced, consulted, or relied upon by you, or by anyone acting on your behalf, in preparing your responses to the Interrogatories served in this matter, to the extent such documents have not been produced in response to the preceding Requests for Production.

Respectfully Submitted,

BMO Bank N.A.

/s/ *Jeffrey Jamison*
One of Its Attorneys

Jeffrey Jamison
BMO Bank N.A.
320 S. Canal Street, 7th Floor
Chicago, IL 60606
(312) 461-4694
Jeffrey.Jamison@bmo.com

Attorney for Defendant
BMO Bank N.A.

# EXHIBIT A

BMO HARRIS BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO Harris Bank

AL0099002900000000 Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 05/12/22 |
| Closing Date | 05/12/22 |
| Days In Billing Cycle | 21 |

+ 0645530 000001100 09HBS2 0910401 P7
BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK, IL 60462-5824

*O083K2*

## Business Line of Credit

### Important Messages

This is notification that your payment is coming due according to the terms specified below.

### VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 04/22 | **5.15** | **0.0001431** | 250.00 | 05/05 | **5.65** | **0.0001569** | 250.00 |
| 05/09 | **5.65** | **0.0001569** | 73,000.00 | | | | |

### ACCOUNT ACTIVITY

| Date | Description | Principal | (+) Finance Charge | (+) Other Charges | (=) Transaction Amount |
|---|---|---|---|---|---|
| 04/22/22 | Credit Line Funding | | | | 100,000.00 |
| 04/22/22 | Balance Advance | -250.00 | | | -250.00 |
| 04/22/22 | Payment - Thank You | | | 250.00 | 250.00 |
| 04/22/22 | Misc Fees | | | -250.00 | -250.00 |
| 05/09/22 | Pc Advance | -73,000.00 | | | -73,000.00 |
| 05/09/22 | Pc Payment | 250.00 | | | 250.00 |

### ACCOUNT SUMMARY

**Balance Summary**

| | |
|---|---|
| Credit Limit | $100,000.00 |
| Available Credit: | $27,000.00 |
| Previous Principal Balance: | $0.00 |
| New Principal Balance: | $73,000.00 |

**Payment Summary**

| | |
|---|---|
| **Finance Charge DPR:** | **$149.56** |
| Principal Due: | $0.00 |
| Amount Past Due: | $0.00 |
| Total Late Charges: | $0.00 |
| Total Other Charges: | $0.00 |

| Total Payment Due |
|---|
| $149.56 |

| Payment Due Date |
|---|
| 05/22/22 |

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

x

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
15800 Orlan Brook Dr Apt 2b
Orland Park, IL 60462-5824

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | 05/22/22 | $149.56 |

**BUSINESS LOAN PAYMENT COUPON**

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

BMO HARRIS BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290

**Amount Enclosed $** ____________



102950000000000000208926300000149560000000000

**Important Information:**

**A. BILLING RIGHTS SUMMARY FOR CREDIT CARD PURCHASES**

If you think your statement contains an error involving a transaction for credit card purchases with the BMO Harris Business Access Card, or if you need more information about a BMO Harris Business Access Card transaction, you may call us at 1-888-340-2265 or write on a separate sheet to us at: BMO Harris Bank P.O. Box 94019, Palatine, IL 60094-4019 as soon as possible.

We must hear from you no later than 60 days after we sent you the first statement on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, provide the following information:

1. Your name and account number
2. The dollar amount of the suspected error
3. Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the amounts on your statement that are not in question. While we investigate the disputed items we will not report your account as delinquent or take any action to collect on the disputed amount.

**B. SPECIAL RULES FOR CREDIT CARD PURCHASES**

If you have a problem with the quality of goods or services that you purchased with a credit card, and you have tried in good faith to correct the problem with the merchant, you may not have to pay the remaining amount due on the goods or services.

You have this protection only when the purchase price was more than $50 and the purchase was made in your home state or within 100 miles of your mailing address. (If BMO Harris owns or operates the merchant, or if we mailed the advertisement for the property or services in question, all purchases are covered regardless of amount or location of purchase.)

**C. BANKRUPTCY DISCLOSURE**

If you are currently in a bankruptcy proceeding or have previously obtained a discharge of this, or if you have received a discharge of this obligation in a prior bankruptcy proceeding, this letter should not be construed as an attempt to collect a debt and this letter is for notice and informational purposes only. You are not obligated to discuss your home loan with us or enter into a loan modification or other loan assistance program. You should consult with your attorney or other advisor about your legal rights and options. In addition, if you are currently in a bankruptcy proceeding, approval of any program for which you may be eligible may be contingent on approval by the bankruptcy court and/or trustee in your case. If your debts were discharged in a prior bankruptcy proceeding, your obligation on the underlying Note may have been extinguished. BMO Harris Bank, however, maintains valid lien rights in the collateral post-discharge which may be enforced as to the property.

**D. CREDIT INFORMATION**

We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

**E. DO NOT MAIL CASH**

Check or money order should be payable to BMO Harris Bank N.A. Payments with coupons should be mailed to BMO Harris Bank N.A., P.O. Box 6201, Carol Stream, IL 60197-6201. Payments received at any location other than P.O. Box 6201 may not be immediately processed or credited.



Banking products and services are subject to bank and credit approval. BMO Harris Bank N.A. Member FDIC.
© 2018 BMO Harris Bank N.A. 10/18

BMO HARRIS BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO Harris Bank

AL0099002900000000 Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 06/12/22 |
| Closing Date | 06/12/22 |
| Days In Billing Cycle | 30 |

+ 0653126 000002932 09HBS2 0910401 P7
BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK, IL 60462-5824

*O08282*

## Business Line of Credit

### Important Messages

This is notification that your payment is coming due according to the terms specified below.

### VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 05/13 | 5.65 | 0.0001569 | 73,000.00 | | | | |

### ACCOUNT ACTIVITY

| Date | Description | Principal | (+) Finance Charge | (+) Other Charges | (=) Transaction Amount |
|---|---|---|---|---|---|
| 05/22/22 | Payment - Thank You | | 149.56 | | 149.56 |

### ACCOUNT SUMMARY

| Balance Summary | |
|---|---|
| Credit Limit | $100,000.00 |
| Available Credit: | $27,000.00 |
| Previous Principal Balance: | $73,000.00 |
| New Principal Balance: | $73,000.00 |

| Payment Summary | |
|---|---|
| Finance Charge DPR: | $355.16 |
| Principal Due: | $0.00 |
| Amount Past Due: | $0.00 |
| Total Late Charges: | $0.00 |
| Total Other Charges: | $0.00 |

| Total Payment Due |
|---|
| $355.16 |
| Payment Due Date |
| 06/22/22 |

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

x

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
15800 Orlan Brook Dr Apt 2b
Orland Park, IL 60462-5824

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | 06/22/22 | $355.16 |

**BUSINESS LOAN PAYMENT COUPON**

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

BMO HARRIS BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290

**Amount Enclosed $** ____________



10295000000000000000208926500000355160000000008

BMO HARRIS BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO Harris Bank

AL0099002900000000 Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 07/12/22 |
| Closing Date | 07/12/22 |
| Days In Billing Cycle | 30 |

+ 0660999 000001074 09HBS2 0910401 P7
BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK, IL 60462-5824

*O08582*

## Business Line of Credit

### Important Messages

This is notification that your payment is coming due according to the terms specified below.

### VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 06/13 | 5.65 | 0.0001569 | 73,000.00 | 06/14 | 5.65 | 0.0001569 | 72,855.16 |
| 06/16 | 6.40 | 0.0001778 | 72,855.16 | 06/29 | 6.40 | 0.0001778 | 71,855.16 |

### ACCOUNT ACTIVITY

| Date | Description | Principal | (+) Finance Charge | (+) Other Charges | (=) Transaction Amount |
|---|---|---|---|---|---|
| 06/14/22 | Pc Payment | 144.84 | 355.16 | | 500.00 |
| 06/29/22 | Pc Payment | 1,000.00 | | | 1,000.00 |

### ACCOUNT SUMMARY

| Balance Summary | |
|---|---|
| Credit Limit | $100,000.00 |
| Available Credit: | $28,144.84 |
| Previous Principal Balance: | $73,000.00 |
| New Principal Balance: | $71,855.16 |

| Payment Summary | |
|---|---|
| Finance Charge DPR: | $393.40 |
| Principal Due: | $0.00 |
| Amount Past Due: | $0.00 |
| Total Late Charges: | $0.00 |
| Total Other Charges: | $0.00 |

| Total Payment Due | Payment Due Date |
|---|---|
| $393.40 | 07/22/22 |

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

x

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
15800 Orlan Brook Dr Apt 2b
Orland Park, IL 60462-5824

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | 07/22/22 | $393.40 |

**BUSINESS LOAN PAYMENT COUPON**

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

**Amount Enclosed $** ____________

BMO HARRIS BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290

BMO000024

102950000000000000208926300000393400000000002

BMO HARRIS BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO Harris Bank

AL0099002900000000 Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 08/12/22 |
| Closing Date | 08/12/22 |
| Days In Billing Cycle | 30 |

+ 0674159 000002837 09HBS2 0910401 P7
BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK, IL 60462-5824

*0081C2*

## Business Line of Credit

**Important Messages**

This is notification that your payment is coming due according to the terms specified below.

### VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 07/13 | 6.40 | 0.0001778 | 71,855.16 | 07/18 | 6.40 | 0.0001778 | 71,248.56 |
| 07/28 | 7.15 | 0.0001986 | 71,248.56 | | | | |

### ACCOUNT ACTIVITY

| Date | Description | Principal | (+) Finance Charge | (+) Other Charges | (=) Transaction Amount |
|---|---|---|---|---|---|
| 07/18/22 | Pc Payment | 606.60 | 393.40 | | 1,000.00 |

### ACCOUNT SUMMARY

**Balance Summary**

| | |
|---|---|
| Credit Limit | $100,000.00 |
| Available Credit: | $28,751.44 |
| Previous Principal Balance: | $71,855.16 |
| New Principal Balance: | $71,248.56 |

**Payment Summary**

| | |
|---|---|
| **Finance Charge DPR:** | **$429.34** |
| Principal Due: | $0.00 |
| Amount Past Due: | $0.00 |
| Total Late Charges: | $0.00 |
| Total Other Charges: | $0.00 |

| Total Payment Due |
|---|
| $429.34 |

| Payment Due Date |
|---|
| 08/22/22 |

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
15800 Orlan Brook Dr Apt 2b
Orland Park, IL 60462-5824

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | 08/22/22 | $429.34 |

## BUSINESS LOAN PAYMENT COUPON

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

**Amount Enclosed $** ____________

BMO HARRIS BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290

BMO000025

10295000000000000000208926500000429340000000008

BMO HARRIS BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO Harris Bank

AL0099002900000000 Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 09/12/22 |
| Closing Date | 09/12/22 |
| Days In Billing Cycle | 30 |

+ 0681690 000001132 09HBS2 0910401 P7
BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK, IL 60462-5824

*0087C0*

Business Line of Credit

**Important Messages**

This is notification that your payment is coming due according to the terms specified below.

VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 08/13 | 7.15 | 0.0001986 | 71,248.56 | 08/22 | 7.15 | 0.0001986 | 69,748.56 |

ACCOUNT ACTIVITY

| Date | Description | Principal | (+) Finance Charge | (+) Other Charges | (=) Transaction Amount |
|---|---|---|---|---|---|
| 08/22/22 | Pc Payment | 1,070.66 | 429.34 | | 1,500.00 |
| 08/22/22 | Payment - Thank You | 429.34 | | | 429.34 |

ACCOUNT SUMMARY

**Balance Summary**

| | |
|---|---|
| Credit Limit | $100,000.00 |
| Available Credit: | $30,251.44 |
| Previous Principal Balance: | $71,248.56 |
| New Principal Balance: | $69,748.56 |

**Payment Summary**

| | |
|---|---|
| **Finance Charge DPR:** | **$429.43** |
| Principal Due: | $0.00 |
| Amount Past Due: | $0.00 |
| Total Late Charges: | $0.00 |
| Total Other Charges: | $0.00 |

| Total Payment Due |
|---|
| $429.43 |

| Payment Due Date |
|---|
| 09/22/22 |

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

x

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
15800 Orlan Brook Dr Apt 2b
Orland Park, IL 60462-5824

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | 09/22/22 | $429.43 |

**BUSINESS LOAN PAYMENT COUPON**

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

**Amount Enclosed $** ____________

BMO HARRIS BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290



10295000000000000002089265000004294300000000007

BMO HARRIS BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO Harris Bank

AL0099002900000000 Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 10/12/22 |
| Closing Date | 10/12/22 |
| Days In Billing Cycle | 30 |

+ 0689424 000001100 09HBS2 0910401 P7
BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK, IL 60462-5824

*0083K2*

## Business Line of Credit

### Important Messages

This is notification that your payment is coming due according to the terms specified below.

### VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 09/13 | 7.15 | 0.0001986 | 69,748.56 | 10/03 | 7.15 | 0.0001986 | 67,748.56 |
| 09/22 | 7.90 | 0.0002194 | 67,748.56 | | | | |

### ACCOUNT ACTIVITY

| Date | Description | Principal | (+) Finance Charge | (+) Other Charges | (=) Transaction Amount |
|---|---|---|---|---|---|
| 09/22/22 | Payment - Thank You | | 429.43 | | 429.43 |
| 10/03/22 | Pc Payment | 2,000.00 | | | 2,000.00 |

### ACCOUNT SUMMARY

| Balance Summary | |
|---|---|
| Credit Limit | $100,000.00 |
| Available Credit: | $32,251.44 |
| Previous Principal Balance: | $69,748.56 |
| New Principal Balance: | $67,748.56 |

| Payment Summary | |
|---|---|
| **Finance Charge DPR:** | **$450.84** |
| Principal Due: | $0.00 |
| Amount Past Due: | $0.00 |
| Total Late Charges: | $0.00 |
| Total Other Charges: | $0.00 |

| Total Payment Due |
|---|
| $450.84 |

| Payment Due Date |
|---|
| 10/22/22 |

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

x

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
15800 Orlan Brook Dr Apt 2b
Orland Park, IL 60462-5824

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | 10/22/22 | $450.84 |

**BUSINESS LOAN PAYMENT COUPON**

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

**Amount Enclosed $ ____________**

BMO HARRIS BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290

BMO000027

10295000000000000000208926500000450840000000009

BMO HARRIS BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO Harris Bank

AL0099002900000000 Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 11/12/22 |
| Closing Date | 11/12/22 |
| Days In Billing Cycle | 30 |

+ 0697275 000003945 09HBS2 0910401 P7
BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK, IL 60462-5824

## Business Line of Credit

### Important Messages

This is notification that your payment is coming due according to the terms specified below.

### VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 10/13 | 7.90 | 0.0002194 | 67,748.56 | 10/24 | 7.90 | 0.0002194 | 66,448.56 |
| 11/03 | 8.65 | 0.0002403 | 66,448.56 | | | | |

### ACCOUNT ACTIVITY

| Date | Description | Principal | (+) Finance Charge | (+) Other Charges | (=) Transaction Amount |
|---|---|---|---|---|---|
| 10/22/22 | Payment - Thank You | | 450.84 | | 450.84 |
| 10/24/22 | Pc Payment | 1,300.00 | | | 1,300.00 |

### ACCOUNT SUMMARY

**Balance Summary**

| | |
|---|---|
| Credit Limit | $100,000.00 |
| Available Credit: | $33,551.44 |
| Previous Principal Balance: | $67,748.56 |
| New Principal Balance: | $66,448.56 |

**Payment Summary**

| | |
|---|---|
| **Finance Charge DPR:** | **$478.91** |
| Principal Due: | $0.00 |
| Amount Past Due: | $0.00 |
| Total Late Charges: | $0.00 |
| Total Other Charges: | $0.00 |

| | |
|---|---|
| Total Payment Due | $478.91 |
| Payment Due Date | 11/22/22 |

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

x

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
15800 Orlan Brook Dr Apt 2b
Orland Park, IL 60462-5824

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | 11/22/22 | $478.91 |

**BUSINESS LOAN PAYMENT COUPON**

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

**Amount Enclosed $ ____________**

BMO HARRIS BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290



102950000000000000[redacted]926500000478910000000008

BMO HARRIS BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO Harris Bank

AL0099002900000000 Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 01/12/23 |
| Closing Date | 01/12/23 |
| Days In Billing Cycle | 30 |

+ 0713997 000001065 09HBS2 0910401 P7
BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK, IL 60462-5824

## Business Line of Credit

### Important Messages

Your account is now past due. If you have already mailed in your minimum payment, thank you. If you have not made your minimum payment yet, please do so now.

### VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 12/13 | 8.65 | 0.0002403 | 66,348.56 | 12/15 | 9.15 | 0.0002542 | 66,348.56 |

### ACCOUNT ACTIVITY

| Date | Description | Principal | (+) Finance Charge | (+) Other Charges | (=) Transaction Amount |
|---|---|---|---|---|---|
| 01/03/23 | Late Charge | | | -25.00 | -25.00 |

### ACCOUNT SUMMARY

**Balance Summary**

| | |
|---|---|
| Credit Limit | $100,000.00 |
| Available Credit: | $33,651.44 |
| Previous Principal Balance: | $66,348.56 |
| New Principal Balance: | $66,348.56 |

**Payment Summary**

| | |
|---|---|
| **Finance Charge DPR:** | **$529.22** |
| Principal Due: | $0.00 |
| Amount Past Due: | $478.58 |
| Total Late Charges: | $25.00 |
| Total Other Charges: | $0.00 |

| | |
|---|---|
| Total Payment Due | $1,032.80 |
| Payment Due Date | 01/22/23 |

**THE TOTAL INTEREST PAID IN 2022 WAS $2,686.64**

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

x

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
15800 Orlan Brook Dr Apt 2b
Orland Park, IL 60462-5824

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | 01/22/23 | $1,032.80 |

**BUSINESS LOAN PAYMENT COUPON**

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

**Amount Enclosed $** ____________

BMO HARRIS BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290



10295000000000000000208926500001032800000478584

BMO HARRIS BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO Harris Bank

AL0099002900000000

Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 02/12/23 |
| Closing Date | 02/12/23 |
| Days In Billing Cycle | 30 |

+ 0726200 000002929 09HBS2 0910401 P7
BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK, IL 60462-5824

*0087G2*

## Business Line of Credit

### Important Messages

This is notification that your payment is coming due according to the terms specified below.

### VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 01/13 | 9.15 | 0.0002542 | 66,348.56 | 02/02 | 9.40 | 0.0002611 | 66,348.56 |

### ACCOUNT ACTIVITY

| Date | Description | Principal | (+) Finance Charge | (+) Other Charges | (=) Transaction Amount |
|---|---|---|---|---|---|
| 02/01/23 | Payment - Thank You | | 554.22 | | 554.22 |
| 02/01/23 | Late Charge | | | -26.46 | -26.46 |
| 02/08/23 | Regular Payment | | 453.58 | | 453.58 |

### ACCOUNT SUMMARY

**Balance Summary**

| | |
|---|---|
| Credit Limit | $100,000.00 |
| Available Credit: | $33,651.44 |
| Previous Principal Balance: | $66,348.56 |
| New Principal Balance: | $66,348.56 |

**Payment Summary**

| | |
|---|---|
| **Finance Charge DPR:** | **$531.98** |
| Principal Due: | $0.00 |
| Amount Past Due: | $0.00 |
| Total Late Charges: | $51.46 |
| Total Other Charges: | $0.00 |

| | |
|---|---|
| Total Payment Due | $583.44 |
| Payment Due Date | 02/22/23 |

**THE TOTAL INTEREST PAID IN 2022 WAS $2,686.64**

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

x

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
15800 Orlan Brook Dr Apt 2b
Orland Park, IL 60462-5824

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | 02/22/23 | $583.44 |

**BUSINESS LOAN PAYMENT COUPON**

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

**Amount Enclosed $ ____________**

BMO HARRIS BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290

BMO000030

1029500000000000[redacted]08926500000583440000000008

BMO HARRIS BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO Harris Bank

AL0099002900000000 Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 03/12/23 |
| Closing Date | 03/12/23 |
| Days In Billing Cycle | 30 |

+ 0734139 000002935 09HBS2 0910401 P7
BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK, IL 60462-5824

*009002*

## Business Line of Credit

### Important Messages

This is notification that your payment is coming due according to the terms specified below.

### VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 02/13 | 9.40 | 0.0002611 | 66,318.56 | 02/27 | 9.40 | 0.0002611 | 88,598.56 |

### ACCOUNT ACTIVITY

| Date | Description | Principal | (+) Finance Charge | (+) Other Charges | (=) Transaction Amount |
|---|---|---|---|---|---|
| 02/22/23 | Payment - Thank You | | 531.98 | 51.46 | 583.44 |
| 02/27/23 | Balance Advance | -22,250.00 | | | -22,250.00 |

### ACCOUNT SUMMARY

| Balance Summary | |
|---|---|
| Credit Limit | $100,000.00 |
| Available Credit: | $11,401.44 |
| Previous Principal Balance: | $66,348.56 |
| New Principal Balance: | $88,598.56 |

| Payment Summary | |
|---|---|
| **Finance Charge DPR:** | **$618.71** |
| Principal Due: | $0.00 |
| Amount Past Due: | $0.00 |
| Total Late Charges: | $0.00 |
| Total Other Charges: | $0.00 |

| Total Payment Due | Payment Due Date |
|---|---|
| $618.71 | 03/22/23 |

**THE TOTAL INTEREST PAID IN 2022 WAS $2,686.64**

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

x

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
15800 Orlan Brook Dr Apt 2b
Orland Park, IL 60462-5824

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | 03/22/23 | $618.71 |

**BUSINESS LOAN PAYMENT COUPON**

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

**Amount Enclosed $ ____________**

BMO HARRIS BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290



102950000000000000[redacted]9265000006187100000000003

BMO HARRIS BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO Harris Bank

AL0099002900000000 Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 04/12/23 |
| Closing Date | 04/12/23 |
| Days In Billing Cycle | 30 |

+ 0743615 000001040 09HBS2 0910401 P7
BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK, IL 60462-5824

## Business Line of Credit

### Important Messages

This is notification that your payment is coming due according to the terms specified below.

### VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 03/13 | **9.40** | **0.0002611** | 88,598.56 | 03/23 | **9.65** | **0.0002681** | 88,598.56 |

### ACCOUNT ACTIVITY

| Date | Description | Principal | (+) Finance Charge | (+) Other Charges | (=) Transaction Amount |
|---|---|---|---|---|---|
| 03/22/23 | Payment - Thank You | | 618.71 | | 618.71 |

### ACCOUNT SUMMARY

**Balance Summary**

| | |
|---|---|
| Credit Limit | $100,000.00 |
| Available Credit: | $11,401.44 |
| Previous Principal Balance: | $88,598.56 |
| New Principal Balance: | $88,598.56 |

**Payment Summary**

| | |
|---|---|
| **Finance Charge DPR:** | **$735.61** |
| Principal Due: | $0.00 |
| Amount Past Due: | $0.00 |
| Total Late Charges: | $0.00 |
| Total Other Charges: | $0.00 |

| | |
|---|---|
| Total Payment Due | $735.61 |
| Payment Due Date | 04/22/23 |

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

x

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
15800 Orlan Brook Dr Apt 2b
Orland Park, IL 60462-5824

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | **04/22/23** | **$735.61** |

**BUSINESS LOAN PAYMENT COUPON**

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

**Amount Enclosed $** ______________

BMO HARRIS BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290



10295000000000000[redacted]08926500000735610000000003

BMO HARRIS BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO Harris Bank

AL0099002900000000 Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 05/12/23 |
| Closing Date | 05/12/23 |
| Days In Billing Cycle | 30 |

+ 0756084 000002786 09HBS2 0910401 P7
BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK, IL 60462-5824

*009283*

## Business Line of Credit

### Important Messages

This is notification that your payment is coming due according to the terms specified below.

### VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 04/13 | 9.65 | 0.0002681 | 88,598.56 | 05/01 | 9.90 | 0.0002750 | 88,598.56 |

### ACCOUNT ACTIVITY

| Date | Description | Principal | (+) Finance Charge | (+) Other Charges | (=) Transaction Amount |
|---|---|---|---|---|---|
| 04/22/23 | Payment - Thank You | | 735.61 | | 735.61 |

### ACCOUNT SUMMARY

| Balance Summary | |
|---|---|
| Credit Limit | $100,000.00 |
| Available Credit: | $11,401.44 |
| Previous Principal Balance: | $88,598.56 |
| New Principal Balance: | $88,598.56 |

| Payment Summary | |
|---|---|
| **Finance Charge DPR:** | **$723.56** |
| Principal Due: | $0.00 |
| Amount Past Due: | $0.00 |
| Total Late Charges: | $0.00 |
| Total Other Charges: | $0.00 |

| Total Payment Due |
|---|
| $723.56 |

| Payment Due Date |
|---|
| 05/22/23 |

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

x

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
15800 Orlan Brook Dr Apt 2b
Orland Park, IL 60462-5824

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | 05/22/23 | $723.56 |

**BUSINESS LOAN PAYMENT COUPON**

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

**Amount Enclosed $** ____________

BMO HARRIS BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290

BMO000033

10295000000000000000[redacted]926500000723560000000004

BMO HARRIS BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO Harris Bank

AL0099002900000000 Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 06/12/23 |
| Closing Date | 06/12/23 |
| Days In Billing Cycle | 30 |

+ 0764390 000001009 09HBS2 0910401 P7
BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK, IL 60462-5824

## Business Line of Credit

### Important Messages

This is notification that your payment is coming due according to the terms specified below.

### VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 05/13 | 9.90 | 0.0002750 | 88,598.56 | | | | |

### ACCOUNT ACTIVITY

| Date | Description | Principal | (+) | Finance Charge | (+) | Other Charges | (=) | Transaction Amount |
|---|---|---|---|---|---|---|---|---|
| 05/22/23 | Payment - Thank You | | | 723.56 | | | | 723.56 |

### ACCOUNT SUMMARY

**Balance Summary**

| | |
|---|---|
| Credit Limit: | $100,000.00 |
| Available Credit: | $11,401.44 |
| Previous Principal Balance: | $88,598.56 |
| New Principal Balance: | $88,598.56 |

**Payment Summary**

| | |
|---|---|
| **Finance Charge DPR:** | **$755.30** |
| Principal Due: | $0.00 |
| Amount Past Due: | $0.00 |
| Total Late Charges: | $0.00 |
| Total Other Charges: | $0.00 |

| | |
|---|---|
| Total Payment Due | $755.30 |
| Payment Due Date | 06/22/23 |

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

x

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
15800 Orlan Brook Dr Apt 2b
Orland Park, IL 60462-5824

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | 06/22/23 | $755.30 |

**BUSINESS LOAN PAYMENT COUPON**

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

**Amount Enclosed $** ____________

BMO HARRIS BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290



102950000000000000[redacted]9265000007553000000000006

BMO HARRIS BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO Harris Bank

AL0099002900000000 Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 07/12/23 |
| Closing Date | 07/12/23 |
| Days In Billing Cycle | 30 |

+ 0772950 000001000 09HBS2 0910401 P7
BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK, IL 60462-5824

Business Line of Credit

**Important Messages**

This is notification that your payment is coming due according to the terms specified below.

VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 06/13 | 9.90 | 0.0002750 | 88,598.56 | | | | |

ACCOUNT ACTIVITY

| Date | Description | Principal | (+) Finance Charge | (+) Other Charges | (=) Transaction Amount |
|---|---|---|---|---|---|
| 06/22/23 | Payment - Thank You | | 755.30 | | 755.30 |

ACCOUNT SUMMARY

**Balance Summary**

| | |
|---|---|
| Credit Limit: | $100,000.00 |
| Available Credit: | $11,401.44 |
| Previous Principal Balance: | $88,598.56 |
| New Principal Balance: | $88,598.56 |

**Payment Summary**

| | |
|---|---|
| **Finance Charge DPR:** | **$730.94** |
| Principal Due: | $0.00 |
| Amount Past Due: | $0.00 |
| Total Late Charges: | $0.00 |
| Total Other Charges: | $0.00 |

| |
|---|
| Total Payment Due |
| $730.94 |
| Payment Due Date |
| 07/22/23 |

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

x

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
15800 Orlan Brook Dr Apt 2b
Orland Park, IL 60462-5824

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | 07/22/23 | $730.94 |

**BUSINESS LOAN PAYMENT COUPON**

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

**Amount Enclosed $** ____________

BMO HARRIS BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290



10295000000000000[redacted]089265000007309400000000009

BMO HARRIS BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO

AL0099002900000000 Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 08/12/23 |
| Closing Date | 08/12/23 |
| Days In Billing Cycle | 30 |

+ 0784769 000000605 09HBS2 0910401 P7
BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK, IL 60462-5824

*008252*

## Business Line of Credit

### Important Messages

This is notification that your payment is coming due according to the terms specified below.

### VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 07/13 | 9.90 | 0.0002750 | 88,598.56 | 07/27 | 10.15 | 0.0002819 | 88,598.56 |

### ACCOUNT ACTIVITY

| Date | Description | Principal | (+) Finance Charge | (+) Other Charges | (=) Transaction Amount |
|---|---|---|---|---|---|
| 07/22/23 | Payment - Thank You | | 730.94 | | 730.94 |

### ACCOUNT SUMMARY

**Balance Summary**

| | |
|---|---|
| Credit Limit: | $100,000.00 |
| Available Credit: | $11,401.44 |
| Previous Principal Balance: | $88,598.56 |
| New Principal Balance: | $88,598.56 |

**Payment Summary**

| | |
|---|---|
| **Finance Charge DPR:** | **$771.30** |
| Principal Due: | $0.00 |
| Amount Past Due: | $0.00 |
| Total Late Charges: | $0.00 |
| Total Other Charges: | $0.00 |

| Total Payment Due |
|---|
| $771.30 |

| Payment Due Date |
|---|
| 08/22/23 |

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

x

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
15800 Orlan Brook Dr Apt 2b
Orland Park, IL 60462-5824

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | 08/22/23 | $771.30 |

## BUSINESS LOAN PAYMENT COUPON

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

**Amount Enclosed $** ____________

BMO HARRIS BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290



10295000000000000[redacted]0892650000077130000000000006

BMO BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO

AL0099002900000000 Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 09/12/23 |
| Closing Date | 09/12/23 |
| Days In Billing Cycle | 30 |

+ 0791447 000007210 09HBS2 0910401 P3 P7
BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK, IL 60462-5824

## Business Line of Credit

### Important Messages

This is notification that your payment is coming due according to the terms specified below.

### VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 08/13 | 10.15 | 0.0002819 | 88,598.56 | | | | |

### ACCOUNT ACTIVITY

| Date | Description | Principal | (+) Finance Charge | (+) Other Charges | (=) Transaction Amount |
|---|---|---|---|---|---|
| 08/16/23 | Decrease Line Amount | | | | -100,000.00 |
| 08/22/23 | Payment - Thank You | | 771.30 | | 771.30 |

### ACCOUNT SUMMARY

**Balance Summary**

| | |
|---|---|
| Credit Limit: | $0.00 |
| Available Credit: | $0.00 |
| Previous Principal Balance: | $88,598.56 |
| New Principal Balance: | $88,598.56 |

**Payment Summary**

| | |
|---|---|
| **Finance Charge DPR:** | **$774.37** |
| Principal Due: | $0.00 |
| Amount Past Due: | $0.00 |
| Total Late Charges: | $0.00 |
| Total Other Charges: | $0.00 |

| | |
|---|---|
| Total Payment Due | $774.37 |
| Payment Due Date | 09/22/23 |

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

x

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
15800 Orlan Brook Dr Apt 2b
Orland Park, IL 60462-5824

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | 09/22/23 | $774.37 |

## BUSINESS LOAN PAYMENT COUPON

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

BMO BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290

**Amount Enclosed $** ____________



10295000000000000000[redacted]9265000007743700000000006

BMO BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO

AL0099002900000000 Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 10/12/23 |
| Closing Date | 10/12/23 |
| Days In Billing Cycle | 30 |

+ 0798013 000007467 09HBS2 0910401 P3 P7
BANS INC
355 BLUFF AVE APT 3C
LA GRANGE, IL 60525-6804

## Business Line of Credit

**Important Messages**

This is notification that your payment is coming due according to the terms specified below.

## VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 09/13 | 10.15 | 0.0002819 | 88,598.56 | | | | |

## ACCOUNT ACTIVITY

| Date | Description | Principal | (+) | Finance Charge | (+) | Other Charges | (=) | Transaction Amount |
|---|---|---|---|---|---|---|---|---|
| 09/22/23 | Payment - Thank You | | | 774.37 | | | | 774.37 |

## ACCOUNT SUMMARY

**Balance Summary**

| | |
|---|---|
| Credit Limit: | $0.00 |
| Available Credit: | $0.00 |
| Previous Principal Balance: | $88,598.56 |
| New Principal Balance: | $88,598.56 |

**Payment Summary**

| | |
|---|---|
| **Finance Charge DPR:** | **$749.40** |
| Principal Due: | $0.00 |
| Amount Past Due: | $0.00 |
| Total Late Charges: | $0.00 |
| Total Other Charges: | $0.00 |

| Total Payment Due |
|---|
| $749.40 |

| Payment Due Date |
|---|
| 10/22/23 |

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

x

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
355 Bluff Ave Apt 3c
LA Grange, IL 60525-6804

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | 10/22/23 | $749.40 |

**BUSINESS LOAN PAYMENT COUPON**

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

**Amount Enclosed $ ____________**

BMO BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290



10295000000000000[redacted]0892650000074940000000003

BMO BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO

AL0099002900000000 Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 11/12/23 |
| Closing Date | 11/12/23 |
| Days In Billing Cycle | 30 |

+ 0805253 000021341 09HBS2 0910401 P3 P7
BANS INC
355 BLUFF AVE APT 3C
LA GRANGE, IL 60525-6804

Business Line of Credit

**Important Messages**

This is notification that your payment is coming due according to the terms specified below.

You can conveniently pay your bill online at bmo.com/expressloanpay

VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 10/13 | 10.15 | 0.0002819 | 88,598.56 | | | | |

ACCOUNT ACTIVITY

| Date | Description | Principal | (+) | Finance Charge | (+) | Other Charges | (=) | Transaction Amount |
|---|---|---|---|---|---|---|---|---|
| 10/18/23 | Payment - Thank You | | | 749.40 | | | | 749.40 |

ACCOUNT SUMMARY

**Balance Summary**

| | |
|---|---|
| Credit Limit: | $0.00 |
| Available Credit: | $0.00 |
| Previous Principal Balance: | $88,598.56 |
| New Principal Balance: | $88,598.56 |

**Payment Summary**

| | |
|---|---|
| **Finance Charge DPR:** | **$774.38** |
| Principal Due: | $0.00 |
| Amount Past Due: | $0.00 |
| Total Late Charges: | $0.00 |
| Total Other Charges: | $0.00 |

| Total Payment Due |
|---|
| $774.38 |

| Payment Due Date |
|---|
| 11/22/23 |

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

x

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
355 Bluff Ave Apt 3c
LA Grange, IL 60525-6804

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | 11/22/23 | $774.38 |

**BUSINESS LOAN PAYMENT COUPON**

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

**Amount Enclosed $ _____________**

BMO BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290



10295000000000000000[redacted]9265000007743800000000005

BMO BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO

AL0099002900000000 Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 12/12/23 |
| Closing Date | 12/12/23 |
| Days In Billing Cycle | 30 |

+ 0812728 000007260 09HBS2 0910401 P3 P7
BANS INC
355 BLUFF AVE APT 3C
LA GRANGE, IL 60525-6804

Business Line of Credit

**Important Messages**

This is notification that your payment is coming due according to the terms specified below.

You can conveniently pay your bill online at bmo.com/expressloanpay

VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 11/13 | 10.15 | 0.0002819 | 88,598.56 | | | | |

ACCOUNT ACTIVITY

| Date | Description | Principal | (+) Finance Charge | (+) Other Charges | (=) Transaction Amount |
|---|---|---|---|---|---|
| 11/20/23 | Payment - Thank You | | 774.38 | | 774.38 |

ACCOUNT SUMMARY

**Balance Summary**

| | |
|---|---|
| Credit Limit: | $0.00 |
| Available Credit: | $0.00 |
| Previous Principal Balance: | $88,598.56 |
| New Principal Balance: | $88,598.56 |

**Payment Summary**

| | |
|---|---|
| **Finance Charge DPR:** | **$749.39** |
| Principal Due: | $0.00 |
| Amount Past Due: | $0.00 |
| Total Late Charges: | $0.00 |
| Total Other Charges: | $0.00 |

| | |
|---|---|
| Total Payment Due | $749.39 |
| Payment Due Date | 12/22/23 |

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

x

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
355 Bluff Ave Apt 3c
LA Grange, IL 60525-6804

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | 12/22/23 | $749.39 |

**BUSINESS LOAN PAYMENT COUPON**

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

**Amount Enclosed $** ____________

BMO BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290



10295000000000000000[redacted]9265000007493900000000006

BMO BANK N.A.
P.O. BOX 6201
CAROL STREAM, IL 60197-6201

BMO

AL0099002900000000

Page 1

| | |
|---|---|
| Account | [redacted]9265 |
| Statement Date | 01/12/24 |
| Closing Date | 01/12/24 |
| Days In Billing Cycle | 30 |

+ 0819413 000028656 09HBS2 0910401 P3 P7
BANS INC
355 BLUFF AVE APT 3C
LA GRANGE, IL 60525-6804

## Business Line of Credit

### Important Messages

This is notification that your payment is coming due according to the terms specified below.

You can conveniently pay your bill online at bmo.com/expressloanpay

*048562*

### VARIABLE INTEREST RATE SUMMARY

| From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance | From Date | Annual Percentage Rate (APR) | Daily Periodic Rate | Principal Balance |
|---|---|---|---|---|---|---|---|
| 12/13 | 10.15 | 0.0002819 | 88,598.56 | 12/19 | 10.15 | 0.0002819 | 88,147.95 |

### ACCOUNT ACTIVITY

| Date | Description | Principal | (+) Finance Charge | (+) Other Charges | (=) Transaction Amount |
|---|---|---|---|---|---|
| 12/19/23 | Payment - Thank You | 450.61 | 749.39 | | 1,200.00 |

### ACCOUNT SUMMARY

**Balance Summary**

| | |
|---|---|
| Credit Limit: | $0.00 |
| Available Credit: | $0.00 |
| Previous Principal Balance: | $88,598.56 |
| New Principal Balance: | $88,147.95 |

**Payment Summary**

| | |
|---|---|
| **Finance Charge DPR:** | **$770.06** |
| Principal Due: | $0.00 |
| Amount Past Due: | $0.00 |
| Total Late Charges: | $0.00 |
| Total Other Charges: | $0.00 |

| Total Payment Due |
|---|
| $770.06 |

| Payment Due Date |
|---|
| 01/22/24 |

**THE TOTAL INTEREST PAID IN 2023 WAS $8,922.74**

****** Please call 1-888-489-2265 with any questions, including current balance or payoff information on your account. ******

x

(On the Payment Due Date, your account number ending in XXXXXX4132 will be charged for the Total Payment Due, less any Amounts Past Due. Use the coupon below to pay any Amounts Past Due or make additional payments.)

Bans Inc
355 Bluff Ave Apt 3c
LA Grange, IL 60525-6804

| Account Number | Payment Due Date | Minimum Payment Due |
|---|---|---|
| [redacted]9265 | 01/22/24 | $770.06 |

**BUSINESS LOAN PAYMENT COUPON**

Payments received at the mailing address shown on this payment coupon before 5 PM will be credited to your account on the date received. Payments received at any other location may experience a delay in processing.

**Amount Enclosed $ ____________**

BMO BANK N.A.
P.O. BOX 6290
CAROL STREAM, IL 60197-6290



102950000000000000[redacted]926500000770060000000007

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A. 188397
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
04/22/22 TO 04/30/22
01 04238 IM0099002900000000

BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK IL 60462

PAGE 1 OF 1

0

0000

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO HARRIS ACCOUNTS, PLEASE CALL US TOLL-FREE AT 1-888-340-2265. BMO HARRIS BANK N.A. MEMBER FDIC. EQUAL HOUSING LENDER. NMLS401052 VISIT US ONLINE AT WWW.BMOHARRIS.COM.

## CHECKING ACCOUNTS

**BMO PREMIUM BUSINESS CKG** **BANS INC**
**ACCOUNT NUMBER [redacted]4132 (Checking)**

DEPOSIT ACCOUNT SUMMARY

| | | |
|---|---|---|
| **Previous Balance as of April 22, 2022** | | **.00** |
| 1 Deposits | (Plus) | 5,000.00 |
| 4 Withdrawals | (Minus) | 141.00 |
| **Ending Balance as of April 30, 2022** | | **4,859.00** |

Deposits and Other Credits

| Date | Amount | Description |
|---|---|---|
| Apr 25 | 5,000.00 | TELLER DEPOSIT |

Withdrawals and Other Debits

| Date | Amount | Description | |
|---|---|---|---|
| Apr 28 | 12.07 | POS PURCHASE<br>STARBUCKS STORE 19634 | RECORD NO. 558063 CARD NO. 8433<br>COUNTRYSIDE IL |
| Apr 28 | 49.09 | POS PURCHASE W/PIN<br>COSTCO GAS 108 | RECORD NO. 513972 CARD NO. 8433<br>MELROSE PARK IL |
| Apr 28 | 34.34 | POS PURCHASE W/PIN<br>MARIANOS 4700 GILBERT | RECORD NO. 144604 CARD NO. 8433<br>WESTERN SPRIN IL |
| Apr 29 | 45.50 | POS PURCHASE<br>HOOTERS OF COUNTRYSIDE | RECORD NO. 804890 CARD NO. 8433<br>COUNTRYSIDE IL |

Daily Balance Summary

| Date | Balance | Date | Balance |
|---|---|---|---|
| Apr 22 | .00 | Apr 28 | 4,904.50 |
| Apr 25 | 5,000.00 | Apr 29 | 4,859.00 |

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A. 193988
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
05/01/22 TO 05/31/22
IM0099002900000000

01 04238

PAGE 1 OF 1

BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK IL 60462

0

0000

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO HARRIS ACCOUNTS, PLEASE CALL US TOLL-FREE AT 1-888-340-2265. BMO HARRIS BANK N.A. MEMBER FDIC. EQUAL HOUSING LENDER. NMLS401052 VISIT US ONLINE AT WWW.BMOHARRIS.COM.

## CHECKING ACCOUNTS

**BMO PREMIUM BUSINESS CKG** **BANS INC**
**ACCOUNT NUMBER [redacted]4132 (Checking)**

DEPOSIT ACCOUNT SUMMARY

| | | |
|---|---|---|
| **Previous Balance as of April 30, 2022** | | **4,859.00** |
| 2 Deposits | (Plus) | 73,001.82 |
| 6 Withdrawals | (Minus) | 73,609.08 |
| **Ending Balance as of May 31, 2022** | | **4,251.74** |

Deposits and Other Credits

| Date | Amount | Description | |
|---|---|---|---|
| May 02 | 1.82 | CARD CREDIT<br>RBT HOOTERS OF COUNTRY | RECORD NO. 239620 CARD NO. 8433<br>EASYSAVINGS NY |
| May 09 | 73,000.00 | CUST SRV PHONE TRAN CR | |

Withdrawals and Other Debits

| Date | Amount | Description | |
|---|---|---|---|
| May 02 | 80.00 | POS PURCHASE<br>MEDSTOP | RECORD NO. 183372 CARD NO. 8433<br>NILES IL |
| May 02 | 8.80 | POS PURCHASE W/PIN<br>MARIANOS 11000 S CICE | RECORD NO. 800115 CARD NO. 8433<br>OAK LAWN IL |
| May 02 | 120.72 | POS PURCHASE<br>TEXAS ROADHOUSE 2457 | RECORD NO. 414191 CARD NO. 8433<br>COUNTRYSIDE IL |
| May 09 | 250.00 | PC TRANSFER DEBIT | |
| May 09 | 73,000.00 | OUTGOING WIRE TRANSFER<br>FED WIRE TRANSFER DEBIT | <br>220509966301 |
| May 23 | 149.56 | AUTOMATIC DEBIT<br>TRANSFER FROM LOANS | <br>[redacted]29000000000000002089265 |

Daily Balance Summary

| Date | Balance | Date | Balance |
|---|---|---|---|
| Apr 30 | 4,859.00 | May 09 | 4,401.30 |
| May 02 | 4,651.30 | May 23 | 4,251.74 |

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A. 113519
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
06/01/22 TO 06/30/22
IM0099002900000000

01 04238

PAGE 1 OF 1

BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK IL 60462

0

0000

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO HARRIS ACCOUNTS, PLEASE CALL US TOLL-FREE AT 1-888-340-2265. BMO HARRIS BANK N.A. MEMBER FDIC. EQUAL HOUSING LENDER. NMLS401052 VISIT US ONLINE AT WWW.BMOHARRIS.COM.

## CHECKING ACCOUNTS

**BMO PREMIUM BUSINESS CKG** **BANS INC**
**ACCOUNT NUMBER [redacted]4132 (Checking)**

DEPOSIT ACCOUNT SUMMARY

| | | |
|---|---|---|
| **Previous Balance as of May** | **31, 2022** | **4,251.74** |
| 1 Deposits | (Plus) | 2,430.99 |
| 2 Withdrawals | (Minus) | 1,500.00 |
| **Ending Balance as of June** | **30, 2022** | **5,182.73** |

Deposits and Other Credits

| Date | Amount | Description |
|---|---|---|
| Jun 06 | 2,430.99 | ONLINE DEPOSIT<br>MOBILE DEPOSIT - CREDIT |

Withdrawals and Other Debits

| Date | Amount | Description |
|---|---|---|
| Jun 14 | 500.00 | PC TRANSFER DEBIT |
| Jun 29 | 1,000.00 | PC TRANSFER DEBIT |

Daily Balance Summary

| Date | Balance | Date | Balance |
|---|---|---|---|
| May 31 | 4,251.74 | Jun 14 | 6,182.73 |
| Jun 06 | 6,682.73 | Jun 29 | 5,182.73 |

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A. 110535
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
07/01/22 TO 07/31/22
01 04238 IM0099002900000000

BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK IL 60462

PAGE 1 OF 1

0

0000

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO HARRIS ACCOUNTS, PLEASE CALL US TOLL-FREE AT 1-888-340-2265. BMO HARRIS BANK N.A. MEMBER FDIC. EQUAL HOUSING LENDER. NMLS401052 VISIT US ONLINE AT WWW.BMOHARRIS.COM.

## CHECKING ACCOUNTS

**BMO PREMIUM BUSINESS CKG** **BANS INC**
**ACCOUNT NUMBER [redacted]4132 (Checking)**

DEPOSIT ACCOUNT SUMMARY

| | | |
|---|---|---|
| **Previous Balance as of June 30, 2022** | | **5,182.73** |
| 2 Deposits | (Plus) | 3,060.82 |
| 1 Withdrawals | (Minus) | 1,000.00 |
| **Ending Balance as of July 31, 2022** | | **7,243.55** |

Deposits and Other Credits

| Date | Amount | Description |
|---|---|---|
| Jul 18 | 1,112.67 | ONLINE DEPOSIT<br>MOBILE DEPOSIT - CREDIT |
| Jul 18 | 1,948.15 | ONLINE DEPOSIT<br>MOBILE DEPOSIT - CREDIT |

Withdrawals and Other Debits

| Date | Amount | Description |
|---|---|---|
| Jul 18 | 1,000.00 | PC TRANSFER DEBIT |

Daily Balance Summary

| Date | Balance | Date | Balance |
|---|---|---|---|
| Jun 30 | 5,182.73 | Jul 18 | 7,243.55 |

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A. 124520
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
08/01/22 TO 08/31/22
IM0099002900000000

01 04238

PAGE 1 OF 1

BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK IL 60462

0

0000

IMPORTANT NOTICE FOR YOUR BMO HARRIS DEPOSIT ACCOUNT:

GOOD NEWS! EFFECTIVE 8/25/22 WE ELIMINATED THE $36 ITEM RETURNED FEE (NSF) AND LOWERED THE OVERDRAFT FEE FROM $36 TO $15. WE WILL CHARGE A MAXIMUM OF THREE (3) OVERDRAFT FEES PER BUSINESS DAY.

THE BMO HARRIS BANK BUSINESS SERVICE FEE SCHEDULE, DEPOSIT ACCOUNT AGREEMENT, AND OVERDRAFT FUNDING AGREEMENT FOR BUSINESS ACCOUNTS HAVE BEEN UPDATED ACCORDINGLY.

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO HARRIS ACCOUNTS, PLEASE CALL US TOLL-FREE AT 1-888-340-2265. BMO HARRIS BANK N.A. MEMBER FDIC EQUAL HOUSING LENDER. NMLS 401052 VISIT US ONLINE AT WWW.BMOHARRIS.COM.

## CHECKING ACCOUNTS

**BMO PREMIUM BUSINESS CKG** **BANS INC**
**ACCOUNT NUMBER [redacted]4132 (Checking)**

DEPOSIT ACCOUNT SUMMARY

| | | |
|---|---|---|
| **Previous Balance as of July 31, 2022** | | **7,243.55** |
| 2 Withdrawals | (Minus) | 1,929.34 |
| **Ending Balance as of August 31, 2022** | | **5,314.21** |

Withdrawals and Other Debits

| Date | Amount | Description | |
|---|---|---|---|
| Aug 22 | 429.34 | AUTOMATIC DEBIT<br>TRANSFER FROM LOANS | [redacted]29000000000000002089265 |
| Aug 22 | 1,500.00 | PC TRANSFER DEBIT | |

Daily Balance Summary

| Date | Balance | Date | Balance |
|---|---|---|---|
| Jul 31 | 7,243.55 | Aug 22 | 5,314.21 |

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A. 108209
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
09/01/22 TO 09/30/22
IM0099002900000000

01 04238

PAGE 1 OF 1

BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK IL 60462

0

0000

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO HARRIS ACCOUNTS, PLEASE CALL US TOLL-FREE AT 1-888-340-2265. BMO HARRIS BANK N.A. MEMBER FDIC. EQUAL HOUSING LENDER. NMLS401052 VISIT US ONLINE AT WWW.BMOHARRIS.COM.

## CHECKING ACCOUNTS

**BMO PREMIUM BUSINESS CKG** **BANS INC**
**ACCOUNT NUMBER [redacted]4132 (Checking)**

DEPOSIT ACCOUNT SUMMARY

| | | |
|---|---|---|
| **Previous Balance as of August 31, 2022** | | **5,314.21** |
| 1 Withdrawals | (Minus) | 429.43 |
| **Ending Balance as of September 30, 2022** | | **4,884.78** |

Withdrawals and Other Debits

| Date | Amount | Description | |
|---|---|---|---|
| Sep 22 | 429.43 | AUTOMATIC DEBIT | |
| | | TRANSFER FROM LOANS | [redacted]29000000000000002089265 |

Daily Balance Summary

| Date | Balance | Date | Balance |
|---|---|---|---|
| Aug 31 | 5,314.21 | Sep 22 | 4,884.78 |

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A. 106727
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
10/01/22 TO 10/31/22
IM0099002900000000

01 04238

PAGE 1 OF 1

BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK IL 60462

0

0000

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO HARRIS ACCOUNTS, PLEASE CALL US TOLL-FREE AT 1-888-340-2265. BMO HARRIS BANK N.A. MEMBER FDIC. EQUAL HOUSING LENDER. NMLS401052 VISIT US ONLINE AT WWW.BMOHARRIS.COM.

## CHECKING ACCOUNTS

**BMO PREMIUM BUSINESS CKG** **BANS INC**
**ACCOUNT NUMBER [redacted]4132 (Checking)**

DEPOSIT ACCOUNT SUMMARY

| | | |
|---|---|---|
| **Previous Balance as of September 30, 2022** | | **4,884.78** |
| 6 Withdrawals | (Minus) | 3,844.84 |
| **Ending Balance as of October 31, 2022** | | **1,039.94** |

Withdrawals and Other Debits

| Date | Amount | Description | |
|---|---|---|---|
| Oct 03 | 2,000.00 | PC TRANSFER DEBIT | |
| Oct 19 | 16.14 | POS PURCHASE W/PIN<br>CHEVRON GOODRICH CHEVR | RECORD NO. 007000 CARD NO. 8433<br>GOODRICH TX |
| Oct 19 | 9.73 | POS PURCHASE W/PIN<br>SWIFT MART 146 | RECORD NO. 617398 CARD NO. 8433<br>LA PORTE TX |
| Oct 24 | 450.84 | AUTOMATIC DEBIT<br>TRANSFER FROM LOANS | [redacted]2900000000000002089265 |
| Oct 24 | 1,300.00 | PC TRANSFER DEBIT | |
| Oct 24 | 68.13 | POS PURCHASE<br>TEXAS ROADHOUSE 2570 | RECORD NO. 463495 CARD NO. 8433<br>MURFREESBORO TN |

Daily Balance Summary

| Date | Balance | Date | Balance |
|---|---|---|---|
| Sep 30 | 4,884.78 | Oct 19 | 2,858.91 |
| Oct 03 | 2,884.78 | Oct 24 | 1,039.94 |

BMO Harris Bank
A part of BMO Financial Group

BMO HARRIS BANK N.A. 117085
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
11/01/22 TO 11/30/22
IM0099002900000000

01 04238

PAGE 1 OF 2

BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK IL 60462

0

0000

EFFECTIVE 11/7/2022 WE MADE ADDITIONAL IMPROVEMENTS TO THE DEPOSIT ACCOUNT DISCLOSURES, BMO HARRIS BANK BUSINESS SERVICE FEE SCHEDULES, AND BMO HARRIS HANDBOOK. THESE UPDATES INCLUDE, AMONG OTHER THINGS, CHANGES TO OUR OVERDRAFT SERVICES. PLEASE REVIEW THE CHANGE IN TERMS NOTICE INCLUDED WITH YOUR STATEMENT. IF YOU HAVE PAPERLESS STATEMENTS, YOU CAN REVIEW THE NOTICE AT BMO.COM/CHANGEINTERMS UNTIL 2/28/2023.

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO HARRIS ACCOUNTS, PLEASE CALL US TOLL-FREE AT 1-888-340-2265. BMO HARRIS BANK N.A. MEMBER FDIC EQUAL HOUSING LENDER. NMLS 401052 VISIT US ONLINE AT WWW.BMOHARRIS.COM

## CHECKING ACCOUNTS

**BMO PREMIUM BUSINESS CKG** **BANS INC**
**ACCOUNT NUMBER [redacted]4132 (Checking)**

SERVICE CHARGE ANALYSIS

| | | | Volume | Units | Amount |
|---|---|---|---|---|---|
| | | Maintenance Fee | | | 15.00 |
| Average Ledger Bal | 896.26 | Checks Paid | 0 | | |
| Average Float | .00 | Checks Deposited | 0 | | |
| Average Coll Bal | 896.26 | Deposits | 0 | | |
| | | ACH Credits | 0 | | |
| | | ACH Debits | 0 | | |
| | | Total Transactions | 0 | | |
| | | Excessive Trans > 200 | 0 | .40 | .00 |
| | | Total Service Charge | | | 15.00 |

DEPOSIT ACCOUNT SUMMARY

| | | |
|---|---|---|
| **Previous Balance as of October 31, 2022** | | **1,039.94** |
| 1 Withdrawals | (Minus) | 478.91 |
| Service Charge | (Minus) | 15.00 |
| **Ending Balance as of November 30, 2022** | | **546.03** |

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A. 117086
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
11/01/22 TO 11/30/22
IM0099002900000000

01 04238

BANS INC



0

Withdrawals and Other Debits

| Date | Amount | Description | |
|---|---|---|---|
| Nov 22 | 478.91 | AUTOMATIC DEBIT | |
| | | TRANSFER FROM LOANS | [redacted]29000000000000002089265 |
| Nov 30 | 15.00 | SERVICE CHARGE | |

Daily Balance Summary

| Date | Balance | Date | Balance |
|---|---|---|---|
| Oct 31 | 1,039.94 | Nov 30 | 546.03 |
| Nov 22 | 561.03 | | |

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A. 103072
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
12/01/22 TO 12/31/22
IM0099002900000000

01 04238

PAGE 1 OF 1

BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK IL 60462

0

0000

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO HARRIS ACCOUNTS, PLEASE CALL US TOLL-FREE AT 1-888-340-2265. BMO HARRIS BANK N.A. MEMBER FDIC. EQUAL HOUSING LENDER. NMLS401052 VISIT US ONLINE AT WWW.BMOHARRIS.COM.

## CHECKING ACCOUNTS

**BMO PREMIUM BUSINESS CKG** **BANS INC**
**ACCOUNT NUMBER [redacted]4132 (Checking)**

SERVICE CHARGE ANALYSIS

| | |
|---|---|
| Average Ledger Bal | 458.93 |
| Average Float | .00 |
| Average Coll Bal | 458.93 |

| | Volume | Units | Amount |
|---|---|---|---|
| Maintenance Fee | | | 15.00 |
| Checks Paid | 0 | | |
| Checks Deposited | 0 | | |
| Deposits | 0 | | |
| ACH Credits | 0 | | |
| ACH Debits | 0 | | |
| Total Transactions | 0 | | |
| Excessive Trans > 200 | 0 | .40 | .00 |
| Total Service Charge | | | 15.00 |

DEPOSIT ACCOUNT SUMMARY

| | | |
|---|---|---|
| **Previous Balance as of November 30, 2022** | | **546.03** |
| 1 Deposits | (Plus) | 100.00 |
| 1 Withdrawals | (Minus) | 200.00 |
| Service Charge | (Minus) | 15.00 |
| **Ending Balance as of December 31, 2022** | | **431.03** |

Deposits and Other Credits

| Date | Amount | Description |
|---|---|---|
| Dec 05 | 100.00 | PC TRANSFER CREDIT |

Withdrawals and Other Debits

| Date | Amount | Description |
|---|---|---|
| Dec 05 | 200.00 | PC TRANSFER DEBIT |
| Dec 30 | 15.00 | SERVICE CHARGE |

Daily Balance Summary

| Date | Balance | Date | Balance |
|---|---|---|---|
| Nov 30 | 546.03 | Dec 30 | 431.03 |
| Dec 05 | 446.03 | | |

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A. 119014
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
01/01/23 TO 01/31/23
IM0099002900000000

01 04238

PAGE 1 OF 2

BANS INC
15800 ORLAN BROOK DR APT 2B
ORLAND PARK IL 60462

0

0000

IMPORTANT NOTICE ABOUT YOUR ACCOUNT, EFFECTIVE 3/19/23:

A $3 PAPER STATEMENT FEE WILL BE CHARGED TO YOUR ACCOUNT EACH STATEMENT PERIOD THAT YOU RECEIVE PAPER STATEMENTS. THIS FEE WILL APPEAR AS "PAPER STMT FEE" ON YOUR STATEMENT. THIS FEE, AND THE FEE FOR CHECK IMAGES, WILL BE AUTOMATICALLY WAIVED IF YOU OPT TO GO PAPERLESS THROUGH YOUR BMO DIGITAL BANKING OR ONLINE BANKING FOR BUSINESS PREFERENCES. PAPERLESS STATEMENTS OFFER INCREASED SECURITY, HELP REDUCE OUR CARBON FOOTPRINT, AND ARE FREE!

WE ARE SIMPLIFYING OUR BRAND NAME TO BMO FOR OUR PRODUCTS AND SERVICES. THE HANDBOOK AND BUSINESS SERVICE FEE SCHEDULE WILL REFLECT THESE CHANGES, AND BMO ATM WILL REFER TO AN ATM IN THE UNITED STATES BRANDED WITH A BMO LOGO. YOUR DEBIT/ATM CARD WILL REFLECT THE BMO BRAND NAME AFTER YOUR EXISTING CARD EXPIRES.

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO HARRIS ACCOUNTS, PLEASE CALL US TOLL-FREE AT 1-888-340-2265. BMO HARRIS BANK N.A. MEMBER FDIC EQUAL HOUSING LENDER. NMLS 401052 VISIT US ONLINE AT WWW.BMOHARRIS.COM.

## CHECKING ACCOUNTS

**BMO PREMIUM BUSINESS CKG** **BANS INC**
**ACCOUNT NUMBER [redacted]4132 (Checking)**

SERVICE CHARGE ANALYSIS

| | | | Volume | Units | Amount |
|---|---|---|---|---|---|
| | | Maintenance Fee | | | 15.00 |
| Average Ledger Bal | 454.06 | Checks Paid | 0 | | |
| Average Float | .00 | Checks Deposited | 0 | | |
| Average Coll Bal | 454.06 | Deposits | 0 | | |
| | | ACH Credits | 1 | | |
| | | ACH Debits | 0 | | |
| | | Total Transactions | 1 | | |
| | | Excessive Trans > 200 | 0 | .40 | .00 |
| | | Total Service Charge | | | 15.00 |

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A. 119015
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
01/01/23 TO 01/31/23
IM0099002900000000

01 04238

BANS INC

PAGE 2 OF 2

0

DEPOSIT ACCOUNT SUMMARY

| | | |
|---|---|---|
| **Previous Balance as of December 31, 2022** | | **431.03** |
| 1 Deposits | (Plus) | 713.95 |
| Service Charge | (Minus) | 15.00 |
| **Ending Balance as of January 31, 2023** | | **1,129.98** |

Deposits and Other Credits

| Date | Amount | Description |
|---|---|---|
| Jan 31 | 713.95 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |

Withdrawals and Other Debits

| Date | Amount | Description |
|---|---|---|
| Jan 31 | 15.00 | SERVICE CHARGE |

Daily Balance Summary

| Date | Balance | Date | Balance |
|---|---|---|---|
| Dec 31 | 431.03 | Jan 31 | 1,129.98 |

BMO Harris Bank
A part of BMO Financial Group

BMO HARRIS BANK N.A. 144995
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
02/01/23 TO 02/28/23
IM0099002900000000

14 04238

PAGE 1 OF 2

BANS INC
RETURN MAIL 02/16/23
ORLAND PARK IL 60462

0

0000

IMPORTANT NOTICE ABOUT YOUR ACCOUNT, EFFECTIVE 3/19/23:

A $3 PAPER STATEMENT FEE WILL BE CHARGED TO YOUR ACCOUNT EACH STATEMENT PERIOD THAT YOU RECEIVE PAPER STATEMENTS. THIS FEE WILL APPEAR AS "PAPER STMT FEE" ON YOUR STATEMENT. THIS FEE, AND THE FEE FOR CHECK IMAGES, WILL BE AUTOMATICALLY WAIVED IF YOU OPT TO GO PAPERLESS THROUGH YOUR BMO DIGITAL BANKING OR ONLINE BANKING FOR BUSINESS PREFERENCES. PAPERLESS STATEMENTS OFFER INCREASED SECURITY, HELP REDUCE OUR CARBON FOOTPRINT, AND ARE FREE!

WE ARE SIMPLIFYING OUR BRAND NAME TO BMO FOR OUR PRODUCTS AND SERVICES. THE HANDBOOK AND BUSINESS SERVICE FEE SCHEDULE WILL REFLECT THESE CHANGES, AND BMO ATM WILL REFER TO AN ATM IN THE UNITED STATES BRANDED WITH A BMO LOGO. YOUR DEBIT/ATM CARD WILL REFLECT THE BMO BRAND NAME AFTER YOUR EXISTING CARD EXPIRES.

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO HARRIS ACCOUNTS, PLEASE CALL US TOLL-FREE AT 1-888-340-2265. BMO HARRIS BANK N.A. MEMBER FDIC EQUAL HOUSING LENDER. NMLS 401052 VISIT US ONLINE AT WWW.BMOHARRIS.COM.

## CHECKING ACCOUNTS

**BMO PREMIUM BUSINESS CKG** **BANS INC**
**ACCOUNT NUMBER [redacted]4132 (Checking)**

SERVICE CHARGE ANALYSIS

| | |
|---|---|
| Average Ledger Bal | 784.48 |
| Average Float | 107.14 |
| Average Coll Bal | 677.34 |

| | Volume | Units | Amount |
|---|---|---|---|
| Maintenance Fee | | | 15.00 |
| Checks Paid | 0 | | |
| Checks Deposited | 1 | | |
| Deposits | 2 | | |
| ACH Credits | 0 | | |
| ACH Debits | 1 | | |
| Domestic Wire Out | 1 | 30.00 | 30.00 |
| Total Transactions | 4 | | |
| Excessive Trans > 200 | 0 | .40 | .00 |
| Total Service Charge | | | 45.00 |

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A. 144996
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
02/01/23 TO 02/28/23
IM0099002900000000

14 04238

BANS INC

PAGE 2 OF 2

0

---

DEPOSIT ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| **Previous Balance as of January** | | **31, 2023** | **1,129.98** |
| 2 Deposits | (Plus) | | 23,250.00 |
| 4 Withdrawals | (Minus) | | 23,841.24 |
| Service Charge | (Minus) | | 45.00 |
| **Ending Balance as of** | **February** | **28, 2023** | **493.74** |

Deposits and Other Credits

| Date | Amount | Description |
|---|---|---|
| Feb 10 | 1,000.00 | ONLINE DEPOSIT<br>MOBILE DEPOSIT - CREDIT |
| Feb 27 | 22,250.00 | TELLER DEPOSIT |

Withdrawals and Other Debits

| Date | Amount | Description |
|---|---|---|
| Feb 01 | 554.22 | AUTOMATIC DEBIT<br>TRANSFER FROM LOANS [redacted]29000000000000002089265 |
| Feb 09 | 453.58 | ACH DEBIT<br>CCD HARRIS NA HELP ALS |
| Feb 22 | 583.44 | AUTOMATIC DEBIT<br>TRANSFER FROM LOANS [redacted]29000000000000002089265 |
| Feb 27 | 22,250.00 | OUTGOING WIRE TRANSFER<br>FED WIRE TRANSFER DEBIT 230227618390 |
| Feb 28 | 30.00 | SERVICE CHARGE |
| Feb 28 | 15.00 | SERVICE CHARGE |

Daily Balance Summary

| Date | Balance | Date | Balance |
|---|---|---|---|
| Jan 31 | 1,129.98 | Feb 10 | 1,122.18 |
| Feb 01 | 575.76 | Feb 22 | 538.74 |
| Feb 09 | 122.18 | Feb 28 | 493.74 |

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A. 143788
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
03/01/23 TO 03/31/23
IM0099002900000000

14 04238

PAGE 1 OF 2

BANS INC
RETURN MAIL 02/16/23
ORLAND PARK IL 60462

0

0000

IMPORTANT NOTICE ABOUT YOUR ACCOUNT, EFFECTIVE 3/19/23:

A $3 PAPER STATEMENT FEE WILL BE CHARGED TO YOUR ACCOUNT EACH STATEMENT PERIOD THAT YOU RECEIVE PAPER STATEMENTS. THIS FEE WILL APPEAR AS "PAPER STMT FEE" ON YOUR STATEMENT. THIS FEE, AND THE FEE FOR CHECK IMAGES, WILL BE AUTOMATICALLY WAIVED IF YOU OPT TO GO PAPERLESS THROUGH YOUR BMO DIGITAL BANKING OR ONLINE BANKING FOR BUSINESS PREFERENCES. PAPERLESS STATEMENTS OFFER INCREASED SECURITY, HELP REDUCE OUR CARBON FOOTPRINT, AND ARE FREE!

WE ARE SIMPLIFYING OUR BRAND NAME TO BMO FOR OUR PRODUCTS AND SERVICES. THE HANDBOOK AND BUSINESS SERVICE FEE SCHEDULE WILL REFLECT THESE CHANGES, AND BMO ATM WILL REFER TO AN ATM IN THE UNITED STATES BRANDED WITH A BMO LOGO. YOUR DEBIT/ATM CARD WILL REFLECT THE BMO BRAND NAME AFTER YOUR EXISTING CARD EXPIRES.

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO HARRIS ACCOUNTS, PLEASE CALL US TOLL-FREE AT 1-888-340-2265. BMO HARRIS BANK N.A. MEMBER FDIC EQUAL HOUSING LENDER. NMLS 401052 VISIT US ONLINE AT WWW.BMOHARRIS.COM.

## CHECKING ACCOUNTS

**BMO PREMIUM BUSINESS CKG** **BANS INC**
**ACCOUNT NUMBER [redacted]4132 (Checking)**

SERVICE CHARGE ANALYSIS

| | |
|---|---|
| Average Ledger Bal | 939.31 |
| Average Float | 32.26 |
| Average Coll Bal | 907.05 |

| | Volume | Units | Amount |
|---|---|---|---|
| Maintenance Fee | | | 15.00 |
| Checks Paid | 0 | | |
| Checks Deposited | 1 | | |
| Deposits | 1 | | |
| ACH Credits | 1 | | |
| ACH Debits | 0 | | |
| Total Transactions | 3 | | |
| Excessive Trans > 200 | 0 | .40 | .00 |
| Statement Fee | | | 3.00 |
| Total Service Charge | | | 18.00 |

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A. 143789
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER:** [redacted]**4132**

Statement Period
03/01/23 TO 03/31/23
14 04238 IM0099002900000000

BANS INC



0

DEPOSIT ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| **Previous Balance as of** | **February 28, 2023** | | **493.74** |
| 2 Deposits | | (Plus) | 2,000.00 |
| 1 Withdrawals | | (Minus) | 618.71 |
| Service Charge | | (Minus) | 18.00 |
| **Ending Balance as of** | **March 31, 2023** | | **1,857.03** |

Deposits and Other Credits

| Date | Amount | Description |
|---|---|---|
| Mar 13 | 1,000.00 | ONLINE DEPOSIT<br>MOBILE DEPOSIT - CREDIT |
| Mar 31 | 1,000.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |

Withdrawals and Other Debits

| Date | Amount | Description |
|---|---|---|
| Mar 22 | 618.71 | AUTOMATIC DEBIT<br>TRANSFER FROM LOANS [redacted]2900000000000002089265 |
| Mar 31 | 15.00 | SERVICE CHARGE |
| Mar 31 | 3.00 | PAPER STMT FEE |

Daily Balance Summary

| Date | Balance | Date | Balance |
|---|---|---|---|
| Feb 28 | 493.74 | Mar 22 | 875.03 |
| Mar 13 | 1,493.74 | Mar 31 | 1,857.03 |

BMO Harris Bank
A part of BMO Financial Group

BMO HARRIS BANK N.A.
P.O. BOX 94033
PALATINE, IL 60094-4033

124402

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
04/01/23 TO 04/30/23
IM0099002900000000

14 04238

PAGE 1 OF 1

BANS INC
RETURN MAIL 02/16/23
ORLAND PARK IL 60462

0

0000

EFFECTIVE 3/20/23, BANK BY PHONE TRANSFERS AND DIGITAL/ELECTRONIC DEPOSITS RECEIVED BY 9:00 PM CENTRAL TIME ON A BUSINESS DAY WILL BE PROCESSED OR TREATED AS RECEIVED THAT SAME BUSINESS DAY. THE BMO HANDBOOK HAS BEEN UPDATED TO REFLECT THIS CHANGE.

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO ACCOUNTS, PLEASE CALL US TOLL-FREE AT 1-888-340-2265. BMO HARRIS BANK N.A. MEMBER FDIC EQUAL HOUSING LENDER. NMLS 401052 VISIT US ONLINE AT WWW.BMO.COM.

## CHECKING ACCOUNTS

**BMO PREMIUM BUSINESS CKG** **BANS INC**
**ACCOUNT NUMBER [redacted]4132 (Checking)**

DEPOSIT ACCOUNT SUMMARY

| | | |
|---|---|---|
| **Previous Balance as of March 31, 2023** | | **1,857.03** |
| 1 Deposits | (Plus) | 300.00 |
| 1 Withdrawals | (Minus) | 735.61 |
| Service Charge | (Minus) | 3.00 |
| **Ending Balance as of April 30, 2023** | | **1,418.42** |

Deposits and Other Credits

| Date | Amount | Description |
|---|---|---|
| Apr 21 | 300.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |

Withdrawals and Other Debits

| Date | Amount | Description |
|---|---|---|
| Apr 24 | 735.61 | AUTOMATIC DEBIT<br>TRANSFER FROM LOANS [redacted]290000000000000002089265 |
| Apr 28 | 3.00 | PAPER STMT FEE |

Daily Balance Summary

| Date | Balance | Date | Balance |
|---|---|---|---|
| Mar 31 | 1,857.03 | Apr 24 | 1,421.42 |
| Apr 21 | 2,157.03 | Apr 28 | 1,418.42 |

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A. 122475
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
05/01/23 TO 05/31/23
IM0099002900000000

14 04238

PAGE 1 OF 2

BANS INC
RETURN MAIL 02/16/23
ORLAND PARK IL 60462

0

0000

EFFECTIVE 3/20/23: BANK BY PHONE TRANSFERS AND DIGITAL/ELECTRONIC DEPOSITS RECEIVED BY 9:00 PM CENTRAL TIME ON A BUSINESS DAY WILL BE PROCESSED OR TREATED AS RECEIVED THAT SAME BUSINESS DAY.

EFFECTIVE 6/9/23: EACH TIME YOU CALL US, WE MAY USE VOICE ID TECHNOLOGY THAT CREATES AND STORES A DIGITAL REPRESENTATION OF YOUR VOICE TO VERIFY YOUR IDENTITY. USING VOICE ID TECHNOLOGY IS OPTIONAL. WHEN YOU CALL US YOU WILL HAVE THE OPTION TO ENROLL IN OR OPT OUT OF USING VOICE ID TECHNOLOGY.

THE BMO HANDBOOK WILL REFLECT THESE CHANGES.

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO ACCOUNTS, PLEASE CALL US TOLL-FREE AT 1-888-340-2265. BMO HARRIS BANK N.A. MEMBER FDIC EQUAL HOUSING LENDER. NMLS 401052 VISIT US ONLINE AT WWW.BMO.COM.

## CHECKING ACCOUNTS

**BMO PREMIUM BUSINESS CKG** **BANS INC**
**ACCOUNT NUMBER [redacted]4132 (Checking)**

DEPOSIT ACCOUNT SUMMARY

| | | |
|---|---|---|
| **Previous Balance as of April 30, 2023** | | **1,418.42** |
| 3 Deposits | (Plus) | 1,900.00 |
| 1 Withdrawals | (Minus) | 723.56 |
| Service Charge | (Minus) | 3.00 |
| **Ending Balance as of May 31, 2023** | | **2,591.86** |

Deposits and Other Credits

| Date | Amount | Description |
|---|---|---|
| May 12 | 300.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |
| May 19 | 300.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |
| May 26 | 1,300.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |

Withdrawals and Other Debits

| Date | Amount | Description |
|---|---|---|
| May 22 | 723.56 | AUTOMATIC DEBIT<br>TRANSFER FROM LOANS [redacted]29000000000000002089265 |
| May 31 | 3.00 | PAPER STMT FEE |

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A. 122476
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
05/01/23 TO 05/31/23
IM0099002900000000

14 04238

BANS INC



0

Daily Balance Summary

| Date | Balance | Date | Balance |
|---|---|---|---|
| Apr 30 | 1,418.42 | May 22 | 1,294.86 |
| May 12 | 1,718.42 | May 26 | 2,594.86 |
| May 19 | 2,018.42 | May 31 | 2,591.86 |

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A. 123741
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
06/01/23 TO 06/30/23
IM0099002900000000

14 04238

PAGE 1 OF 2

BANS INC
RETURN MAIL 02/16/23
ORLAND PARK IL 60462

0

0000

EFFECTIVE 3/20/23: BANK BY PHONE TRANSFERS AND DIGITAL/ELECTRONIC DEPOSITS RECEIVED BY 9:00 PM CENTRAL TIME ON A BUSINESS DAY WILL BE PROCESSED OR TREATED AS RECEIVED THAT SAME BUSINESS DAY.

EFFECTIVE 6/9/23: EACH TIME YOU CALL US, WE MAY USE VOICE ID TECHNOLOGY THAT CREATES AND STORES A DIGITAL REPRESENTATION OF YOUR VOICE TO VERIFY YOUR IDENTITY. USING VOICE ID TECHNOLOGY IS OPTIONAL. WHEN YOU CALL US YOU WILL HAVE THE OPTION TO ENROLL IN OR OPT OUT OF USING VOICE ID TECHNOLOGY.

THE BMO HANDBOOK WILL REFLECT THE ABOVE CHANGES.

WE ARE CHANGING OUR LEGAL NAME FROM BMO HARRIS BANK N.A. TO BMO BANK N.A. EFFECTIVE 9/3/23: ALL REFERENCES TO BMO HARRIS BANK N.A. IN YOUR AGREEMENTS WITH US WILL BE DEEMED CHANGED TO BMO BANK N.A. THIS CHANGE HAS NO EFFECT ON YOUR ACCOUNTS OR YOUR RIGHTS UNDER YOUR AGREEMENTS WITH US.

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO ACCOUNTS, PLEASE CALL US TOLL-FREE AT 1-888-340-2265. BMO HARRIS BANK N.A. MEMBER FDIC EQUAL HOUSING LENDER. NMLS 401052 VISIT US ONLINE AT WWW.BMO.COM

## CHECKING ACCOUNTS

**BMO PREMIUM BUSINESS CKG** **BANS INC**
**ACCOUNT NUMBER [redacted]4132 (Checking)**

DEPOSIT ACCOUNT SUMMARY

| | | |
|---|---|---|
| **Previous Balance as of May 31, 2023** | | **2,591.86** |
| 5 Deposits | (Plus) | 2,500.00 |
| 1 Withdrawals | (Minus) | 755.30 |
| Service Charge | (Minus) | 3.00 |
| **Ending Balance as of June 30, 2023** | | **4,333.56** |

Deposits and Other Credits

| Date | Amount | Description |
|---|---|---|
| Jun 02 | 300.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |
| Jun 09 | 300.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |
| Jun 16 | 300.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A.
P.O. BOX 94033
PALATINE, IL 60094-4033

123742

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
06/01/23 TO 06/30/23
IM0099002900000000

14 04238

BANS INC



0

| Date | Amount | Description |
|---|---|---|
| Jun 23 | 1,300.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |
| Jun 29 | 300.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |

Withdrawals and Other Debits

| Date | Amount | Description |
|---|---|---|
| Jun 22 | 755.30 | AUTOMATIC DEBIT<br>TRANSFER FROM LOANS [redacted]29000000000000002089265 |
| Jun 30 | 3.00 | PAPER STMT FEE |

Daily Balance Summary

| Date | Balance | Date | Balance |
|---|---|---|---|
| May 31 | 2,591.86 | Jun 22 | 2,736.56 |
| Jun 02 | 2,891.86 | Jun 23 | 4,036.56 |
| Jun 09 | 3,191.86 | Jun 29 | 4,336.56 |
| Jun 16 | 3,491.86 | Jun 30 | 4,333.56 |

BMO Harris Bank
A part of BMO Financial Group

BMO HARRIS BANK N.A. 120253
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
07/01/23 TO 07/31/23
IM0099002900000000

14 04238

PAGE 1 OF 2

BANS INC
RETURN MAIL 02/16/23
ORLAND PARK IL 60462

0

0000

WE ARE CHANGING OUR LEGAL NAME FROM BMO HARRIS BANK N.A. TO BMO BANK N.A. EFFECTIVE 9/3/23: ALL REFERENCES TO BMO HARRIS BANK N.A. IN YOUR AGREEMENTS WITH US WILL BE DEEMED CHANGED TO BMO BANK N.A. THIS CHANGE HAS NO EFFECT ON YOUR ACCOUNTS OR YOUR RIGHTS UNDER YOUR AGREEMENTS WITH US.

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO ACCOUNTS, PLEASE CALL US TOLL-FREE AT 1-888-340-2265. BMO HARRIS BANK N.A. MEMBER FDIC EQUAL HOUSING LENDER. NMLS 401052 VISIT US ONLINE AT WWW.BMO.COM

## CHECKING ACCOUNTS

**BMO PREMIUM BUSINESS CKG** **BANS INC**
**ACCOUNT NUMBER [redacted]4132 (Checking)**

DEPOSIT ACCOUNT SUMMARY

| | | |
|---|---|---|
| **Previous Balance as of June 30, 2023** | | **4,333.56** |
| 3 Deposits | (Plus) | 2,200.00 |
| 1 Withdrawals | (Minus) | 730.94 |
| Service Charge | (Minus) | 3.00 |
| **Ending Balance as of July 31, 2023** | | **5,799.62** |

Deposits and Other Credits

| Date | Amount | Description |
|---|---|---|
| Jul 07 | 300.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |
| Jul 21 | 1,600.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |
| Jul 28 | 300.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A. 120254
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
07/01/23 TO 07/31/23
IM0099002900000000

14 04238

BANS INC

PAGE 2 OF 2

0

Withdrawals and Other Debits

| Date | Amount | Description |
| --- | --- | --- |
| Jul 24 | 730.94 | AUTOMATIC DEBIT<br>TRANSFER FROM LOANS [redacted]29000000000000002089265 |
| Jul 31 | 3.00 | PAPER STMT FEE |

Daily Balance Summary

| Date | Balance | Date | Balance |
| --- | --- | --- | --- |
| Jun 30 | 4,333.56 | Jul 24 | 5,502.62 |
| Jul 07 | 4,633.56 | Jul 28 | 5,802.62 |
| Jul 21 | 6,233.56 | Jul 31 | 5,799.62 |

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A. 100382
P.O. BOX 94033
PALATINE, IL 60094-4033

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
08/01/23 TO 08/31/23
IM0099002900000000

14 04238

BANS INC
RETURN MAIL 02/16/23
ORLAND PARK IL 60462

PAGE 1 OF 1

0

0000

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO HARRIS ACCOUNTS, PLEASE CALL US TOLL-FREE AT 1-888-340-2265. BMO HARRIS BANK N.A. MEMBER FDIC. EQUAL HOUSING LENDER. NMLS401052 VISIT US ONLINE AT WWW.BMOHARRIS.COM.

## CHECKING ACCOUNTS

**BMO PREMIUM BUSINESS CKG** **BANS INC**
**ACCOUNT NUMBER [redacted]4132 (Checking)**

DEPOSIT ACCOUNT SUMMARY

| | | |
|---|---|---|
| **Previous Balance as of July 31, 2023** | | **5,799.62** |
| 4 Deposits | (Plus) | 2,340.00 |
| 1 Withdrawals | (Minus) | 771.30 |
| Service Charge | (Minus) | 3.00 |
| **Ending Balance as of August 31, 2023** | | **7,365.32** |

Deposits and Other Credits

| Date | Amount | Description |
|---|---|---|
| Aug 04 | 300.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |
| Aug 11 | 440.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |
| Aug 18 | 1,300.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |
| Aug 25 | 300.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |

Withdrawals and Other Debits

| Date | Amount | Description |
|---|---|---|
| Aug 22 | 771.30 | AUTOMATIC DEBIT<br>TRANSFER FROM LOANS [redacted]290000000000000002089265 |
| Aug 31 | 3.00 | PAPER STMT FEE |

Daily Balance Summary

| Date | Balance | Date | Balance |
|---|---|---|---|
| Jul 31 | 5,799.62 | Aug 22 | 7,068.32 |
| Aug 04 | 6,099.62 | Aug 25 | 7,368.32 |
| Aug 11 | 6,539.62 | Aug 31 | 7,365.32 |
| Aug 18 | 7,839.62 | | |

BMO

BMO BANK N.A.
P.O. BOX 94033
PALATINE, IL 60094-4033

219301

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
09/01/23 TO 09/30/23
IM0099002900000000

14 04238

BANS INC
RETURN MAIL 02/16/23
ORLAND PARK IL 60462

PAGE 1 OF 2

0

0000

EFFECTIVE 9/4/2023: WE WILL NO LONGER CHARGE A $5 DEBIT OR ATM CARD REPLACEMENT FEE.

WE CHANGED OUR LEGAL NAME FROM BMO HARRIS BANK N.A. TO BMO BANK N.A. ALL REFERENCES TO BMO HARRIS BANK N.A. IN YOUR AGREEMENTS WITH US WERE CHANGED TO BMO BANK N.A. THIS CHANGE HAS NO EFFECT ON YOUR ACCOUNTS OR YOUR RIGHTS UNDER YOUR AGREEMENTS WITH US.

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO ACCOUNTS, PLEASE CALL US TOLL-FREE AT 1-888-340-2265. BMO BANK N.A. MEMBER FDIC EQUAL HOUSING LENDER. NMLS 401052 VISIT US ONLINE AT WWW.BMO.COM

## CHECKING ACCOUNTS

**BMO PREMIUM BUSINESS CKG** **BANS INC**
**ACCOUNT NUMBER [redacted]4132 (Checking)**

DEPOSIT ACCOUNT SUMMARY

| | | |
|---|---|---|
| **Previous Balance as of August 31, 2023** | | **7,365.32** |
| 4 Deposits | (Plus) | 2,200.00 |
| 2 Withdrawals | (Minus) | 9,565.32 |
| **Ending Balance as of September 30, 2023** | | **.00** |

Deposits and Other Credits

| Date | Amount | Description |
|---|---|---|
| Sep 01 | 300.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |
| Sep 08 | 300.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |
| Sep 14 | 1,300.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |
| Sep 22 | 300.00 | ACH DEPOSIT<br>CCD JB FREIGHT GROUP CASH DISB |

BMO

BMO BANK N.A.
P.O. BOX 94033
PALATINE, IL 60094-4033

219302

**ACCOUNT NUMBER: [redacted]4132**

Statement Period
09/01/23 TO 09/30/23
IM0099002900000000

14 04238

BANS INC



0

Withdrawals and Other Debits

| Date | Amount | Description |
|---|---|---|
| Sep 22 | 774.37 | AUTOMATIC DEBIT<br>TRANSFER FROM LOANS [redacted]29000000000000002089265 |
| Sep 26 | 8,790.95 | ONLINE DEBIT MEMO |

Daily Balance Summary

| Date | Balance | Date | Balance |
|---|---|---|---|
| Aug 31 | 7,365.32 | Sep 14 | 9,265.32 |
| Sep 01 | 7,665.32 | Sep 22 | 8,790.95 |
| Sep 08 | 7,965.32 | Sep 26 | .00 |

**PROOF OF SERVICE**

I hereby certify that on August 29, 2025 I caused a copy of the foregoing Defendant's First Requests for Production of Documents and First Set of Interrogatories, Counsel for Plaintiff, by email to:

**Counsel for Plaintiffs**

Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
65 West Jackson Blvd., Ste. 107
Chicago, IL 60604
(312) 789-9700
Jeff@JGBrownlaw.com

Angel P. Bakov
Bakov Law, Ltd.
One East Wacker Dr., Ste. 2510
Chicago, Illinois 60601
Telephone: (312) 880-1008
abakov@bakovlaw.com

/s/ *Jeffrey Jamison*
One of Its Attorneys

Jeffrey Jamison
BMO Bank N.A.
320 S. Canal Street, 7th Floor
Chicago, IL 60606
(312) 461-4694
Jeffrey.Jamison@bmo.com

Attorney for Defendant
BMO Bank N.A.

P.D. Logistics, LLC, et al. v. BMO Bank N.A.
Case No. 25-cv-06559 (N.D. Ill.)

# EXHIBIT

# 3

Bans, Inc.'s Responses and Objections to BMO's First
Requests for Production and First Set of Interrogatories | Sept. 30, 2025

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF**
**ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| PD LOGISTICS, LLC, et al.,<br>Plaintiffs,<br>v.<br>BMO BANK N.A.<br>Defendant. | Case No. 25-cv-06559<br>Judge Sharon Johnson Coleman<br>Magistrate Judge Laura K. McNally |

**PLAINTIFF BANS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT BMO BANK N.A.'s FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES TO BANS INC.**

Plaintiff Bans Inc. ("Plaintiff"), through its undersigned counsel, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, hereby responds to Defendant's First Request For Production Of Documents And First Set of Interrogatories To Bans Inc., as follows:

**OBJECTIONS TO DEFENDANT'S DEFINITIONS & INSTRUCTIONS**

a) Plaintiff objects to Defendant's definition of the term "Account", because it is overbroad, since it includes bank and financial accounts which have no relevance to and nothing to do with this lawsuit, including accounts which Plaintiff may have had or held at any time with any financial institution, and including such accounts held, opened and closed long before this lawsuit was filed.

b) Plaintiff objects to each term defined by Defendant's First Request For Production Of Documents And First Set of Interrogatories To PD Logistics, LLC, including but not limited to "BMO Banking Account" and "relevant time period" that is *not* used by Defendant in the Requests, as the definition is irrelevant and not calculated to lead to the

discovery of relevant evidence.

c) Plaintiff objects to the Instructions provided by Defendant to the extent that such instructions impose obligations greater than required by Fed. R. Civ. P. 26, 33 and 34.

d) Plaintiff reserves the right to move to quash or to seek a protective order on the grounds set forth in any Specific Objections and Responses or on any other basis. Plaintiff has not concluded an investigation of the facts related to this case, formal discovery, or preparation for trial. Plaintiff provides these responses without waiving his right to later modify, supplement, or amend as additional information becomes available in the course of discovery, investigation, or preparation for trial.

e) Plaintiff reserves the right to produce evidence of any subsequently discovered facts, to alter or amend the responses, and otherwise to assert factual and legal contentions in the event that information that is presently in his possession is inadvertently omitted or mistakenly stated herein. A response by Plaintiff to any specific Request is not, and shall not be construed as, an admission of the propriety of the specific Request.

f) Plaintiff's responses are made without waiving: (a) the right to object on the grounds of competency, relevancy, materiality, privilege or other grounds of admissibility of the matters disclosed as evidence for any purpose in any subsequent proceeding in this action or any other action; or (b) the right to object on any ground to other discovery requests involving or relating to the subject matter of these Requests. Further, to the extent that Plaintiff provides information, he is doing so in an effort to expedite discovery in this action and not as an indication or admission by Plaintiff of relevancy, materiality, or admissibility, and Plaintiff preserves all objections to Defendant's use of such information.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Describe in detail all business activities conducted by you from January 1, 2020 to present, including but not limited to the nature of services provided, customer base, revenue sources, primary suppliers or vendors, and geographic scope of operations.

**RESPONSE**: Plaintiff objects to this interrogatory, because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control; and because the phrase "business activities conducted" is overly broad, since all activities conducted by Plaintiff are "business activities". Without waiving these objections, Plaintiff conducts its business as an independent contractor trucking business, operating as an independent contractor under the motor carrier authority of JB Freight Group, Inc., AA Freight, Inc., Tesla Freight, MRV Transport, Inc., and Empire Freight Systems, Inc., hauling freight nationwide for various customers whose identities are confidential in exchange for compensation in the form of commissions, mileage rates, or flat rates.

**INTERROGATORY NO. 2**: Identify all bank accounts, lines of credit, loans, credit cards, and other financial instruments held by you or your affiliated entities at any financial institution from January 1, 2020 to present, including account numbers, opening and closing dates, and reasons for any account closures.

**RESPONSE:** Plaintiff objects to this request, because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control; and because it seeks information not within the time frame of the use of the Line of Credit which is the subject of this lawsuit. Without waiving these objections, for the relevant time period of April 1, 2022 until August 31,

2023, Plaintiff Bans, Inc., had business bank accounts with Chase (see enclosed bank statements bates stamped Bans Inc 0047-0116).

**INTERROGATORY NO. 3:** Describe all deposits, withdrawals, transfers, and other transactions involving BMO accounts from account opening through closure (see Account Statements Attached as Exhibit A), including the source of funds, purpose of each transaction, and the parties involved.

**RESPONSE:** Plaintiff objects to this request because it seeks information which is already in Defendant's possession or control, as reflected in the very documents to which Defendant has directed Plaintiff; because it is unduly broad; and because it is calculated to harass Plaintiff in seeking a description of hundreds of self-evident transactions. Without waiving these objections, the source of funds of the Business Line of Credit reflected in Exhibit A is Defendant BMO; the purpose of the funds was to operate and expand the business of Plaintiff; and the parties involved were Plaintiff, Plaintiff Arsenije Nenezic, and Defendant BMO. Plaintiff also deposed funds from JB Freight Group, Inc., funds that it earned working as an independent contractor on behalf of JB Freight Group, Inc. Answering further, please refer to the driver pay statements from JB Freight Group bates stamped Bans Inc 0015-0037.

**INTERROGATORY NO. 4:** Describe in detail any and all communications you or your representatives had with anyone regarding (a) the application for your line of credit; (b) the use of your line of credit; (c) any questions or concerns raised by BMO about activity in your accounts; and (d) the termination of your line of credit and banking relationship.

**RESPONSE:** Plaintiff objects to this interrogatory because it seeks information already within Defendant's possession or control. Without waiving this objection, Plaintiff, through its owner, Plaintiff, Arsenije Nenezic, had communications with:

- A BMO representative when Bans Inc., opened a Line of Credit with BMO line of credit at the BMO bank location at 901 Burlington Ave, Western Springs, IL 60558; a business checking account was opened along with a Line of Credit.

- The Line of Credit was used to purchase a new Great Dane trailer (approximately $73,000), and a 2012 Volvo truck (approximately $44,000).

- Plaintiff discussed the credit line with Vladan Jocovic.

- Plaintiff discussed with Plaintiff Durovic their Lines of Credit with BMO.

Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 5:** State all facts that support your allegation in Paragraph 40 of the Complaint that "BMO experienced an episode of fraud, purportedly committed by a person who happened to be of Eastern European ethnicity or national origin, in one of its Chicago area branches."

**RESPONSE**: In around September of 2023, Plaintiff, Arsenije Nenezic, became aware from other Serbian and Montenegrin individuals that BMO cancelled the lines of credit of numerous persons of Eastern European race or national origin, because one or more BMO employees, the identity of whom is not known to Plaintiff, had purportedly committed fraud against BMO, by issuing fraudulent credit lines on behalf BMO.

**INTERROGATORY NO. 6:** Describe the impact of the closure of your business and personal accounts by BMO Bank, N.A. on your financial operations and creditworthiness. Include any specific instances where this impacted your ability to conduct business or obtain credit from other sources.

**RESPONSE:** Plaintiff was required to divert revenue from other uses to attempt to pay

back the Line of Credit funds that Defendant demanded be paid back immediately, instead of the agreed upon schedule of the Letter of Agreement; Plaintiff's ability to borrow funds to continue its business was impinged, terminated and became more costly; Plaintiff was unable to expand its business by purchasing equipment through the use of the credit line funds; Plaintiff's creditworthiness score was affected by the cancellation, inhibiting Plaintiffs' ability to borrow funds from other sources; and, Plaintiff was sent to debt collection and as a result its reputation was injured. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 7:** Describe in detail any and all communications you alleged to have received from BMO "encouraging [you] to open a line of credit with BMO," including, but not limited to telephone conversations, advertising circulars, and in person communications.

**RESPONSE:** In addition to the receipt of the Letter of Agreement, Plaintiff was contacted numerous times by BMO representatives, by telephone, by email, and in person prior to Plaintiff's opening of a Line of Credit and business banking account at BMO's branch location.

**INTERROGATORY NO. 8:** State all facts supporting your claim that you were allowed to draw on the Line of Credit for days after notification that BMO was terminating your line of credit.

**RESPONSE**: Plaintiff objects to this Interrogatory because it is vague, ambiguous, and incapable of a response.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All account statements and related records for any Account, including but not limited to, any checking account, savings account, credit card

account, and/or deposit account, held by the Plaintiff at any bank, credit card company, brokerage firm, investment firm, or other financial institution which the Plaintiff currently owns, holds, claims an interest in, or controls in whole or in part, or has owned, held, controlled, or claimed an interest in, in whole or in part, for the period commencing on the later of (i) the date of the account's inception and continuing through the present.

**RESPONSE:** Plaintiff objects to this request, because it is overbroad, since it seeks bank and financial accounts which have no relevance to and nothing to do with this lawsuit, including accounts which Plaintiff may have had or held at any time with any financial institution, and including such accounts held, opened and closed long before this lawsuit was filed. Without waiving this objection, Plaintiff has produced certain bank and financial account records that are within Bans Inc.'s possession or control for the period of April 1, 2022 through August 31, 2023. (See enclosed Bans Inc 0047-0116).

**REQUEST FOR PRODUCTION NO. 2:** All financial statements, tax returns, tax documents, balance sheets, income statements, cash flow statements, or other financial reports for the Plaintiff during the relevant time period.

**RESPONSE:** Plaintiff objects to this request because it seeks information which is not relevant to this matter, and is not calculated to lead to the discovery of information which is relevant to this matter.

**REQUEST FOR PRODUCTION NO. 3:** All documents and communications evidencing the specific transactions for which the proceeds of the BMO line of credit were used.

**RESPONSE:** Plaintiff objects to this request because it seeks information which is not relevant to this matter, and is not calculated to lead to the discovery of information which is relevant to this matter. Plaintiff's investigation continues. Plaintiff reserves the right to

supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 4:** All documents supporting your claim for damages, including documents showing increased borrowing costs, denied credit applications, invoices for attorneys' fees incurred in defending the prior litigation brought by BMO, and Plaintiff's purported "embarrassment and humiliation" as a result of BMO's conduct.

**RESPONSE:** Plaintiff will produce all non-privileged and responsive documents within its possession or control. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 5:** All business licenses, permits, registrations, and other governmental authorizations held by Plaintiff's entities.

**RESPONSE:** Plaintiff objects to this request because the phrase "Plaintiff's entities" is vague and ambiguous. Without waiving this objection, Plaintiff will produce all non-privileged and responsive documents within its possession or control.

**REQUEST FOR PRODUCTION NO. 6:** All contracts, agreements, invoices, receipts, and other documents related to business transactions conducted by Plaintiff from 2020 to present.

**RESPONSE:** Plaintiff objects to this request because it seeks information which is not relevant to this matter, and is not calculated to lead to the discovery of information which is relevant to this matter.

**REQUEST FOR PRODUCTION NO. 7**: Documents sufficient to show the structure, formation, and governance of the Plaintiff, including but not limited to:

a. Articles of incorporation or organization, charters, bylaws, partnership agreements, shareholder agreements, or other documents evidencing the

existence of the entity.

b. Any organizational charts, diagrams, or other records depicting the Plaintiff's relationship to any affiliated entities, related parties, or Beneficiaries.

**<u>RESPONSE:</u>** Plaintiff objects to this interrogatory, because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control. Without waiving these objections, Plaintiff will produce all non-privileged and responsive documents within its possession or control.

**REQUEST FOR PRODUCTION NO. 8:** All documents, records, materials, and communications related to Plaintiff's compliance with the federal and Illinois state requirements for owners/operators of trucking/transport, including but not limited to:

a) Documents related to the Plaintiff's U.S. Department of Transportation Number.
b) Documents related to the Plaintiff's Motor Carrier Number.
c) Documents related to the Plaintiff's Cargo Insurance.
d) Documents related to the Plaintiff's International Fuel Tax Agreement filings.
e) Documents related to the Plaintiff's International Fuel Tax Agreement filings.
f) Documents related to the Plaintiff's DOT Medical Card or Medical Examiner's Certificate
g) Documents related to the Plaintiff's Logbook Activities
h) Documents related to the Plaintiff's Commercial Driver's Licence (sic)

**<u>RESPONSE:</u>** Plaintiff objects to this request because it seeks information which is not relevant to this matter, and is not calculated to lead to the discovery of information which is relevant to this matter. Without waiving these objections, Plaintiff will produce all non-privileged and responsive documents within Bans Inc.'s possession or control. Answering further, refer to enclosed Bans Inc 0001-0014.

**REQUEST FOR PRODUCTION NO. 9:** Documents sufficient to show any debts and liabilities the Plaintiff owed or incurred during the relevant time period, including:

a) Documents identifying the name, address, and telephone number of each creditor.

b) Records of the amount owed.

c) Documents showing when the debt was incurred and for what reason.

d) Records showing whether all or any portion of the debt is paid and, if so, the amount of payment.

e) Records showing when all or any portion was paid.

f) Documents identifying whether the debt is secured and, if so, how it is secured.

g) Records reflecting any remaining balance on such debts.

h) All contracts, bills, invoices, statements, agreements, mortgages, loan agreements, and all correspondence or other records memorializing communications relating to each such debt.

**RESPONSE:** Plaintiff objects to this interrogatory, because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control.

**REQUEST FOR PRODUCTION NO. 10:** Documents sufficient to show the capitalization and funding of the Plaintiff from its inception to the present, including but not limited to:

a. Records of any initial contributions to the Plaintiff, including the source, amount, and date of such contributions.

b. Documents reflecting any subsequent contributions, transfers, or deposits to the Plaintiff from any person or entity.

c. Wire transfer records, deposit slips, or other banking records showing funds transferred to or deposited in any account of the Plaintiff.

d. Records identifying the source and nature of each payment to the Plaintiff and/or deposits into the Plaintiff's Accounts.

e. Any correspondence, memoranda, or agreements describing the purpose or use of such funds.

**RESPONSE:** Plaintiff objects to this interrogatory, because the phrase "sufficient to show the capitalization and funding of the Plaintiff from its inception to the present" is vague and

ambiguous; and because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control.

**REQUEST FOR PRODUCTION NO. 11:** All documents, records, materials, and communications related to Plaintiff's ownership and use of any vehicles used in connection with its business, including but not limited to:

a) Documents related to purchase of all vehicles owned by the Plaintiff.
b) Documents related to insurance coverage for all vehicles owned by the Plaintiff.
c) Documents related to any taxes or registration fees related the vehicles owned by the Plaintiff.

**RESPONSE:** Plaintiff objects to this interrogatory because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control.

**REQUEST FOR PRODUCTION NO. 12:** All documents reflecting communications between Plaintiff and any third parties regarding their BMO banking relationships, credit facilities, or account closures.

**RESPONSE:** Plaintiff will produce all non-privileged and responsive documents within its possession or control. Answering further, refer to enclosed Bans Inc 0045-0046.

**REQUEST FOR PRODUCTION NO. 13:** All documents reflecting Plaintiff's knowledge of or involvement in any investigations of Eastern European individuals or businesses for fraudulent activities.

**RESPONSE:** Plaintiff will produce all non-privileged and responsive documents within Bans Inc.'s possession or control. Plaintiff's investigation continues. Plaintiff reserves the right

to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 14**: All marketing materials or solicitations received from BMO regarding credit products prior to applying for the Line of Credit.

**RESPONSE:** Plaintiff will produce all non-privileged and responsive documents within Bans Inc.'s possession or control. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 15**: All documents, records, and materials reviewed, referenced, consulted, or relied upon by you, or by anyone acting on your behalf, in preparing your responses to the Interrogatories served in this matter, to the extent such documents have not been produced in response to the preceding Requests for Production.

**RESPONSE:** Plaintiff objects to this interrogatory to the extent it seeks information prepared by Plaintiffs' attorneys that is work product, and to the extent it seeks information and/or communications between Plaintiff and Plaintiff's counsel. Plaintiff will produce all other non-privileged and responsive documents within Bans Inc.'s possession or control. Answering further, refer to enclosed Bans Inc 0001-0116. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

Respectfully submitted,

*/s Angel P. Bakov*_____________
One of the Attorneys for Plaintiffs

Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
65 West Jackson Blvd.
Suite 107
Chicago, Illinois 60604
(312) 789-9700
#14971
jeff@JGBrownlaw.com

Angel Bakov
Bakov Law, Ltd.
One East Wacker Drive
Suite 2510
Chicago, Illinois 60601
(312) 880-1008
#63466
abakov@bakovlaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have on this 30th day of September, 2025 served a true and correct copy of the foregoing: Plaintiff, Bans, Inc.'s, Responses to Defendant, BMO Bank, N.A.'s Interrogatories and Request to Produce via email to the following counsel of record:

By: __*/s/ Angel P. Bakov*__
One of the Attorneys for Plaintiffs

Jeffrey E. Jamison
BMO Bank N.A.
320 South Canal 7th Floor
Chicago, Illinois 60606-5707
(312) 461-4694
jeffrey.jamison@bmo.com

**Counsel for Defendant, BMO Bank, N.A**

## VERIFICATION OF PLAINTIFF'S DISCOVERY ANSWERS

The undersigned, under penalties of perjury, states that he/she has read the above Responses to Defendant's Interrogatories, and has knowledge of the facts stated therein, and that matters and things stated therein are true and correct, except as those matters stated to be on information and belief, and as to such matters he/she certifies as aforesaid that he/she verily believes them to be true.

____9.30.25____________
DATE

Arsenije Nenezic______________________
PRINT NAME

Arsenije Nenezic (Sep 30, 2025 18:43:41 CDT)
______________________
SIGNATURE

P.D. Logistics, LLC, et al. v. BMO Bank N.A.
Case No. 25-cv-06559 (N.D. Ill.)

# EXHIBIT

# 4

Letter from BMO's Counsel to Plaintiffs' Counsel
Dated October 16, 2025

BMO Financial Group

**Legal Department**
320 South Canal Street- Floor 7
Chicago, Illinois 60606

October 16, 2025

**Via Email Only**

Jeffrey Grant Brown
JEFFREY GRANT BROWN P.C.
65 West Jackson Blvd., Suite 107
Chicago, Illinois 60604
Jeff@jgbrownlaw.com

Angel Bakov
Bakov Law Ltd.
One East Wacker Drive
Suite 2510
Chicago, Illinois 60601
abakov@bakovlaw.com

**Re: *P.D. Logistics, LLC, et. al. v. BMO Bank N.A.* (Case No. 25 cv 6559) -Meet and Confer Regarding Plaintiffs' Outstanding Discovery Responses**

Dear Counsel:

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.2, we write to meet and confer regarding your clients' deficient responses to BMO Bank N.A.'s ("BMO") Requests for Production[1] served on August 30, 2025. Plaintiffs PD Logistics, LLC ("PD"), Bans, Inc. ("Bans"), Pavle Durovic ("Durovic"), and Arsenije Nenezic ("Nenezic") (collectively, "Plaintiffs") served responses on September 30, 2025. Upon review, it is evident that the responses are incomplete and deficient in numerous respects.

Plaintiffs objected to producing bank records responsive to Request No. 1, despite defining the relevant time-period in their Complaint as beginning in December 2020—consistent with BMO's request. PD and Bans responded to multiple requests (Nos. 3, 4, 5, 7, 8, 12, 13, 14, and 15) with vague statements such as "will produce all non-privileged and responsive documents" or "investigation continues." Durovic and Nenezic provided similar responses to Requests Nos. 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, and 14. While some documents were produced, many requests remain unanswered or inadequately addressed, leaving BMO to speculate whether additional responsive materials exist. Moreover, PD and Bans wholly objected to Requests Nos. 2, 6, 9, 10, and 11, while Durovic and Nenezic did the same for Requests Nos. 2, 6, and 10. In total, Plaintiffs have failed to provide complete responses to **<u>57 of the 58 requests</u>**, in violation of the Federal Rules. This level of noncompliance is particularly concerning given that your clients are seeking a putative class action in federal court.

[1] BMO is still evaluating Plaintiffs' responses to BMO's Interrogatories and Requests for Admission and will follow-up separately regarding any concerns.

BMO Financial Group

**Legal Department**
320 South Canal Street- Floor 7
Chicago, Illinois 60606

Additionally, Plaintiffs claim to have withheld privileged documents but have failed to produce a privilege log as required by Rule 26(b)(5)(A). Please provide a log identifying each withheld document and the basis for the claim of privilege.

Further, as detailed below, Plaintiffs' objections—primarily on relevance grounds—are without merit. BMO's requests are tailored to its defense that Plaintiffs engaged in suspicious account activity and misused their business line of credit. Plaintiffs must either produce responsive documents or confirm that none exist.

Additionally, BMO raises the following concerns about Plaintiffs' responses:

**Request for Production No. 1 to all Plaintiffs** seeks all account statements and related records for any Account, including but not limited to, any checking account, savings account, credit card account, and/or deposit account, held by the Plaintiff at any bank, credit card company, brokerage firm, investment firm, or other financial institution which the Plaintiff currently owns, holds, claims an interest in, or controls in whole or in part, for the period commencing on the later of (i) the date of the account's inception and continuing through the present.

- **PD** objects to this request on scope and relevancy grounds. Regarding scope, Plaintiffs define the applicable time-period in their Complaint as "five years prior to the filing of this action…as tolled by the filing of a previous lawsuit" or from December 16, 2020, until present. Nonetheless, PD has only produced responsive records for the time-period of November 1, 2022, through December 1, 2023. Given Plaintiff's definition of the relevant time-period in its Complaint, Plaintiff's overbreadth objection is not well founded and BMO demands that PD produce all responsive records from December 16, 2020, to the present, as requested by BMO. Regarding PD's relevance objection, BMO's investigation revealed that PD engaged in suspicious activity with respect to its BMO business line of credit and account and BMO believes these records will shed light on the nature and scope of PD's suspicious activity, which is a necessary part of its defense. PD's relevancy lacks merit.

- **Bans** raises the same scope and relevancy objections as PD, but claims to have produced records for April 1, 2022, through August 31, 2023. For the same reasons set forth above, Bans objections fail.

- **Durovic and Nenezic** have not produced any of their personal account statements and related records responsive to this Production Request. They also raise the same scope and relevancy objections asserted by PD and Bans, which fail for the reasons set forth above. Further, BMO believes both Durovic and Nenezic used funds received by the BMO business line of credit to pay-off personal debts, which violates the line of credit agreement; consequently, Durovic's and Nenezic's

BMO Financial Group

**Legal Department**
320 South Canal Street- Floor 7
Chicago, Illinois 60606

personal account statements are highly relevant to BMO's defense in this matter and must be produced.

**Request for Production No. 2 to all Plaintiffs** seeks all financial statements, tax returns, tax documents, balance sheets, income statements, cash flow statements, or other financial reports for the Plaintiff during the relevant time period.

- **PD, Bans, Durovic, and Nenezic** object to this request on relevancy grounds and have not produced any records in response to this request. BMO's investigation suggests that PD and Bans may not have operated as legitimate businesses entitled to a business line of credit. Consequently, this request, which seeks financial statements, tax returns, income statements, and/or the financial books and records consistent with the operation of a legitimate business are highly relevant to BMO's defense and must be produced.

**Request for Production No. 3 to all Plaintiffs** seeks all documents and communications evidencing the specific transactions for which the proceeds of the BMO line of credit were used.

- **PD and Durovic** object to this request on relevancy grounds. BMO seeks this information because it believes the business line of credit was not used for its proper purpose and thus, this information is highly relevant to BMO's defense. PD's and Durovic's relevancy objection lacks merit. To the extent either PD or Durovic has information evidencing the transactions funded by the BMO business line of credit, those documents must be produced. Further, both PD and Durovic reference a bill of sale for $30,000 dated November 28, 2022, which is a fraction of the total credit line. The rest of the documents that evidence the transactions for which the proceeds of BMO's business line of credit were used must be produced. Additionally, PD and Durovic have not produced any emails in response to this request despite the request seeking any responsive communications. All emails, text messages, or other communications must be produced.

- **Bans and Nenezic** also object to this request on relevancy grounds and have not produced any documents responsive to this request. For the reasons stated above, their relevancy challenge is wholly unfounded and these documents go directly to BMO's defense. Produce any responsive documents. Additionally, Bans and Nenezic have not produced any emails in response to this request despite the request seeking any responsive communications. All emails, text messages, or other communications must be produced.

**Request for Production No. 4 to all Plaintiffs** seeks all documents supporting your claim for damages, including documents showing increased borrowing costs, denied credit applications, invoices for attorneys' fees incurred in defending the prior litigation brought

BMO Financial Group

**Legal Department**
320 South Canal Street- Floor 7
Chicago, Illinois 60606

by BMO, and Plaintiff's purported 'embarrassment and humiliation' as a result of BMO's conduct.

- **PD, Bans, Durovic, and Nenezic** do not raise any objections to this request but have not produced any documents. Advise when the documents will be produced or attest that there are no documents.

**Request for Production No. 5 to all Plaintiffs** seeks all business licenses, permits, registrations, and other governmental authorizations held by Plaintiff's entities.

- **PD, Bans, Durovic, and Nenezic** object to this request because they contend that the phrase "Plaintiffs' entities" is vague and ambiguous. BMO is looking for information regarding the only two named entities in this case: PD and Bans. Plaintiffs' objection that they do not know what is meant by Plaintiffs' entities is silly. Plaintiffs do not raise any other concerns. However, they have not produced any documents. Advise when the documents will be produced or attest that there are no documents.

**Request for Production No. 6 to all Plaintiffs** seeks all contracts, agreements, invoices, receipts, and other documents related to business transactions conducted by Plaintiff from 2020 to present.

- **PD, Bans, Durovic and Nenezic** object to this request as irrelevant and have not produced any documents responsive to this request. Again, this relevancy objection is not well-taken. BMO's investigation suggests that both PD and Bans were not operating as legitimate business entitled to a business line of credit. Consequently, evidence of the business activity one would expect of a legitimate business is directly relevant to BMO's defense in this matter. These documents must be produced.

**Request for Production No. 7 to PD and Bans** seeks all documents sufficient to show the structure, formation and governance of the Plaintiff, including but not limited to: a.) Articles of incorporation or organization, charters, bylaws, partnership agreements, shareholder agreements, or other documents evidencing the existence of the entity; and b.) Any organizational charts, diagrams, or other records depicting the Plaintiff's relationship to any affiliated entities, related parties or Beneficiaries.

- **PD and Bans** object to this request as irrelevant. Again, these documents are relevant to the legitimacy of PD's and Bans' business operations and whether PD and Bans complied with the terms of the business line of credit. They are highly relevant to BMO's defense and this objection lacks merit. Produce the documents.

BMO Financial Group

**Legal Department**
320 South Canal Street- Floor 7
Chicago, Illinois 60606

**Request for Production No. 7 to Durovic** seeks documents related to any other entities that Durovic owns or controls in whole or part including but not limited to PD Logistics, SCG Logistics LLC, Zupa Transport Inc., and Liverovici Services LLC.

- **Durovic** objects to this request as irrelevant, but states that he will produce responsive documents. This request is relevant to the legitimacy of PD's and Bans' business operations, which supports BMO's defense in this case. Advise when the documents will be produced or attest that there are no documents.

**Request for Production No. 7 to Nenezic** seeks documents related to any other entities that Nenezic owns or controls in whole or part including but not limited to BANS Inc. and JB Freight Group.

- Like PD, **Nenezic** objects to this request as irrelevant, but states that he will produce responsive documents. This request is relevant to the legitimacy of PD's and Bans' business operations, which supports BMO's defense in this case. Advise when the documents will be produced or attest that there are no documents.

**Request for Production No. 8 to all Plaintiffs** seeks all documents, records, materials, and communications related to Plaintiff's compliance with the federal and Illinois state requirements for owners/operators of trucking/ transport, including but not limited to: a) documents related to Plaintiff's U.S. Department of Transportation Number; b) Documents related to the Plaintiff's Motor Carrier Number; c) Documents related to the Plaintiff's Cargo Insurance; d) Documents related to the Plaintiff's International Fuel Tax Agreement filings…f) Documents related to the Plaintiff's DOT Medical Card or Medical Examiner's Certified; g) Documents related to the Plaintiff's Logbook Activities; and h) Documents related to the Plaintiff's Commercial Driver's License.

- **PD and Durovic** object to this request as irrelevant. Again, these documents are relevant to the legitimacy of PD's business operations and whether PD complied with the terms of the BMO business line of credit. PD claims it will produce all non-privileged documents and refers BMO to PD Logistics documents 0139-0140. The referenced documents include a Medical Examiner Certificate and a temporary Commercial Drivers License ("CDL") (issued on 9.10.25), both issued well after BMO's banking relationship ended. Either confirm PD and Durovic have no other responsive documents to Production Request No. 8 or produce the documents, including without limitation those in place during BMO's banking relationship with PD and Durovic.

- **Bans and Nenezic** raise the same relevancy objection as PD and Durovic and offer to produce all non-privileged documents. Bans and Nenezic reference Bans Inc. 0001-0014, which include a April 28, 2022, Lease Agreement between JB Freight Group Inc., an illegible Medical Examiner's Certificate, and a CDL (issued on

BMO Financial Group

**Legal Department**
320 South Canal Street- Floor 7
Chicago, Illinois 60606

4.7.25), well after BMO's banking relationship ended. Either confirm Bans and Nenezic have no other responsive documents to Production Request No. 8 or produce the documents, including without limitation those in place during BMO's banking relationship with Bans and Nenezic. Also, produce a legible copy of the certificate.

**Request for Production No. 9 to PD and Bans** seeks all documents sufficient to show any debts and liabilities the Plaintiff owed or incurred during the relevant time period, including: a) Documents identifying the name, address, and telephone number of each creditor; b) records of the amount owed; c) documents showing when the debt was incurred and for what reason; d) records showing whether all or any portion of the debt is paid and, if so, the amount of payment; e) records showing when all or any portion was paid; f) documents identifying whether the debt is secured and, if so, how it is secured; g) records reflecting any remaining balance on such debts; and h) all contracts, bills, invoices, statements, agreements, mortgages, loan agreements, and all correspondence or other records memorializing communications relating to each such debt.

- **PD and Bans** object to this request as irrelevant. BMO is attempting to trace how the business line of credit funds were utilized to support its defense that the plaintiffs were engaged in suspicious account activity and misused the line of credit funds. The relevancy objection is baseless. Produce these documents.

**Request for Production No. 9 to Durovic** seeks documents related to any employment you have with any entity including but not limited to PD Logistics, Got Inc., and SCG Logistics, Inc.

- **Durovic** objects to this request as seeking irrelevant information. This information is relevant to BMO's defense, namely that PD was not a legitimate business, misused the line of credit funds, and engaged in suspicious account activity. Further, BMO spoke with Stanisa Popovic who advised that Durovic was a co-owner of SCG Logistics Inc. Consequently, Durovic has responsive records within his possession and control that must be produced.

**Request for Production No. 10 to PD and Bans** seeks documents sufficient to show the capitalization and funding of the Plaintiff from its inception to the present, including but not limited to: a.) records of any initial contributions to the Plaintiff, including the source, amount, and date of such contributions; b.) documents reflecting any subsequent contributions, transfers, or deposits to the Plaintiff from any person or entity; c.) wire transfer records, deposit, slips, or other banking records showing funds transferred to or deposited in any account of the Plaintiff; d.) records identifying the source and nature of each payment to the Plaintiff and/or deposits into the Plaintiff's Accounts; and e.) any correspondence, memoranda, or agreements describing the purpose or use of such funds.

BMO Financial Group

**Legal Department**
320 South Canal Street- Floor 7
Chicago, Illinois 60606

- **PD and Bans** object to this request because the phrase "sufficient to show the capitalization and funding of the Plaintiff from its inception to the present" is vague, but do not explain what is ambiguous. To the extent the concern is the time-period, BMO is looking for information from the date PD and Bans started business to the present. To the extent the concern relates to the meaning of "capitalization", capitalization refers to a company's investments, debts, and equity. BMO submits that these terms are well-known business terms used routinely by legitimate business owners. Plaintiffs also object on relevancy grounds. Again, these documents are relevant to the legitimacy of PD's and Bans' business operations and whether PD and Bans complied with the terms of the business line of credit and/or engaged in suspicious account activity. PD and Bans objections are baseless. Produce the documents.

**Request for Production No. 10 to Durovic and Nenezic and No. 11 to PD and Bans** seeks all documents, records, materials and communications related to Plaintiff's ownership and use of any vehicles used in connection with its business, including but not limited to: a) documents related to purchase of all vehicles owned by the Plaintiff; b) documents related to insurance coverage for all vehicles owned by the Plaintiff; and c) documents related to any taxes or registration fees related to the vehicles owned by the Plaintiff.

- **PD, Bans, Durovic, and Nenezic** object to this request as irrelevant. These are records that are routinely maintained by a trucking or transport business and go to the legitimacy of PD's and Ban's operations. They are relevant and need to be produced.

**Request for Production No. 11 to Durovic and Nenezic and No. 12 to PD and Bans** seeks all documents reflecting communications between Plaintiff and any third parties regarding their BMO banking relationships, credit facilities or account closures.

- **PD, Bans, Durovic, and Nenezic** do not raise any objections to this request; and instead, state that they will produce non-privileged documents. Notably, Plaintiffs have not produced any emails responsive to this request. Advise when the documents will be produced or attest that there are no documents.

**Request for Production No. 12 to Durovic and Nenezic No. 13 to PD and Bans** seeks all documents reflecting Plaintiff's knowledge of or involvement in any investigation of Eastern European individuals or businesses for fraudulent activities.

- **PD, Bans, Durovic, and Nenezic** do not raise any objections to this request; and instead, state that they will produce non-privileged documents. However, Plaintiffs have not produced any responsive documents. Advise when the documents will be produced or attest that there are no documents.

BMO Financial Group

**Legal Department**
320 South Canal Street- Floor 7
Chicago, Illinois 60606

**Request for Production No. 13 to Durovic and Nenezic No. 14 to PD and Bans** seeks all marketing materials or solicitations received from BMO regarding credit products prior to applying for the Line of Credit.

- **PD, Bans, Durovic, and Nenezic** do not raise any objections to this request; and instead, state that they will produce non-privileged documents. Advise when the documents will be produced or attest that there are no documents.

**Request for Production No. 14 to Durovic and Nenezic No. 15 to PD and Bans** seeks all documents, records, and materials reviewed, referenced, consulted, or relied upon by you, or by anyone acting on your behalf in preparing your responses to the Interrogatories served in this matter, to the extent such documents have not been produced in response to the preceding Requests for Production.

- **PD, Bans, Durovic, and Nenezic** object to this production request to the extent it calls for "work product" or "communications between Plaintiffs and Plaintiffs' counsel." Plaintiffs do not raise any other objections and state that they will produce responsive documents. However, neither a privilege log nor any documents have been produced. Provide a log. Advise when the documents will be produced or attest that there are no documents.

These deficiencies materially impair BMO's ability to assess the facts and prepare for depositions. The Federal Rules require full and complete responses. Accordingly, BMO demands that Plaintiffs supplement their responses and complete production by October 31, 2025. BMO remains willing to confer regarding any difficulties Plaintiffs may be experiencing. We have proposed October 24, 2025, for a meet and confer, but have not received a response. If that date is not feasible, please propose alternatives. Absent full and satisfactory compliance by October 31, 2025, BMO will seek the Court's intervention, including a motion to compel and a request for sanctions under Rule 37(a)(5).

BMO reserves all rights.

Sincerely,

Meredith Pike

Meredith Pike

cc: Jeff Jamison (email only)

P.D. Logistics, LLC, et al. v. BMO Bank N.A.
Case No. 25-cv-06559 (N.D. Ill.)

# EXHIBIT

# 5

Bans, Inc.'s Amended Responses and Objections
Served November 12, 2025

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF**
**ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| PD LOGISTICS, LLC, et al.,<br>Plaintiffs,<br>v.<br>BMO BANK N.A.<br>Defendant. | Case No. 25-cv-06559<br>Judge Sharon Johnson Coleman<br>Magistrate Judge Laura K. McNally |

**PLAINTIFF BANS INC.'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT BMO BANK N.A.'s FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES TO BANS INC.**

Plaintiff Bans Inc. ("Plaintiff"), through its undersigned counsel, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, hereby responds to Defendant's First Request For Production Of Documents And First Set of Interrogatories To Bans Inc., as follows:

**OBJECTIONS TO DEFENDANT'S DEFINITIONS & INSTRUCTIONS**

a) Plaintiff objects to Defendant's definition of the term "Account", because it is overbroad, since it includes bank and financial accounts which have no relevance to and nothing to do with this lawsuit, including accounts which Plaintiff may have had or held at any time with any financial institution, and including such accounts held, opened and closed long before this lawsuit was filed.

b) Plaintiff objects to each term defined by Defendant's First Request For Production Of Documents And First Set of Interrogatories To PD Logistics, LLC, including but not limited to "BMO Banking Account" and "relevant time period" that is *not* used by Defendant in the Requests, as the definition is irrelevant and not calculated to lead to the

discovery of relevant evidence.

c) Plaintiff objects to the Instructions provided by Defendant to the extent that such instructions impose obligations greater than required by Fed. R. Civ. P. 26, 33 and 34.

d) Plaintiff reserves the right to move to quash or to seek a protective order on the grounds set forth in any Specific Objections and Responses or on any other basis. Plaintiff has not concluded an investigation of the facts related to this case, formal discovery, or preparation for trial. Plaintiff provides these responses without waiving his right to later modify, supplement, or amend as additional information becomes available in the course of discovery, investigation, or preparation for trial.

e) Plaintiff reserves the right to produce evidence of any subsequently discovered facts, to alter or amend the responses, and otherwise to assert factual and legal contentions in the event that information that is presently in his possession is inadvertently omitted or mistakenly stated herein. A response by Plaintiff to any specific Request is not, and shall not be construed as, an admission of the propriety of the specific Request.

f) Plaintiff's responses are made without waiving: (a) the right to object on the grounds of competency, relevancy, materiality, privilege or other grounds of admissibility of the matters disclosed as evidence for any purpose in any subsequent proceeding in this action or any other action; or (b) the right to object on any ground to other discovery requests involving or relating to the subject matter of these Requests. Further, to the extent that Plaintiff provides information, he is doing so in an effort to expedite discovery in this action and not as an indication or admission by Plaintiff of relevancy, materiality, or admissibility, and Plaintiff preserves all objections to Defendant's use of such information.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Describe in detail all business activities conducted by you from January 1, 2020 to present, including but not limited to the nature of services provided, customer base, revenue sources, primary suppliers or vendors, and geographic scope of operations.

**RESPONSE**: Plaintiff objects to this interrogatory, because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control; and because the phrase "business activities conducted" is overly broad, since all activities conducted by Plaintiff are "business activities". Without waiving these objections, Plaintiff conducts its business as an independent contractor trucking business, operating as an independent contractor under the motor carrier authority of JB Freight Group, Inc., AA Freight, Inc., Tesla Freight, MRV Transport, Inc., and Empire Freight Systems, Inc., hauling freight nationwide for various customers whose identities are confidential in exchange for compensation in the form of commissions, mileage rates, or flat rates.

**Supplemental Response:**

Plaintiffs incorporate by reference their General Objections and Specific Objections as previously stated in their initial response to Defendant's Interrogatories and Requests to Produce. Subject to and without waiving those objections, and pursuant to the parties' meet and confer discussions, Plaintiff hereby supplements its response as follows: Answering further, refer to Plaintiff's document production that includes (i) fuel transaction reports (BANS 0126-0130), these transaction reports include location information relative to Plaintiff's geographic scope of operations; (ii) Agreement between Plaintiff and JB Freight Group, Inc (BANS 0001-0012) that discusses the duties and obligations of Plaintiff and the method of compensation; (iii)

Pay driver statements from JB Freight (BANS 0015-0037) that show Plaintiff's trips, deductions, and rate of pay; (iv) Plaintiff's business bank statements from Chase Bank (BANS 0047-0116) that show Plaintiff's revenue sources.

During the relevant time period, Plaintiff also conducted its business as an independent contractor trucking business, operating as an independent contractor under the motor carrier authority of USA Freight, Inc.

**INTERROGATORY NO. 2**: Identify all bank accounts, lines of credit, loans, credit cards, and other financial instruments held by you or your affiliated entities at any financial institution from January 1, 2020 to present, including account numbers, opening and closing dates, and reasons for any account closures.

**RESPONSE:** Plaintiff objects to this request, because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control; and because it seeks information not within the time frame of the use of the Line of Credit which is the subject of this lawsuit. Without waiving these objections, for the relevant time period of April 1, 2022 until August 31, 2023, Plaintiff Bans, Inc., had business bank accounts with Chase (see enclosed bank statements bates stamped Bans Inc 0047-0116).

**Supplemental Response:**

The unredacted Chase account number belonging to Plaintiff is 000000205756015. Plaintiff, Arsenije Nenezic, possessed a Chase checking account (ending in 0975), two Chase credit cards (with account number ending in 8500 and 7782) and an American Express Card (this card is no longer open). Plaintiff BANS also had an SBA loan with an original amount of $150,000.00. Plaintiff did not have any other credit lines besides the one with BMO Bank.

Plaintiffs BANS did not have any other business checking accounts.

**INTERROGATORY NO. 3:** Describe all deposits, withdrawals, transfers, and other transactions involving BMO accounts from account opening through closure (see Account Statements Attached as Exhibit A), including the source of funds, purpose of each transaction, and the parties involved.

**RESPONSE:** Plaintiff objects to this request because it seeks information which is already in Defendant's possession or control, as reflected in the very documents to which Defendant has directed Plaintiff; because it is unduly broad; and because it is calculated to harass Plaintiff in seeking a description of hundreds of self-evident transactions. Without waiving these objections, the source of funds of the Business Line of Credit reflected in Exhibit A is Defendant BMO; the purpose of the funds was to operate and expand the business of Plaintiff; and the parties involved were Plaintiff, Plaintiff Arsenije Nenezic, and Defendant BMO. Plaintiff also deposed funds from JB Freight Group, Inc., funds that it earned working as an independent contractor on behalf of JB Freight Group, Inc. Answering further, please refer to the driver pay statements from JB Freight Group bates stamped Bans Inc 0015-0037.

**Supplemental Response:**

Answering further, on May 9, 2022, Plaintiff utilized a credit advance in the amount of $73,000.00 to purchase a 2022 Great Dane champion trailer from USA Freight, Inc., (see BANS 0124, Bill of Sale, and Certificate of Title of Vehicle BANS Inc 0132). On February 27, 2023, Plaintiff utilized a credit advance in the amount of $22,500 towards the purchase of a 2021 Volvo VNL780 Truck (See Certificate of Title of Vehicle BANS Inc 0131). The truck was purchased from Mr. Milos Brcan.

**INTERROGATORY NO. 4:** Describe in detail any and all communications you or your

representatives had with anyone regarding (a) the application for your line of credit; (b) the use of your line of credit; (c) any questions or concerns raised by BMO about activity in your accounts; and (d) the termination of your line of credit and banking relationship.

**RESPONSE:** Plaintiff objects to this interrogatory because it seeks information already within Defendant's possession or control. Without waiving this objection, Plaintiff, through its owner, Plaintiff, Arsenije Nenezic, had communications with:

- A BMO representative when Bans Inc., opened a Line of Credit with BMO line of credit at the BMO bank location at 901 Burlington Ave, Western Springs, IL 60558; a business checking account was opened along with a Line of Credit.

- The Line of Credit was used to purchase a new Great Dane trailer (approximately $73,000), and a 2012 Volvo truck (approximately $44,000).

- Plaintiff discussed the credit line with Vladan Jocovic.

- Plaintiff discussed with Plaintiff Durovic their Lines of Credit with BMO.

Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Supplemental Response:**

-Plaintiff also discussed the line of credit with Siti Baxter, a BMO Retail Relationship Banker Officer.

**INTERROGATORY NO. 5:** State all facts that support your allegation in Paragraph 40 of the Complaint that "BMO experienced an episode of fraud, purportedly committed by a person who happened to be of Eastern European ethnicity or national origin, in one of its Chicago area branches."

**RESPONSE**: In around September of 2023, Plaintiff, Arsenije Nenezic, became aware

from other Serbian and Montenegrin individuals that BMO cancelled the lines of credit of numerous persons of Eastern European race or national origin, because one or more BMO employees, the identity of whom is not known to Plaintiff, had purportedly committed fraud against BMO, by issuing fraudulent credit lines on behalf BMO.

**Supplemental Response:**

Plaintiff does not recall the names of the persons from whom he obtained this information.

**INTERROGATORY NO. 6:** Describe the impact of the closure of your business and personal accounts by BMO Bank, N.A. on your financial operations and creditworthiness. Include any specific instances where this impacted your ability to conduct business or obtain credit from other sources.

**RESPONSE:** Plaintiff was required to divert revenue from other uses to attempt to pay back the Line of Credit funds that Defendant demanded be paid back immediately, instead of the agreed upon schedule of the Letter of Agreement; Plaintiff's ability to borrow funds to continue its business was impinged, terminated and became more costly; Plaintiff was unable to expand its business by purchasing equipment through the use of the credit line funds; Plaintiff's creditworthiness score was affected by the cancellation, inhibiting Plaintiffs' ability to borrow funds from other sources; and, Plaintiff was sent to debt collection and as a result its reputation was injured. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Supplemental Response:**

Plaintiff intended to utilize the remaining credit line funds towards the purchase of trucking equipment to expand its business. However, given the sudden closure of the credit line and the accelerated demand of repayment by Defendant, Plaintiff was unable to purchase the

desired equipment. Plaintiff was forced to divert money from its business in order to replay the credit line. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 7:** Describe in detail any and all communications you alleged to have received from BMO "encouraging [you] to open a line of credit with BMO," including, but not limited to telephone conversations, advertising circulars, and in person communications.

**RESPONSE:** In addition to the receipt of the Letter of Agreement, Plaintiff was contacted numerous times by BMO representatives, by telephone, by email, and in person prior to Plaintiff's opening of a Line of Credit and business banking account at BMO's branch location.

**Supplemental Response:**

Plaintiff discussed the line of credit in person at the Western Springs Location of BMO bank with Siti Baxter, a retailer relationship banker officer. Plaintiff may have discussed the line of credit with other employees of BMO Bank, but does not recall any of their names.

**INTERROGATORY NO. 8:** State all facts supporting your claim that you were allowed to draw on the Line of Credit for days after notification that BMO was terminating your line of credit.

**RESPONSE**: Plaintiff objects to this Interrogatory because it is vague, ambiguous, and incapable of a response.

**Supplemental Response:**

During the parties' meet and confer discussions, Defendant agreed to identify the specific factual allegation where Plaintiffs allege they were allowed to draw on the Line of Credit for days after notification that BMO was terminating their line of credit. To date,

Defendant has not identified this allegation. If Defendant does so, Plaintiff will supplement its response to this interrogatory to the extent possible.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All account statements and related records for any Account, including but not limited to, any checking account, savings account, credit card account, and/or deposit account, held by the Plaintiff at any bank, credit card company, brokerage firm, investment firm, or other financial institution which the Plaintiff currently owns, holds, claims an interest in, or controls in whole or in part, or has owned, held, controlled, or claimed an interest in, in whole or in part, for the period commencing on the later of (i) the date of the account's inception and continuing through the present.

**RESPONSE:** Plaintiff objects to this request, because it is overbroad, since it seeks bank and financial accounts which have no relevance to and nothing to do with this lawsuit, including accounts which Plaintiff may have had or held at any time with any financial institution, and including such accounts held, opened and closed long before this lawsuit was filed. Without waiving this objection, Plaintiff has produced certain bank and financial account records that are within Bans Inc.'s possession or control for the period of April 1, 2022 through August 31, 2023. (See enclosed Bans Inc 0047-0116).

**Supplemental Response:**

Refer to Plaintiff, Arsenije Nenezic's Chase credit cards statements. (Bans Inc 0133-0140).

**REQUEST FOR PRODUCTION NO. 2:** All financial statements, tax returns, tax documents, balance sheets, income statements, cash flow statements, or other financial reports for the Plaintiff during the relevant time period.

**RESPONSE:** Plaintiff objects to this request because it seeks information which is not

relevant to this matter, and is not calculated to lead to the discovery of information which is relevant to this matter.

**Supplemental Response:**

Refer to Plaintiff's W-9 Form (Bans Inc 0038-0043) and tax returns for the year 2021 and 2022 (Bans 0141-0194).

**REQUEST FOR PRODUCTION NO. 3:** All documents and communications evidencing the specific transactions for which the proceeds of the BMO line of credit were used.

**RESPONSE:** Plaintiff objects to this request because it seeks information which is not relevant to this matter, and is not calculated to lead to the discovery of information which is relevant to this matter. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Supplemental Response:**

On May 9, 2022, Plaintiff utilized a credit advance in the amount of $73,000.00 to purchase a 2022 Great Dane champion trailer from USA Freight, Inc., (see BANS Inc 0124, Bill of Sale, and Certificate of Title of Vehicle BANS Inc 0132). On February 27, 2023, Plaintiff utilized a credit advance in the amount of $22,500 towards the purchase of a 2021 Volvo VNL780 Truck (See Certificate of Title of Vehicle BANS Inc 0131). The truck was purchased from Mr. Milos Brcan.

**REQUEST FOR PRODUCTION NO. 4:** All documents supporting your claim for damages, including documents showing increased borrowing costs, denied credit applications, invoices for attorneys' fees incurred in defending the prior litigation brought by BMO, and Plaintiff's purported "embarrassment and humiliation" as a result of BMO's conduct.

**RESPONSE:** Plaintiff will produce all non-privileged and responsive documents within its possession or control. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Supplemental Response:**

Refer to Bans Inc 0001-0201. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 5:** All business licenses, permits, registrations, and other governmental authorizations held by Plaintiff's entities.

**RESPONSE:** Plaintiff objects to this request because the phrase "Plaintiff's entities" is vague and ambiguous. Without waiving this objection, Plaintiff will produce all non-privileged and responsive documents within its possession or control.

**Supplemental Response:**

Refer to Bans Inc 0013 and 0123 (medical examiner's certificate for Plaintiff, Arsenije Nenezic); Bans Inc 0014 and 0117-0118 (Plaintiff, Arsenije Nenezic's CDL); and, Bans Inc 0195-0200 (Safer Snapshot Reports for USA Freight Inc and JB Freight Group, Inc).

**REQUEST FOR PRODUCTION NO. 6:** All contracts, agreements, invoices, receipts, and other documents related to business transactions conducted by Plaintiff from 2020 to present.

**RESPONSE:** Plaintiff objects to this request because it seeks information which is not relevant to this matter, and is not calculated to lead to the discovery of information which is relevant to this matter.

**Supplemental Response:**

Refer to Bans Inc 0001-0201. Plaintiff's investigation continues. Plaintiff reserves the

right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 7**: Documents sufficient to show the structure, formation, and governance of the Plaintiff, including but not limited to:

a. Articles of incorporation or organization, charters, bylaws, partnership agreements, shareholder agreements, or other documents evidencing the existence of the entity.

b. Any organizational charts, diagrams, or other records depicting the Plaintiff's relationship to any affiliated entities, related parties, or Beneficiaries.

**RESPONSE:** Plaintiff objects to this interrogatory, because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control. Without waiving these objections, Plaintiff will produce all non-privileged and responsive documents within its possession or control.

**Supplemental Response:**

Refer to Agreement between Plaintiff JB Freight Group, Inc (BANS Inc 0001-0012) and Plaintiff's Articles of Incorporation (Bans Inc 0201).

**REQUEST FOR PRODUCTION NO. 8:** All documents, records, materials, and communications related to Plaintiff's compliance with the federal and Illinois state requirements for owners/operators of trucking/transport, including but not limited to:

a) Documents related to the Plaintiff's U.S. Department of Transportation Number.
b) Documents related to the Plaintiff's Motor Carrier Number.
c) Documents related to the Plaintiff's Cargo Insurance.
d) Documents related to the Plaintiff's International Fuel Tax Agreement filings.
e) Documents related to the Plaintiff's International Fuel Tax Agreement filings.

f) Documents related to the Plaintiff's DOT Medical Card or Medical Examiner's Certificate

g) Documents related to the Plaintiff's Logbook Activities

h) Documents related to the Plaintiff's Commercial Driver's Licence (sic)

**<u>RESPONSE:</u>** Plaintiff objects to this request because it seeks information which is not relevant to this matter, and is not calculated to lead to the discovery of information which is relevant to this matter. Without waiving these objections, Plaintiff will produce all non-privileged and responsive documents within Bans Inc.'s possession or control. Answering further, refer to enclosed Bans Inc 0001-0014.

**<u>Supplemental Response:</u>**

Refer to Bans Inc 0001-0201. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 9:** Documents sufficient to show any debts and liabilities the Plaintiff owed or incurred during the relevant time period, including:

a) Documents identifying the name, address, and telephone number of each creditor.

b) Records of the amount owed.

c) Documents showing when the debt was incurred and for what reason.

d) Records showing whether all or any portion of the debt is paid and, if so, the amount of payment.

e) Records showing when all or any portion was paid.

f) Documents identifying whether the debt is secured and, if so, how it is secured.

g) Records reflecting any remaining balance on such debts.

h) All contracts, bills, invoices, statements, agreements, mortgages, loan agreements, and all correspondence or other records memorializing communications relating to each such debt.

**<u>RESPONSE:</u>** Plaintiff objects to this interrogatory, because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control.

**Supplemental Response:**

None other than BMO's line of credit and the SBA loan for $150,000.00.

**REQUEST FOR PRODUCTION NO. 10:** Documents sufficient to show the capitalization and funding of the Plaintiff from its inception to the present, including but not limited to:

a. Records of any initial contributions to the Plaintiff, including the source, amount, and date of such contributions.

b. Documents reflecting any subsequent contributions, transfers, or deposits to the Plaintiff from any person or entity.

c. Wire transfer records, deposit slips, or other banking records showing funds transferred to or deposited in any account of the Plaintiff.

d. Records identifying the source and nature of each payment to the Plaintiff and/or deposits into the Plaintiff's Accounts.

e. Any correspondence, memoranda, or agreements describing the purpose or use of such funds.

**RESPONSE:** Plaintiff objects to this interrogatory, because the phrase "sufficient to show the capitalization and funding of the Plaintiff from its inception to the present" is vague and ambiguous; and because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control.

**Supplemental Response:**

Refer to Bans Inc 0001-0201. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 11:** All documents, records, materials, and communications related to Plaintiff's ownership and use of any vehicles used in connection with its business, including but not limited to:

a) Documents related to purchase of all vehicles owned by the Plaintiff.

b) Documents related to insurance coverage for all vehicles owned by the Plaintiff.

c) Documents related to any taxes or registration fees related the vehicles owned by the Plaintiff.

**RESPONSE:** Plaintiff objects to this interrogatory because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control.

**Supplemental Response:**

Refer to Bans Inc 0001-0201. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 12:** All documents reflecting communications between Plaintiff and any third parties regarding their BMO banking relationships, credit facilities, or account closures.

**RESPONSE:** Plaintiff will produce all non-privileged and responsive documents within its possession or control. Answering further, refer to enclosed Bans Inc 0045-0046.

**Supplemental Response:**

Also refer to Bans Inc. 0125.

**REQUEST FOR PRODUCTION NO. 13:** All documents reflecting Plaintiff's knowledge of or involvement in any investigations of Eastern European individuals or businesses for fraudulent activities.

**RESPONSE:** Plaintiff will produce all non-privileged and responsive documents within Bans Inc.'s possession or control. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Supplemental Response:**

None in the possession of Plaintiff.

**REQUEST FOR PRODUCTION NO. 14**: All marketing materials or solicitations received from BMO regarding credit products prior to applying for the Line of Credit.

**RESPONSE:** Plaintiff will produce all non-privileged and responsive documents within Bans Inc.'s possession or control. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Supplemental Response:**

Refer to Bans Inc. 0125.

**REQUEST FOR PRODUCTION NO. 15**: All documents, records, and materials reviewed, referenced, consulted, or relied upon by you, or by anyone acting on your behalf, in preparing your responses to the Interrogatories served in this matter, to the extent such documents have not been produced in response to the preceding Requests for Production.

**RESPONSE:** Plaintiff objects to this interrogatory to the extent it seeks information prepared by Plaintiffs' attorneys that is work product, and to the extent it seeks information and/or communications between Plaintiff and Plaintiff's counsel. Plaintiff will produce all other non-privileged and responsive documents within Bans Inc.'s possession or control. Answering further, refer to enclosed Bans Inc 0001-0116. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Supplemental Response:**

Refer to Bans Inc 0001-0201. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

Respectfully submitted,

*/s Angel P. Bakov*_____________
One of the Attorneys for Plaintiffs

Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
65 West Jackson Blvd.
Suite 107
Chicago, Illinois 60604
(312) 789-9700
#14971
jeff@JGBrownlaw.com

Angel Bakov
Bakov Law, Ltd.
One East Wacker Drive
Suite 2510
Chicago, Illinois 60601
(312) 880-1008
#63466
abakov@bakovlaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have on this 12th day of November, 2025 served a true and correct copy of the foregoing: Plaintiff, Bans, Inc.'s, Amended Responses to Defendant, BMO Bank, N.A.'s Interrogatories and Request to Produce via email to the following counsel of record:

By: *__/s/ Angel P. Bakov__*
One of the Attorneys for Plaintiffs

Jeffrey E. Jamison
BMO Bank N.A.
320 South Canal 7th Floor
Chicago, Illinois 60606-5707
(312) 461-4694
jeffrey.jamison@bmo.com

**Counsel for Defendant, BMO Bank, N.A**

**VERIFICATION OF PLAINTIFF'S DISCOVERY ANSWERS**

The undersigned, under penalties of perjury, states that he/she has read the above Responses to Defendant's Interrogatories, and has knowledge of the facts stated therein, and that matters and things stated therein are true and correct, except as those matters stated to be on information and belief, and as to such matters he/she certifies as aforesaid that he/she verily believes them to be true.

__11.12.2025__________
DATE

Arsenije Nenezic
PRINT NAME

Arsenije Nenzic
SIGNATURE

Signature: [signature]
Arsenije Nenezic (Nov 12, 2025 16:47:33 CST)
Email: arsenijenen@gmail.com

P.D. Logistics, LLC, et al. v. BMO Bank N.A.
Case No. 25-cv-06559 (N.D. Ill.)

# EXHIBIT

# 6

Rule 37 Letter from BMO's Counsel to Plaintiffs' Counsel
Dated February 26, 2026

BMO Financial Group

**Legal Department**
320 South Canal Street- Floor 7
Chicago, Illinois 60606

February 26, 2026

**Via Email Only**

Jeffrey Grant Brown
JEFFREY GRANT BROWN P.C.
65 West Jackson Blvd., Suite 107
Chicago, Illinois 60604
Jeff@jgbrownlaw.com

Angel Bakov
Bakov Law Ltd.
One East Wacker Drive
Suite 2510
Chicago, Illinois 60601
abakov@bakovlaw.com

**Re: *P.D. Logistics, LLC, et. al. v. BMO Bank N.A.* (Case No. 25 cv 6559) -Meet and Confer Regarding Plaintiffs' Outstanding Discovery Responses**

Dear Counsel:

On behalf of BMO Bank N.A. ("BMO"), we write regarding the outstanding deficiencies in the discovery responses of your clients—Plaintiffs PD Logistics, LLC ("PD"), Pavel Durovic ("Durovic"), Bans, Inc. ("Bans"), and Arsenije Nenezic ("Nenezic") (collectively, "Plaintiffs")—and to memorialize our extensive meet-and-confer efforts pursuant to Rule 37 and Local Rule 37.2. Despite multiple letters and follow-up conferences, Plaintiffs' document productions and interrogatory responses remain incomplete and noncompliant. This letter serves as BMO's final attempt to resolve these issues without seeking court intervention.

Since receiving Plaintiffs' initial responses, we have undertaken substantial efforts to confer in good faith. Specifically, we sent Rule 37 letters dated October 16 and 20, 2025 outlining BMO's concerns, and we participated in Rule 37 conferences on October 24, 2025 and January 12, 2026, during which we identified the deficiencies in detail and discussed the supplemental information required.

Despite these efforts, Plaintiffs' responses remain deficient. Moreover, we have received information from third parties which further confirm your clients' failure to provide complete and accurate responses.

As an initial matter, Plaintiffs have objected to producing records outside the "relevant time period," which Plaintiffs themselves set in the Complaint as beginning in December 2020. Please advise whether Plaintiffs intend to stand on this objection so that BMO may determine whether the issue must be presented to the Court.

BMO Financial Group

**Legal Department**
320 South Canal Street- Floor 7
Chicago, Illinois 60606

Further, during our meet-and-confer, you agreed to produce records for each Plaintiff for the period of November 1, 2022, through December 31, 2023. As detailed below, Plaintiffs have not produced complete records for this more limited time-period.

Moreover, BMO's definition of "documents" expressly includes electronically stored information, including emails. Plaintiffs, however, have produced very few emails. Please produce all responsive electronically stored information.

Additionally, although Plaintiffs assert that certain documents have been withheld as privileged, they have not produced a privilege log as required by Rule 26(b)(5)(A). Please provide a privilege log identifying each withheld document and the basis for the asserted privilege.

It also remains unclear whether Plaintiffs' production is complete. Please confirm whether Plaintiffs have any additional responsive documents.

Further, Plaintiffs' discovery responses identify several individuals without providing any contact information. Because these individuals possess discoverable information, their names, addresses, and telephone numbers must be disclosed pursuant to Rule 26(a). Please provide contact information for the following individuals:

- Milos Brcan
- Ivan Chepil
- Radisav Gvozdenovic
- Ljubisa Srejovic
- Srejovic Accounting
- Jovana Janjic
- Vladan Jocovic

Please cure these deficiencies—along with those identified below—by March 10, 2026, to avoid the need for a motion to compel.

**Request for Production No. 1 to all Plaintiffs** seeks all account statements and related records for any Account, including but not limited to, any checking account, savings account, credit card account, and/or deposit account, held by the Plaintiff at any bank, credit card company, brokerage firm, investment firm, or other financial institution which the Plaintiff currently owns, holds, claims an interest in, or controls in whole or in part, for the period commencing on the later of (i) the date of the account's inception and continuing through the present.

- Nenezic produced a credit card statement from November 2025. Nenezic has not produced any records responsive to this request despite stating in his interrogatory

BMO Financial Group

**Legal Department**
320 South Canal Street- Floor 7
Chicago, Illinois 60606

answers that he had a Chase checking account, two Chase credit cards, and an America Express card, at the time. Produce the records.

- Bans identified a $150,000 SBA loan, but has not produced any records regarding this loan, nor has it identified the financial institution that provided the loan. Produce the records.

- PD has identified a credit line with Fifth Third Bank but has not produced any documents regarding that credit line. In addition, PD Logistics did not produce November 2022 records for its Bank of America account. PD Logistics is also missing complete Bank of America credit-card statements for January 2023, February 2023, June 2023, and July 2023—only partial statements for those months were produced. With respect to its Chase credit card, PD Logistics has not produced complete statements for November 2022, December 2022, or September 2023. Produce the records.

- Durovic identified only two accounts. Confirm that Durovic has no other documents responsive to this request.

**Request for Production No. 2 to all Plaintiffs** seeks all financial statements, tax returns, tax documents, balance sheets, income statements, cash flow statements, or other financial reports for the Plaintiff during the relevant time period.

- Nenezic has not produced any tax records or related financials. Produce the records.

- Bans has not produced tax returns for 2023, nor has Bans produced any of the underlying financials requested by this production request. Produce the records.

- PD has not produced any tax returns and appears to object on the basis that BMO may have received returns when PD Logistics applied for its line of credit in 2022. Even if that were the case, BMO does not have PD's tax returns for tax years 2022 and 2023, as those returns would not have existed at the time of the credit application. In addition, like Bans, PD Logistics has not produced any of the underlying financial statements requested by this document request. Produce the records.

- Durovic has not produced any tax returns or related financials. Produce the records.

**Request for Production No. 3 to all Plaintiffs** seeks all documents and communications evidencing the specific transactions for which the proceeds of the BMO line of credit were used.

BMO Financial Group

**Legal Department**
320 South Canal Street- Floor 7
Chicago, Illinois 60606

- PD asserts that it transferred $15,141.28 to Mr. Radisav Gvozdenovic as compensation for his services as a safety manager but has produced no documents supporting this claim. PD Logistics further contends that funds were used for business-related expenses, including trucking repairs and equipment purchases, yet again has not produced any documentation to substantiate these assertions. Please produce the supporting documents or confirm that PD Logistics has none.

**Request for Production No. 4 to all Plaintiffs** seeks all documents supporting your claim for damages, including documents showing increased borrowing costs, denied credit applications, invoices for attorneys' fees incurred in defending the prior litigation brought by BMO, and Plaintiffs' purported 'embarrassment and humiliation' as a result of BMO's conduct.

- Bans and Nenezic have identified the entire Bans production as responsive to this request. Based on this representation, BMO cannot determine which documents support the specific categories of damages claimed. Please clarify.

- PD and Durovic have identified documents. Please confirm PD's and Durovic's production is complete.

**Request for Production No. 5 to all Plaintiffs** seeks all business licenses, permits, registrations, and other governmental authorizations held by Plaintiff's entities.

- PD and Durovic agreed to produce responsive information for November 1, 2022, to December 31, 2023. Nonetheless, PD Logistics and Durovic have provided a medical certificate from 2024 and a CDL from 2025. Additionally, they have not produced any "Query Overviews" for 2022, and most of 2023. Produce the records.

**Request for Production No. 6 to all Plaintiffs** seeks all contracts, agreements, invoices, receipts, and other documents related to business transactions conducted by Plaintiff from 2020 to present.

- Each Plaintiff has identified their entire production as responsive to this request. Based on this representation, BMO cannot determine which documents are responsive. Please clarify.

**Request for Production No. 7 to PD and Bans** seeks all documents sufficient to show the structure, formation and governance of the Plaintiff, including but not limited to: a.) Articles of incorporation or organization, charters, bylaws, partnership agreements, shareholder agreements, or other documents evidencing the existence of the entity; and b.) Any organizational charts, diagrams, or other records depicting the Plaintiff's relationship to any affiliated entities, related parties or Beneficiaries.

BMO Financial Group

**Legal Department**
320 South Canal Street- Floor 7
Chicago, Illinois 60606

- PD has not produced any records regarding its structure, formation and governance as sought by this request. Produce this information.

**Request for Production No. 7 to Durovic** seeks documents related to any other entities that Durovic owns or controls in whole or part including but not limited to PD Logistics, SCG Logistics LLC, Zupa Transport Inc., and Liverovici Services LLC.

- Durovic has not produced any corporate governance documents for the entities identified in this request, and has not produced any records for Zupa Transport, Inc. Provide this information.

**Request for Production No. 7 to Nenezic** seeks documents related to any other entities that Nenezic owns or controls in whole or part including but not limited to BANS Inc. and JB Freight Group.

- Nenezic has not produced any corporate governance documents for JB Freight Group. Provide this information.

**Request for Production No. 8 to all Plaintiffs** seeks all documents, records, materials, and communications related to Plaintiff's compliance with the federal and Illinois state requirements for owners/operators of trucking/ transport, including but not limited to: a) documents related to Plaintiff's U.S. Department of Transportation Number; b) Documents related to the Plaintiff's Motor Carrier Number; c) Documents related to the Plaintiff's Cargo Insurance; d) Documents related to the Plaintiff's International Fuel Tax Agreement filings…f) Documents related to the Plaintiff's DOT Medical Card or Medical Examiner's Certified; g) Documents related to the Plaintiff's Logbook Activities; and h) Documents related to the Plaintiff's Commercial Driver's License.

- PD and Durovic agreed to produce responsive information for the period of November 1, 2022 through December 31, 2023. However, PD and Durovic have instead produced a medical certificate from 2024 and a CDL issued in 2025. They have also failed to produce any "Query Overviews" for 2022 and for most of 2023. In addition, neither has provided documents relating to insurance, logbook activities, or international fuel tax agreement filings. They likewise have not produced any of the communications requested. Produce these records.

- Bans and Nenezic have not produced any information relating to insurance, logbook activities, or international fuel tax agreement filings. They likewise have not produced any of the communications requested. Further, they refer to the entire Bans production and BMO cannot determine which documents are responsive. Supplement and clarify.

BMO Financial Group

**Legal Department**
320 South Canal Street- Floor 7
Chicago, Illinois 60606

**Request for Production No. 9 to PD and Bans** seeks all documents sufficient to show any debts and liabilities the Plaintiff owed or incurred during the relevant time period, including: a) Documents identifying the name, address, and telephone number of each creditor; b) records of the amount owed; c) documents showing when the debt was incurred and for what reason; d) records showing whether all or any portion of the debt is paid and, if so, the amount of payment; e) records showing when all or any portion was paid; f) documents identifying whether the debt is secured and, if so, how it is secured; g) records reflecting any remaining balance on such debts; and h) all contracts, bills, invoices, statements, agreements, mortgages, loan agreements, and all correspondence or other records memorializing communications relating to each such debt.

- PD has identified its entire production as responsive to this request. Based on this representation, BMO cannot determine which documents are responsive. Please clarify.

**Request for Production No. 9 to Durovic** seeks documents related to any employment you have with any entity including but not limited to PD Logistics, Got Inc., and SCG Logistics, Inc.

- Durovic references PD's entire production. Based upon this representation, BMO cannot determine which documents are responsive. Please clarify.

**Request for Production No. 10 to PD and Bans** seeks documents sufficient to show the capitalization and funding of the Plaintiff from its inception to the present, including but not limited to: a.) records of any initial contributions to the Plaintiff, including the source, amount, and date of such contributions; b.) documents reflecting any subsequent contributions, transfers, or deposits to the Plaintiff from any person or entity; c.) wire transfer records, deposit, slips, or other banking records showing funds transferred to or deposited in any account of the Plaintiff; d.) records identifying the source and nature of each payment to the Plaintiff and/or deposits into the Plaintiff's Accounts; and e.) any correspondence, memoranda, or agreements describing the purpose or use of such funds.

- PD and Bans refer to their entire productions. Based upon this representation, BMO cannot determine which documents are responsive. Please clarify.

**Request for Production No. 10 to Durovic and Nenezic and No. 11 to PD and Bans** seeks all documents, records, materials and communications related to Plaintiff's ownership and use of any vehicles used in connection with its business, including but not limited to: a) documents related to purchase of all vehicles owned by the Plaintiff; b) documents related to insurance coverage for all vehicles owned by the Plaintiff; and c)

BMO Financial Group

**Legal Department**
320 South Canal Street- Floor 7
Chicago, Illinois 60606

documents related to any taxes or registration fees related to the vehicles owned by the Plaintiff.

- Plaintiffs refer to their entire productions. Based upon this representation, BMO cannot determine which documents are responsive. Please clarify.

These deficiencies materially impair BMO's ability to assess the facts and prepare for depositions. The Federal Rules require full and complete responses. Accordingly, BMO requests that Plaintiffs supplement their responses and complete their production by February 10, 2026. BMO remains willing to confer regarding any challenges Plaintiffs may be encountering. If you would like to discuss any of the issues outlined in this letter, we are available for a call. BMO reserves all rights.

Sincerely,

Meredith Pike

Meredith Pike

cc: Jeff Jamison (email only)

P.D. Logistics, LLC, et al. v. BMO Bank N.A.
Case No. 25-cv-06559 (N.D. Ill.)

# EXHIBIT

# 7

Correspondence from Plaintiffs' Counsel to BMO's Counsel
Dated March 16, 2026

**BAKOV LAW, LTD.**
Angel P. Bakov, Esq.

One East Wacker Drive
Suite 2510
Chicago, IL 60601
Tel: (312) 880-1008
Fax: (312) 546-5058
abakov@bakovlaw.com

March 16, 2026

**Via Emal Only**

To: Meredith Pike <Meredith.Pike@bmo.com>
Jeffrey E. Jamison <Jeffrey.Jamison@bmo.com>
BMO Bank N.A.
320 South Canal 7th Floor
Chicago, Illinois 60606-5707

**Re:** ***Durovic, et al. v. BMO Bank, N.A.***
**Case No. 25 cv 6559**
**LR 37.2 Communication**

Dear Counsel,

This correspondence shall serve as Plaintiffs' response to Defendant, BMO Bank, N.A., (hereinafter "BMO") Rule 37.2 correspondence of February 26, 2026.

Plaintiffs intend to stand by their objection regarding the relevant time period sought by BMO. It is our position that the relevant time period for Plaintiffs, Durovic and PD Logistics is November 1, 2022 until December 31, 2023 and for Plaintiffs, Nenezic and Bans Inc., is April 1, 2022 until August 31, 2023.

To date, Plaintiffs have produced all emails in their possession that are relevant to this proceeding. Plaintiffs can confirm that they do not possess any additional electronically stored documents. Furthermore, Plaintiffs have not withheld any alleged privileged materials. As such, BMO's request for a privilege log is moot.

In response to BMO's request to provide contact information for the following individuals, Plaintiffs answer as follows:

1. Milos Brcan: 13800 California Ave., Blue Island, IL 60406, Telephone: 630-828-5577
2. Ivan Chepil: Mr. Chepil's contact information is reflected in a document that was produced by PD Logistics in discovery, refer to PD Logistics 0118. Mr. Chepil's address is listed as 1837 Wellington Pl, Hoffman Estates, IL 60169 and his telephone number is 773-344-5117;
3. Radisav Gvozdenovic: investigation continues. Plaintiff will supplement this response;
4. Ljubisa Srejovic: Srejovic Accounting Services Ltd., 2340 S River Rd., Ste 208, Des Plaines, IL 60018, Telephone number: 773-545-6288;
5. Srejovic Accounting Services Ltd., 2340 S River Rd., Ste 208, Des Plaines, IL 60018, Telephone number: 773-545-6288;

6. Jovana Jancic: Mrs. Janjic's contact information is reflected in a document that was produced by PD Logistics in discovery, refer to PD Logistics 0591. Mrs. Jancic's address is listed as 1701 Woodfield Rd., Suite 745, Schaumburg, IL 60173;
7. Vladan Jocovic: 130 N. La Grange Rd., Ste 214, La Grange, IL, telephone number: 224-290-9055.

Plaintiffs' supplemental response to BMO's specific requests to produce:

**Request for Production No. 1 to all Plaintiffs:**

- Nenezic has identified all of his bank accounts and the last four digits of each Chase Bank Account. Nenezic does not have any documents relative to his American Express card as this card is no longer open. For the relevant time period of April 1, 2022 through August 31, 2023, in addition to Nenezic and Bans' previous production, see Bans Inc 0251-0290.
- Bans' $150,000 SBA loan was a Disaster Covid-19 economic injury loan provided by the U.S. Small Business Administration.
- For the relevant time period of November 1, 2022 through December 31, 2023, PD Logistics has identified all of its accounts and credit cards along with the last four digits of each account/credit card. PD Logistics has produced all documents that are in its possession. To the extent any monthly statements are missing from Plaintiff's production, BMO has issued subpoenas to the identified entities seeking the documents.
- Durovic is not in possession of any other documents responsive to this request.

**Request for Production No. 2 to all Plaintiffs:**

- See Bans Inc 0202-0250.
- Investigation continues. Plaintiffs will supplement this response.
- Investigation continues. Plaintiffs will supplement this response.
- Investigation continues. Plaintiffs will supplement this response.

**Request for Production No. 3 to all Plaintiffs:**

- PD Logistics has produced all documents in its possession.

**Request for Production No. 4 to all Plaintiffs:**

- Bans and Nenezic stand by its answer. Answering further, specifically refer to Bans Inc 0045-0046 and 0250.
- To date, PD Logistics and Durovic have produced all responsive documents in their possession. PD Logistics and Durovic continue to make monthly payments pursuant to the settlement agreement entered in the Cook County Law Division case. As such, they reserve the right to supplement this response in the future.

**Request for Production No. 5 to all Plaintiffs:**

- PD Logistics and Durovic have produced all responsive documents in their possession.

**Request for Production No. 6 to all Plaintiffs:**

- Plaintiffs stand by their answer as all of the documents they have produced relate to business transactions conducted by them.

**Request for Production No. 7 to PD and Bans**

- PD Logistics has produced all responsive documents in its possession.

**Request for Production No. 7 to Durovic**

- Durovic has produced all responsive documents in his possession.

**Request for Production No. 7 to Nenezic**

- Nenezic has produced all responsive documents in his possession.

**Request for Production No. 8 to all Plaintiffs:**

- Plaintiffs have produced all responsive documents in their possession.

**Request for Production No. 9 to PD and Bans**

- Refer to PD Logistics 0117-118, 121-142, 163-282, 290, 316, 333-339, and 380-597.

**Request for Production No. 9 to Durovic**

- Plaintiff stands by its answer. All documents produced by Durovic relate to his employment.

**Request for Production No. 10 to PD and Bans**

- Plaintiffs stand by their answer. All documents produced by PD and Bans relate to their capitalization, funding and operation from their inception to the present.

**Request for Production No. 10 to Durovic and Nenezic and No. 11 to PD and Bans**

- For PD Logistics, refer to PD Logistics 117-118, 121-131, 153-162, 283-289, 291-302, 307-332, 343-375, and 377-379.
- For Bans, refer to Bans Inc., refer to Bans Inc 1-12, 15-37, 124, and 126-132.

Respectfully submitted,

*/s/ Angel P. Bakov*______

One of the Attorneys for Plaintiffs

Angel Bakov
Bakov Law, Ltd.
One East Wacker Drive
Suite 2510
Chicago, Illinois 60601
(312) 880-1008

cc:
Jeffrey Grant Brown (via email)

P.D. Logistics, LLC, et al. v. BMO Bank N.A.
Case No. 25-cv-06559 (N.D. Ill.)

# EXHIBIT

# 8

Letter from BMO's Counsel to Plaintiffs' Counsel
Dated April 15, 2026

BMO Financial Group

**Legal Department**
320 South Canal Street- Floor 7
Chicago, Illinois 60606

April 15, 2026

**Via Email Only**

Jeffrey Grant Brown
JEFFREY GRANT BROWN P.C.
65 West Jackson Blvd., Suite 107
Chicago, Illinois 60604
Jeff@jgbrownlaw.com

Angel Bakov
Bakov Law Ltd.
One East Wacker Drive
Suite 2510
Chicago, Illinois 60601
abakov@bakovlaw.com

Re: ***P.D. Logistics, LLC, et. al. v. BMO Bank N.A.*** **(Case No. 25 cv 6559)**
**Meet and Confer Regarding Plaintiffs' Outstanding Discovery Responses**

Dear Counsel:

We write in follow-up to BMO Bank N.A.'s ("BMO") prior Rule 37.2 correspondence, including BMO's January 27 and February 26, 2026 letters and the parties' subsequent email exchanges. Plaintiffs have still not complied with the Federal Rules of Civil Procedure in several critical respects. This letter is intended as a final good-faith effort to resolve these issues without Court intervention.

Rule 26(g)(1) requires that "[e]very discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 26(g)(1). The Rule further provides that, by signing, an attorney or party certifies that, to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, a discovery response is "complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1)(B).

Plaintiffs supplemented their responses to BMO's production requests through a letter response, which does not comport with the federal rules. Plaintiffs must immediately serve complete, signed supplemental responses to BMO's production requests. Further, as required by Rule(g), those responses must: (1) be signed by at least one attorney of record; and (2) state clearly, on a request-by-request basis, whether all responsive documents have been produced or that no responsive documents exist after a reasonable and diligent inquiry.

BMO Financial Group

**Legal Department**
320 South Canal Street- Floor 7
Chicago, Illinois 60606

Absent proper written responses, BMO cannot determine the scope or completeness of Plaintiffs' production, nor can it prepare for depositions. Unless cured, BMO will move to compel compliance with Rule 26(g).

Further, Request for Production No. 2 seeks all financial statements, tax returns, tax documents, balance sheets, income statements, cash-flow statements, or other financial reports for Plaintiffs. In response, Plaintiffs continue to assert that their "investigation continues." That response is not permissible months into discovery and directly contravenes the plain language and certification requirements of Rule 26(g). Plaintiffs must supplement this response and produce the remaining responsive documents, including but not limited to:

- PD Logistics, LLC — 2022 federal and state tax returns;
- Bans, Inc. — 2023 federal and state tax returns;
- Pavel Durovic — 2022 federal and state personal tax returns; and
- Arsenije Nenezic — 2023 federal and state personal tax returns.[1]

In addition, Plaintiffs have not produced 1099s or related records reflecting payments by PD Logistics or Bans to independent contractors, despite such payments being central to Plaintiffs' asserted business operations

Finally, BMO has serious concerns that Plaintiffs and their counsel have not conducted the reasonable and diligent inquiry required by the Federal Rules in responding to BMO's discovery requests. For example, BMO has obtained documents from third parties, including entities affiliated with Plaintiffs such as SCG Logistics, that contain responsive information which should be within Plaintiffs' possession, custody, or control and produced. BMO has likewise received financial records from third-party institutions that Plaintiffs should reasonably have been able to obtain and produce through a diligent inquiry. In addition, despite holding themselves out as ongoing, legitimate trucking businesses operating in the modern era, Plaintiffs have produced virtually no email communications, calling into question the adequacy of their searches for electronically stored information and the completeness of their production. Taken together, these deficiencies raise substantial concerns regarding the scope and good-faith nature of Plaintiffs' discovery efforts.

[1] Although the individual Plaintiffs have since been dismissed from this action, their personal tax returns and financial records remain discoverable. Plaintiffs' remaining claims place at issue the capitalization, cash flow, and financial condition of the entity Plaintiffs, including the sources and uses of funds, alleged damages, and purported business impacts attributed to BMO's actions. This information is also directly relevant to the issues raised in BMO's Counterclaim, including to assess transfers, owner draws, distributions, loans, and assemble a complete cash flow analysis.

BMO Financial Group

**Legal Department**
320 South Canal Street- Floor 7
Chicago, Illinois 60606

In light of these deficiencies, BMO requests that Plaintiffs confirm in writing, in their signed supplemental discovery responses, that Plaintiffs and their counsel have conducted a diligent, good-faith, and reasonable inquiry in response to BMO's discovery requests. Absent this confirmation, BMO will proceed on the understanding that Plaintiffs have not complied with their obligations under Rules 26 and 34 and will seek appropriate relief.

Please cure these deficiencies no later than April 20, 2026. Unless Plaintiffs do so, BMO will have no choice but to seek relief from the Court pursuant to Rule 37, including an order compelling compliance and an award of fees and costs.

BMO reserves all rights.

Sincerely,

Meredith Pike

Meredith Pike

cc: Jeff Jamison (email only)

P.D. Logistics, LLC, et al. v. BMO Bank N.A.
Case No. 25-cv-06559 (N.D. Ill.)

# EXHIBIT

# 9

Bans, Inc.'s Second Amended Responses and Objections
(incl. Nenezic Verification) | Served April 28, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF**
**ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| PD LOGISTICS, LLC, et al., Plaintiffs, v. BMO BANK N.A. Defendant. | Case No. 25-cv-06559<br>Judge Sharon Johnson Coleman<br>Magistrate Judge Laura K. McNally |

**PLAINTIFF BANS INC.'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT BMO BANK N.A.'s FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES TO BANS INC.**

Plaintiff Bans Inc. ("Plaintiff"), through its undersigned counsel, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, hereby responds to Defendant's First Request For Production Of Documents And First Set of Interrogatories To Bans Inc., as follows:

**OBJECTIONS TO DEFENDANT'S DEFINITIONS & INSTRUCTIONS**

a) Plaintiff objects to Defendant's definition of the term "Account", because it is overbroad, since it includes bank and financial accounts which have no relevance to and nothing to do with this lawsuit, including accounts which Plaintiff may have had or held at any time with any financial institution, and including such accounts held, opened and closed long before this lawsuit was filed.

b) Plaintiff objects to each term defined by Defendant's First Request For Production Of Documents And First Set of Interrogatories To PD Logistics, LLC, including but not limited to "BMO Banking Account" and "relevant time period" that is *not* used by Defendant in the Requests, as the definition is irrelevant and not calculated to lead to the

discovery of relevant evidence.

c) Plaintiff objects to the Instructions provided by Defendant to the extent that such instructions impose obligations greater than required by Fed. R. Civ. P. 26, 33 and 34.

d) Plaintiff reserves the right to move to quash or to seek a protective order on the grounds set forth in any Specific Objections and Responses or on any other basis. Plaintiff has not concluded an investigation of the facts related to this case, formal discovery, or preparation for trial. Plaintiff provides these responses without waiving his right to later modify, supplement, or amend as additional information becomes available in the course of discovery, investigation, or preparation for trial.

e) Plaintiff reserves the right to produce evidence of any subsequently discovered facts, to alter or amend the responses, and otherwise to assert factual and legal contentions in the event that information that is presently in his possession is inadvertently omitted or mistakenly stated herein. A response by Plaintiff to any specific Request is not, and shall not be construed as, an admission of the propriety of the specific Request.

f) Plaintiff's responses are made without waiving: (a) the right to object on the grounds of competency, relevancy, materiality, privilege or other grounds of admissibility of the matters disclosed as evidence for any purpose in any subsequent proceeding in this action or any other action; or (b) the right to object on any ground to other discovery requests involving or relating to the subject matter of these Requests. Further, to the extent that Plaintiff provides information, he is doing so in an effort to expedite discovery in this action and not as an indication or admission by Plaintiff of relevancy, materiality, or admissibility, and Plaintiff preserves all objections to Defendant's use of such information.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Describe in detail all business activities conducted by you from January 1, 2020 to present, including but not limited to the nature of services provided, customer base, revenue sources, primary suppliers or vendors, and geographic scope of operations.

**RESPONSE**: Plaintiff objects to this interrogatory, because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control; and because the phrase "business activities conducted" is overly broad, since all activities conducted by Plaintiff are "business activities". Without waiving these objections, Plaintiff conducts its business as an independent contractor trucking business, operating as an independent contractor under the motor carrier authority of JB Freight Group, Inc., AA Freight, Inc., Tesla Freight, MRV Transport, Inc., and Empire Freight Systems, Inc., hauling freight nationwide for various customers whose identities are confidential in exchange for compensation in the form of commissions, mileage rates, or flat rates.

**Supplemental Response:**

Plaintiffs incorporate by reference their General Objections and Specific Objections as previously stated in their initial response to Defendant's Interrogatories and Requests to Produce. Subject to and without waiving those objections, and pursuant to the parties' meet and confer discussions, Plaintiff hereby supplements its response as follows: Answering further, refer to Plaintiff's document production that includes (i) fuel transaction reports (BANS 0126-0130), these transaction reports include location information relative to Plaintiff's geographic scope of operations; (ii) Agreement between Plaintiff and JB Freight Group, Inc (BANS 0001-0012) that discusses the duties and obligations of Plaintiff and the method of compensation; (iii)

Pay driver statements from JB Freight (BANS 0015-0037) that show Plaintiff's trips, deductions, and rate of pay; (iv) Plaintiff's business bank statements from Chase Bank (BANS 0047-0116) that show Plaintiff's revenue sources.

During the relevant time period, Plaintiff also conducted its business as an independent contractor trucking business, operating as an independent contractor under the motor carrier authority of USA Freight, Inc.

**Supplemental Response:**

From January 1, 2020 until December 31, 2023 Bans Inc., only drove under the motor carrier authority of USA Freight Inc (see Bans 195, 291, 292-297. and 299) and JB Freight Group Inc (see Bans 198, 298, and 300).

**INTERROGATORY NO. 2**: Identify all bank accounts, lines of credit, loans, credit cards, and other financial instruments held by you or your affiliated entities at any financial institution from January 1, 2020 to present, including account numbers, opening and closing dates, and reasons for any account closures.

**RESPONSE:** Plaintiff objects to this request, because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control; and because it seeks information not within the time frame of the use of the Line of Credit which is the subject of this lawsuit. Without waiving these objections, for the relevant time period of April 1, 2022 until August 31, 2023, Plaintiff Bans, Inc., had business bank accounts with Chase (see enclosed bank statements bates stamped Bans Inc 0047-0116).

**Supplemental Response:**

The unredacted Chase account number belonging to Plaintiff is 000000205756015.

Plaintiff, Arsenije Nenezic, possessed a Chase checking account (ending in 0975), two Chase credit cards (with account number ending in 8500 and 7782) and an American Express Card (this card is no longer open). Plaintiff BANS also had an SBA loan with an original amount of $150,000.00. Plaintiff did not have any other credit lines besides the one with BMO Bank. Plaintiffs BANS did not have any other business checking accounts.

**Second Supplemental Response:**

Bans' $150,000 SBA loan was a Disaster Covid-19 economic injury loan provided by the U.S. Small Business Administration. The funds of the SBA loan were deposed into BANS' Chase Bank Account. See also Mr. Nenezic's Chase checking account statements from April 2022 until August 31, 2023 (Bans 0251-0290).

**INTERROGATORY NO. 3:** Describe all deposits, withdrawals, transfers, and other transactions involving BMO accounts from account opening through closure (see Account Statements Attached as Exhibit A), including the source of funds, purpose of each transaction, and the parties involved.

**RESPONSE:** Plaintiff objects to this request because it seeks information which is already in Defendant's possession or control, as reflected in the very documents to which Defendant has directed Plaintiff; because it is unduly broad; and because it is calculated to harass Plaintiff in seeking a description of hundreds of self-evident transactions. Without waiving these objections, the source of funds of the Business Line of Credit reflected in Exhibit A is Defendant BMO; the purpose of the funds was to operate and expand the business of Plaintiff; and the parties involved were Plaintiff, Plaintiff Arsenije Nenezic, and Defendant BMO. Plaintiff also deposed funds from JB Freight Group, Inc., funds that it earned working as an independent contractor on behalf of JB Freight Group, Inc. Answering further, please

refer to the driver pay statements from JB Freight Group bates stamped Bans Inc 0015-0037.

**Supplemental Response:**

Answering further, on May 9, 2022, Plaintiff utilized a credit advance in the amount of $73,000.00 to purchase a 2022 Great Dane champion trailer from USA Freight, Inc., (see BANS 0124, Bill of Sale, and Certificate of Title of Vehicle BANS Inc 0132). On February 27, 2023, Plaintiff utilized a credit advance in the amount of $22,500 towards the purchase of a 2021 Volvo VNL780 Truck (See Certificate of Title of Vehicle BANS Inc 0131). The truck was purchased from Mr. Milos Brcan. Mr. Brcan is one of the owners of West Cargo Inc., 13800 California Ave., Blue Island, IL 60406, Telephone: 630-828-5577.

**INTERROGATORY NO. 4:** Describe in detail any and all communications you or your representatives had with anyone regarding (a) the application for your line of credit; (b) the use of your line of credit; (c) any questions or concerns raised by BMO about activity in your accounts; and (d) the termination of your line of credit and banking relationship.

**RESPONSE:** Plaintiff objects to this interrogatory because it seeks information already within Defendant's possession or control. Without waiving this objection, Plaintiff, through its owner, Plaintiff, Arsenije Nenezic, had communications with:

- A BMO representative when Bans Inc., opened a Line of Credit with BMO line of credit at the BMO bank location at 901 Burlington Ave, Western Springs, IL 60558; a business checking account was opened along with a Line of Credit.

- The Line of Credit was used to purchase a new Great Dane trailer (approximately $73,000), and a 2012 Volvo truck (approximately $44,000).

- Plaintiff discussed the credit line with Vladan Jocovic (130 N. La Grange Rd., Ste 214, La Grange, IL, telephone number: 224-290-9055).

- Plaintiff discussed with Plaintiff Durovic their Lines of Credit with BMO.

Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Supplemental Response:**

-Plaintiff also discussed the line of credit with Siti Baxter, a BMO Retail Relationship Banker Officer.

**INTERROGATORY NO. 5:** State all facts that support your allegation in Paragraph 40 of the Complaint that "BMO experienced an episode of fraud, purportedly committed by a person who happened to be of Eastern European ethnicity or national origin, in one of its Chicago area branches."

**RESPONSE**: In around September of 2023, Plaintiff, Arsenije Nenezic, became aware from other Serbian and Montenegrin individuals that BMO cancelled the lines of credit of numerous persons of Eastern European race or national origin, because one or more BMO employees, the identity of whom is not known to Plaintiff, had purportedly committed fraud against BMO, by issuing fraudulent credit lines on behalf BMO.

**Supplemental Response:**

Plaintiff does not recall the names of the persons from whom he obtained this information.

**INTERROGATORY NO. 6:** Describe the impact of the closure of your business and personal accounts by BMO Bank, N.A. on your financial operations and creditworthiness. Include any specific instances where this impacted your ability to conduct business or obtain credit from other sources.

**RESPONSE:** Plaintiff was required to divert revenue from other uses to attempt to pay

back the Line of Credit funds that Defendant demanded be paid back immediately, instead of the agreed upon schedule of the Letter of Agreement; Plaintiff's ability to borrow funds to continue its business was impinged, terminated and became more costly; Plaintiff was unable to expand its business by purchasing equipment through the use of the credit line funds; Plaintiff's creditworthiness score was affected by the cancellation, inhibiting Plaintiffs' ability to borrow funds from other sources; and, Plaintiff was sent to debt collection and as a result its reputation was injured. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Supplemental Response:**

Plaintiff intended to utilize the remaining credit line funds towards the purchase of trucking equipment to expand its business. However, given the sudden closure of the credit line and the accelerated demand of repayment by Defendant, Plaintiff was unable to purchase the desired equipment. Plaintiff was forced to divert money from its business in order to replay the credit line. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 7:** Describe in detail any and all communications you alleged to have received from BMO "encouraging [you] to open a line of credit with BMO," including, but not limited to telephone conversations, advertising circulars, and in person communications.

**RESPONSE:** In addition to the receipt of the Letter of Agreement, Plaintiff was contacted numerous times by BMO representatives, by telephone, by email, and in person prior to Plaintiff's opening of a Line of Credit and business banking account at BMO's branch location.

**Supplemental Response:**

Plaintiff discussed the line of credit in person at the Western Springs Location of BMO

bank with Siti Baxter, a retailer relationship banker officer. Plaintiff may have discussed the line of credit with other employees of BMO Bank, but does not recall any of their names.

**INTERROGATORY NO. 8:** State all facts supporting your claim that you were allowed to draw on the Line of Credit for days after notification that BMO was terminating your line of credit.

**RESPONSE**: Plaintiff objects to this Interrogatory because it is vague, ambiguous, and incapable of a response.

**Supplemental Response:**

During the parties' meet and confer discussions, Defendant agreed to identify the specific factual allegation where Plaintiffs allege they were allowed to draw on the Line of Credit for days after notification that BMO was terminating their line of credit. To date, Defendant has not identified this allegation. If Defendant does so, Plaintiff will supplement its response to this interrogatory to the extent possible.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All account statements and related records for any Account, including but not limited to, any checking account, savings account, credit card account, and/or deposit account, held by the Plaintiff at any bank, credit card company, brokerage firm, investment firm, or other financial institution which the Plaintiff currently owns, holds, claims an interest in, or controls in whole or in part, or has owned, held, controlled, or claimed an interest in, in whole or in part, for the period commencing on the later of (i) the date of the account's inception and continuing through the present.

**RESPONSE:** Plaintiff objects to this request, because it is overbroad, since it seeks bank and financial accounts which have no relevance to and nothing to do with this lawsuit, including

accounts which Plaintiff may have had or held at any time with any financial institution, and including such accounts held, opened and closed long before this lawsuit was filed. Without waiving this objection, Plaintiff has produced certain bank and financial account records that are within Bans Inc.'s possession or control for the period of April 1, 2022 through August 31, 2023. (See enclosed Bans Inc 0047-0116).

**Supplemental Response:**

Refer to Plaintiff, Arsenije Nenezic's Chase credit cards statements. (Bans Inc 0133-0140).

**Second Supplemental Response:**

Bans' $150,000 SBA loan was a Disaster Covid-19 economic injury loan provided by the U.S. Small Business Administration. The funds of the SBA loan were deposed into BANS' Chase Bank Account. See also Mr. Nenezic's Chase checking account statements from April 2022 until August 31, 2023 (Bans 0251-0290).

**REQUEST FOR PRODUCTION NO. 2:** All financial statements, tax returns, tax documents, balance sheets, income statements, cash flow statements, or other financial reports for the Plaintiff during the relevant time period.

**RESPONSE:** Plaintiff objects to this request because it seeks information which is not relevant to this matter, and is not calculated to lead to the discovery of information which is relevant to this matter.

**Supplemental Response:**

Refer to Plaintiff's W-9 Form (Bans Inc 0038-0043) and corporate tax returns for the year 2021 and 2022 (Bans 0141-0194).

**Second Supplemental Response:**

Refer to Plaintiff's 2023 corporate tax returns and Mr. Nenezic's 2023 tax returns (Bans

Inc 0326-0381). See also Mr. Nenezic's personal tax returns for 2020 and 2022 (Bans 0202-0249) and personal tax returns for 2021 (Bans 0301-0325). See also Bans' Articles of incorporation (Bans 0201), 2021 1099 Form from USA Freight to Bans (Bans 0291), 2022 1099 Form JB Freight Group Inc to Bans (Bans 0298), 2020 1099 Form from USA Freight to Bans (Bans 0299), and 2023 1099 Form from JB Freight to Bans (0300).

**REQUEST FOR PRODUCTION NO. 3:** All documents and communications evidencing the specific transactions for which the proceeds of the BMO line of credit were used.

**RESPONSE:** Plaintiff objects to this request because it seeks information which is not relevant to this matter, and is not calculated to lead to the discovery of information which is relevant to this matter. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Supplemental Response:**

On May 9, 2022, Plaintiff utilized a credit advance in the amount of $73,000.00 to purchase a 2022 Great Dane champion trailer from USA Freight, Inc., (see BANS Inc 0124, Bill of Sale, and Certificate of Title of Vehicle BANS Inc 0132). On February 27, 2023, Plaintiff utilized a credit advance in the amount of $22,500 towards the purchase of a 2021 Volvo VNL780 Truck (See Certificate of Title of Vehicle BANS Inc 0131). The truck was purchased from Mr. Milos Brcan. Mr. Brcan is one of the owners of West Cargo Inc., 13800 California Ave., Blue Island, IL 60406, Telephone: 630-828-5577.

**REQUEST FOR PRODUCTION NO. 4:** All documents supporting your claim for damages, including documents showing increased borrowing costs, denied credit applications, invoices for attorneys' fees incurred in defending the prior litigation brought by BMO, and Plaintiff's purported "embarrassment and humiliation" as a result of BMO's conduct.

**RESPONSE:** Plaintiff will produce all non-privileged and responsive documents within its possession or control. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Supplemental Response:**

Refer to Bans Inc 0001-0381. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Second Supplemental Response:**

Answering further, specifically refer to Bans Inc 0045-0046 and 0250.

**REQUEST FOR PRODUCTION NO. 5:** All business licenses, permits, registrations, and other governmental authorizations held by Plaintiff's entities.

**RESPONSE:** Plaintiff objects to this request because the phrase "Plaintiff's entities" is vague and ambiguous. Without waiving this objection, Plaintiff will produce all non-privileged and responsive documents within its possession or control.

**Supplemental Response:**

Refer to Bans Inc 0013 and 0123 (medical examiner's certificate for Plaintiff, Arsenije Nenezic); Bans Inc 0014 and 0117-0118 (Plaintiff, Arsenije Nenezic's CDL); and, Bans Inc 0195-0200 (Safer Snapshot Reports for USA Freight Inc and JB Freight Group, Inc).

**Second Supplemental Response:**

Answering further, see Bans 201 (Bans Inc Articles of Incorporation, filed 7.10.2017).

**REQUEST FOR PRODUCTION NO. 6:** All contracts, agreements, invoices, receipts, and other documents related to business transactions conducted by Plaintiff from 2020 to present.

**RESPONSE:** Plaintiff objects to this request because it seeks information which is not

relevant to this matter, and is not calculated to lead to the discovery of information which is relevant to this matter.

**Supplemental Response:**

Refer to Bans Inc 0001-0381. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Second Supplemental Response:**

All of the documents Plaintiffs have produced relate to business transactions conducted by them.

**REQUEST FOR PRODUCTION NO. 7**: Documents sufficient to show the structure, formation, and governance of the Plaintiff, including but not limited to:

a. Articles of incorporation or organization, charters, bylaws, partnership agreements, shareholder agreements, or other documents evidencing the existence of the entity.

b. Any organizational charts, diagrams, or other records depicting the Plaintiff's relationship to any affiliated entities, related parties, or Beneficiaries.

**RESPONSE:** Plaintiff objects to this interrogatory, because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control. Without waiving these objections, Plaintiff will produce all non-privileged and responsive documents within its possession or control.

**Supplemental Response:**

Refer to Agreement between Plaintiff JB Freight Group, Inc (BANS Inc 0001-0012) and Plaintiff's Articles of Incorporation (Bans Inc 0201).

**Second Supplemental Response:**

Also refer to Lease Agreement between USA Freight. Inc and Independent Contractor Bans, Inc (Bans 0292-0297).

**REQUEST FOR PRODUCTION NO. 8:** All documents, records, materials, and communications related to Plaintiff's compliance with the federal and Illinois state requirements for owners/operators of trucking/transport, including but not limited to:

a) Documents related to the Plaintiff's U.S. Department of Transportation Number.
b) Documents related to the Plaintiff's Motor Carrier Number.
c) Documents related to the Plaintiff's Cargo Insurance.
d) Documents related to the Plaintiff's International Fuel Tax Agreement filings.
e) Documents related to the Plaintiff's International Fuel Tax Agreement filings.
f) Documents related to the Plaintiff's DOT Medical Card or Medical Examiner's Certificate
g) Documents related to the Plaintiff's Logbook Activities
h) Documents related to the Plaintiff's Commercial Driver's Licence (sic)

**RESPONSE:** Plaintiff objects to this request because it seeks information which is not relevant to this matter, and is not calculated to lead to the discovery of information which is relevant to this matter. Without waiving these objections, Plaintiff will produce all non-privileged and responsive documents within Bans Inc.'s possession or control. Answering further, refer to enclosed Bans Inc 0001-0014.

**Supplemental Response:**

Refer to Bans Inc 0001-0381. For Mr. Nenezic's medical card, also refer to Bans Inc 0123. His CDL is Bans Inc 117-118. During the relevant time period, Bans Inc., operated under the motor carrier authority of JB Freight Group (see Bans 198-200) and USA Freight (see Bans 195-197). Plaintiff's investigation continues. Plaintiff reserves the right to supplement this

response in the future.

**REQUEST FOR PRODUCTION NO. 9:** Documents sufficient to show any debts and liabilities the Plaintiff owed or incurred during the relevant time period, including:

a) Documents identifying the name, address, and telephone number of each creditor.

b) Records of the amount owed.

c) Documents showing when the debt was incurred and for what reason.

d) Records showing whether all or any portion of the debt is paid and, if so, the amount of payment.

e) Records showing when all or any portion was paid.

f) Documents identifying whether the debt is secured and, if so, how it is secured.

g) Records reflecting any remaining balance on such debts.

h) All contracts, bills, invoices, statements, agreements, mortgages, loan agreements, and all correspondence or other records memorializing communications relating to each such debt.

**RESPONSE:** Plaintiff objects to this interrogatory, because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control.

**Supplemental Response:**

None other than BMO's line of credit and the SBA loan for $150,000.00.

**REQUEST FOR PRODUCTION NO. 10:** Documents sufficient to show the capitalization and funding of the Plaintiff from its inception to the present, including but not limited to:

a. Records of any initial contributions to the Plaintiff, including the source, amount, and date of such contributions.

b. Documents reflecting any subsequent contributions, transfers, or deposits to the Plaintiff from any person or entity.

c. Wire transfer records, deposit slips, or other banking records showing funds transferred to or deposited in any account of the Plaintiff.

d. Records identifying the source and nature of each payment to the Plaintiff and/or deposits into the Plaintiff's Accounts.

e. Any correspondence, memoranda, or agreements describing the purpose or use of such funds.

**RESPONSE:** Plaintiff objects to this interrogatory, because the phrase "sufficient to show the capitalization and funding of the Plaintiff from its inception to the present" is vague and ambiguous; and because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control.

**Supplemental Response:**

Refer to Bans Inc 0001-0381. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Second Supplemental Response:**

All documents produced by Plaintiff Bans relate to its capitalization, funding and operation from its inception to the present.

**REQUEST FOR PRODUCTION NO. 11:** All documents, records, materials, and communications related to Plaintiff's ownership and use of any vehicles used in connection with its business, including but not limited to:

a) Documents related to purchase of all vehicles owned by the Plaintiff.
b) Documents related to insurance coverage for all vehicles owned by the Plaintiff.
c) Documents related to any taxes or registration fees related the vehicles owned by the Plaintiff.

**RESPONSE:** Plaintiff objects to this interrogatory because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control.

**Supplemental Response:**

Refer to Bans Inc 0001-0201. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Second Supplemental Response:**

Refer to Bans 0001-12, 15-37, 124, 126-132, and 292-297.

**REQUEST FOR PRODUCTION NO. 12:** All documents reflecting communications between Plaintiff and any third parties regarding their BMO banking relationships, credit facilities, or account closures.

**RESPONSE:** Plaintiff will produce all non-privileged and responsive documents within its possession or control. Answering further, refer to enclosed Bans Inc 0045-0046.

**Supplemental Response:**

Also refer to Bans Inc. 0125.

**Second Supplemental Response:**

Also refer to Bans 250 (8.9.24 Hardship letter from Bans Inc to Carlson Dash).

**REQUEST FOR PRODUCTION NO. 13:** All documents reflecting Plaintiff's knowledge of or involvement in any investigations of Eastern European individuals or businesses for fraudulent activities.

**RESPONSE:** Plaintiff will produce all non-privileged and responsive documents within Bans Inc.'s possession or control. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Supplemental Response:**

None in the possession of Plaintiff.

**REQUEST FOR PRODUCTION NO. 14**: All marketing materials or solicitations received from BMO regarding credit products prior to applying for the Line of Credit.

**RESPONSE:** Plaintiff will produce all non-privileged and responsive documents within Bans Inc.'s possession or control. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Supplemental Response:**

Refer to Bans Inc. 0125.

**REQUEST FOR PRODUCTION NO. 15**: All documents, records, and materials reviewed, referenced, consulted, or relied upon by you, or by anyone acting on your behalf, in preparing your responses to the Interrogatories served in this matter, to the extent such documents have not been produced in response to the preceding Requests for Production.

**RESPONSE:** Plaintiff objects to this interrogatory to the extent it seeks information prepared by Plaintiffs' attorneys that is work product, and to the extent it seeks information and/or communications between Plaintiff and Plaintiff's counsel. Plaintiff will produce all other non-privileged and responsive documents within Bans Inc.'s possession or control. Answering further, refer to enclosed Bans Inc 0001-0116. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Supplemental Response:**

Refer to Bans Inc 0001-0201. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Second Supplemental Response**

Refer to Bans Inc 0001-0381. Plaintiff's investigation continues. Plaintiff reserves the

right to supplement this response in the future.

Respectfully submitted,

*/s Angel P. Bakov*_____________
One of the Attorneys for Plaintiffs

Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
65 West Jackson Blvd.
Suite 107
Chicago, Illinois 60604
(312) 789-9700
#14971
jeff@JGBrownlaw.com

Angel Bakov
Bakov Law, Ltd.
One East Wacker Drive
Suite 2510
Chicago, Illinois 60601
(312) 880-1008
#63466
abakov@bakovlaw.com

**CERTIFICATE OF SERVICE**

This is to certify that I have on this 28th day of April, 2026 served a true and correct copy of the foregoing: Plaintiff, Bans, Inc.'s, Second Amended Responses to Defendant, BMO Bank, N.A.'s Interrogatories and Request to Produce via email to the following counsel of record:

By: *_/s/ Angel P. Bakov*__
One of the Attorneys for Plaintiffs

Jeffrey E. Jamison
Meredith Pike
BMO Bank N.A.
320 South Canal 7th Floor
Chicago, Illinois 60606-5707
(312) 461-4694
jeffrey.jamison@bmo.com
<Meredith.Pike@bmo.com>

**Counsel for Defendant, BMO Bank, N.A**

**VERIFICATION OF PLAINTIFF'S DISCOVERY ANSWERS**

The undersigned, under penalties of perjury, states that he/she has read the above Responses to Defendant's Interrogatories, and has knowledge of the facts stated therein, and that matters and things stated therein are true and correct, except as those matters stated to be on information and belief, and as to such matters he/she certifies as aforesaid that he/she verily believes them to be true.

__4.28.2026__________
DATE

Arsenije Nenezic____________________
PRINT NAME

Arsenije Nenezic (Apr 28, 2026 17:39:03 CDT)
SIGNATURE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PD LOGISTICS, LLC, an Illinois Limited liability company; PAVLE DUROVIC; BANS, INC., an Illinois corporation; and, ARSENIJE NENEZIC, Individually and on Behalf of Others Similarly Situated,** | ) | **Case No. 25-cv-06559** |
| **Plaintiffs,** | ) | **Judge Sharon Johnson Coleman** |
| **v.** | ) | **Magistrate Judge Laura K. McNally** |
| **BMO BANK, N.A.,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S AFFIDAVIT OF COMPLETENESS**

The undersigned, being duly sworn and under oath, deposes and states that he has conducted a thorough and good faith search for all of the records responsive to Defendant's discovery requests. The undersigned further states that he has produced copies of any and all documents in his possession and to the best of his knowledge and belief, production is complete in accordance with the said Request for Production of Documents.

April 28, 2026 — Arsenije Nenezic

DATE — PRINT NAME

[signature]
Arsenije Nenezic (Apr 28, 2026 17:36:31 CDT)

SIGNATURE

P.D. Logistics, LLC, et al. v. BMO Bank N.A.
Case No. 25-cv-06559 (N.D. Ill.)

# EXHIBIT

# 10

Bans, Inc.'s Third Amended Responses and Objections
(incl. Nenezic Verification) | Served July 16, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| PD LOGISTICS, LLC, et al.,<br>Plaintiffs,<br>v.<br>BMO BANK N.A.<br>Defendant. | Case No. 25-cv-06559<br>Judge Sharon Johnson Coleman<br>Magistrate Judge Laura K. McNally |

**PLAINTIFF BANS INC.'S THIRD AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT BMO BANK N.A.'s FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES TO BANS INC.**

Plaintiff Bans Inc. ("Plaintiff"), through its undersigned counsel, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, hereby responds to Defendant's First Request For Production Of Documents And First Set of Interrogatories To Bans Inc., as follows:

**OBJECTIONS TO DEFENDANT'S DEFINITIONS & INSTRUCTIONS**

a) Plaintiff objects to Defendant's definition of the term "Account", because it is overbroad, since it includes bank and financial accounts which have no relevance to and nothing to do with this lawsuit, including accounts which Plaintiff may have had or held at any time with any financial institution, and including such accounts held, opened and closed long before this lawsuit was filed.

b) Plaintiff objects to each term defined by Defendant's First Request For Production Of Documents And First Set of Interrogatories To PD Logistics, LLC, including but not limited to "BMO Banking Account" and "relevant time period" that is *not* used by Defendant in the Requests, as the definition is irrelevant and not calculated to lead to the

discovery of relevant evidence.

c) Plaintiff objects to the Instructions provided by Defendant to the extent that such instructions impose obligations greater than required by Fed. R. Civ. P. 26, 33 and 34.

d) Plaintiff reserves the right to move to quash or to seek a protective order on the grounds set forth in any Specific Objections and Responses or on any other basis. Plaintiff has not concluded an investigation of the facts related to this case, formal discovery, or preparation for trial. Plaintiff provides these responses without waiving his right to later modify, supplement, or amend as additional information becomes available in the course of discovery, investigation, or preparation for trial.

e) Plaintiff reserves the right to produce evidence of any subsequently discovered facts, to alter or amend the responses, and otherwise to assert factual and legal contentions in the event that information that is presently in his possession is inadvertently omitted or mistakenly stated herein. A response by Plaintiff to any specific Request is not, and shall not be construed as, an admission of the propriety of the specific Request.

f) Plaintiff's responses are made without waiving: (a) the right to object on the grounds of competency, relevancy, materiality, privilege or other grounds of admissibility of the matters disclosed as evidence for any purpose in any subsequent proceeding in this action or any other action; or (b) the right to object on any ground to other discovery requests involving or relating to the subject matter of these Requests. Further, to the extent that Plaintiff provides information, he is doing so in an effort to expedite discovery in this action and not as an indication or admission by Plaintiff of relevancy, materiality, or admissibility, and Plaintiff preserves all objections to Defendant's use of such information.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Describe in detail all business activities conducted by you from January 1, 2020 to present, including but not limited to the nature of services provided, customer base, revenue sources, primary suppliers or vendors, and geographic scope of operations.

**RESPONSE**: Plaintiff objects to this interrogatory, because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control; and because the phrase "business activities conducted" is overly broad, since all activities conducted by Plaintiff are "business activities". Without waiving these objections, Plaintiff conducts its business as an independent contractor trucking business, operating as an independent contractor under the motor carrier authority of JB Freight Group, Inc., AA Freight, Inc., Tesla Freight, MRV Transport, Inc., and Empire Freight Systems, Inc., hauling freight nationwide for various customers whose identities are confidential in exchange for compensation in the form of commissions, mileage rates, or flat rates.

**Supplemental Response:**

Plaintiffs incorporate by reference their General Objections and Specific Objections as previously stated in their initial response to Defendant's Interrogatories and Requests to Produce. Subject to and without waiving those objections, and pursuant to the parties' meet and confer discussions, Plaintiff hereby supplements its response as follows: Answering further, refer to Plaintiff's document production that includes (i) fuel transaction reports (BANS 0126-0130), these transaction reports include location information relative to Plaintiff's geographic scope of operations; (ii) Agreement between Plaintiff and JB Freight Group, Inc (BANS 0001-0012) that discusses the duties and obligations of Plaintiff and the method of compensation; (iii)

Pay driver statements from JB Freight (BANS 0015-0037) that show Plaintiff's trips, deductions, and rate of pay; (iv) Plaintiff's business bank statements from Chase Bank (BANS 0047-0116) that show Plaintiff's revenue sources.

During the relevant time period, Plaintiff also conducted its business as an independent contractor trucking business, operating as an independent contractor under the motor carrier authority of USA Freight, Inc.

**Supplemental Response:**

From January 1, 2020 until December 31, 2023 Bans Inc., only drove under the motor carrier authority of USA Freight Inc (see Bans 195, 291, 292-297. and 299) and JB Freight Group Inc (see Bans 198, 298, and 300).

**INTERROGATORY NO. 2**: Identify all bank accounts, lines of credit, loans, credit cards, and other financial instruments held by you or your affiliated entities at any financial institution from January 1, 2020 to present, including account numbers, opening and closing dates, and reasons for any account closures.

**RESPONSE:** Plaintiff objects to this request, because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control; and because it seeks information not within the time frame of the use of the Line of Credit which is the subject of this lawsuit. Without waiving these objections, for the relevant time period of April 1, 2022 until August 31, 2023, Plaintiff Bans, Inc., had business bank accounts with Chase (see enclosed bank statements bates stamped Bans Inc 0047-0116).

**Supplemental Response:**

The unredacted Chase account number belonging to Plaintiff is 000000205756015.

Plaintiff, Arsenije Nenezic, possessed a Chase checking account (ending in 0975), two Chase credit cards (with account number ending in 8500 and 7782) and an American Express Card (this card is no longer open). Plaintiff BANS also had an SBA loan with an original amount of $150,000.00. Plaintiff did not have any other credit lines besides the one with BMO Bank. Plaintiffs BANS did not have any other business checking accounts.

**Second Supplemental Response:**

Bans' $150,000 SBA loan was a Disaster Covid-19 economic injury loan provided by the U.S. Small Business Administration. The funds of the SBA loan were deposed into BANS' Chase Bank Account. See also Mr. Nenezic's Chase checking account statements from April 2022 until August 31, 2023 (Bans 0251-0290).

**INTERROGATORY NO. 3:** Describe all deposits, withdrawals, transfers, and other transactions involving BMO accounts from account opening through closure (see Account Statements Attached as Exhibit A), including the source of funds, purpose of each transaction, and the parties involved.

**RESPONSE:** Plaintiff objects to this request because it seeks information which is already in Defendant's possession or control, as reflected in the very documents to which Defendant has directed Plaintiff; because it is unduly broad; and because it is calculated to harass Plaintiff in seeking a description of hundreds of self-evident transactions. Without waiving these objections, the source of funds of the Business Line of Credit reflected in Exhibit A is Defendant BMO; the purpose of the funds was to operate and expand the business of Plaintiff; and the parties involved were Plaintiff, Plaintiff Arsenije Nenezic, and Defendant BMO. Plaintiff also deposed funds from JB Freight Group, Inc., funds that it earned working as an independent contractor on behalf of JB Freight Group, Inc. Answering further, please

refer to the driver pay statements from JB Freight Group bates stamped Bans Inc 0015-0037.

**Supplemental Response:**

Answering further, on May 9, 2022, Plaintiff utilized a credit advance in the amount of $73,000.00 to purchase a 2022 Great Dane champion trailer from USA Freight, Inc., (see BANS 0124, Bill of Sale, and Certificate of Title of Vehicle BANS Inc 0132). On February 27, 2023, Plaintiff utilized a credit advance in the amount of $22,500 towards the purchase of a 2021 Volvo VNL780 Truck (See Certificate of Title of Vehicle BANS Inc 0131). The truck was purchased from Mr. Milos Brcan. Mr. Brcan is one of the owners of West Cargo Inc., 13800 California Ave., Blue Island, IL 60406, Telephone: 630-828-5577.

**Third Amended Response:**

Plaintiff' previous response contained an error. On February 27, 2023, Plaintiff utilized a credit advance in the amount of $22,500 towards the purchase of a 2012 Volvo VNL780 Truck VIN ending 2386 (See Certificate of Title of Vehicle BANS Inc 0131), not a 2021 Volvo VNL780 Truck. Answering further, see Bans 0405 – 0407 (Certificate of Insurance that includes the 2022 trailer VIN 6945 and the 2012 Volvo VIN2386); Bans 0529-0538 (photographs of the Volvo truck); and Bans 0546 (video of Volvo truck).

Answering further relative to the 2022 Great Dane champion trailer with VIN ending in 6945, refer to Bans 0382-0384 (Total Fleet Services Repair Invoices for 2022 trailer VIN 6945); Bans 0385-0398 (Patriot Diesel Repair Invoices for 2022 trailer VIN 6945); Bans 0399 – 0401 (Bans and JD Freight Equipment Lease for 2022 trailer VIN 6945); 0405 – 0407 (Certificate of Insurance that includes the 2022 trailer VIN 6945 and the 2012 Volvo VIN2386); Bans 0539-0543 (photographs of 2022 trailer VIN 6945); and, Bans 0544-0545 (videos of 2022 trailer VIN 6945).

**INTERROGATORY NO. 4:** Describe in detail any and all communications you or your representatives had with anyone regarding (a) the application for your line of credit; (b) the use of your line of credit; (c) any questions or concerns raised by BMO about activity in your accounts; and (d) the termination of your line of credit and banking relationship.

**<u>RESPONSE:</u>** Plaintiff objects to this interrogatory because it seeks information already within Defendant's possession or control. Without waiving this objection, Plaintiff, through its owner, Plaintiff, Arsenije Nenezic, had communications with:

- A BMO representative when Bans Inc., opened a Line of Credit with BMO line of credit at the BMO bank location at 901 Burlington Ave, Western Springs, IL 60558; a business checking account was opened along with a Line of Credit.

- The Line of Credit was used to purchase a new Great Dane trailer (approximately $73,000), and a 2012 Volvo truck (approximately $44,000).

- Plaintiff discussed the credit line with Vladan Jocovic (130 N. La Grange Rd., Ste 214, La Grange, IL, telephone number: 224-290-9055).

- Plaintiff discussed with Plaintiff Durovic their Lines of Credit with BMO.

Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**<u>Supplemental Response:</u>**

-Plaintiff also discussed the line of credit with Siti Baxter, a BMO Retail Relationship Banker Officer.

**<u>Third Amended Response:</u>**

Plaintiff discussed the credit line with BMO employee, Tanja Santen. Refer to Bans 0411 – 0528 (emails and attachments between Bans and Tanja Santen dated 3.31.22 and 4.22.22).

**INTERROGATORY NO. 5:** State all facts that support your allegation in Paragraph 40 of the Complaint that "BMO experienced an episode of fraud, purportedly committed by a person who happened to be of Eastern European ethnicity or national origin, in one of its Chicago area branches.”

**RESPONSE**: In around September of 2023, Plaintiff, Arsenije Nenezic, became aware from other Serbian and Montenegrin individuals that BMO cancelled the lines of credit of numerous persons of Eastern European race or national origin, because one or more BMO employees, the identity of whom is not known to Plaintiff, had purportedly committed fraud against BMO, by issuing fraudulent credit lines on behalf BMO.

**Supplemental Response:**

Plaintiff does not recall the names of the persons from whom he obtained this information.

**INTERROGATORY NO. 6:** Describe the impact of the closure of your business and personal accounts by BMO Bank, N.A. on your financial operations and creditworthiness. Include any specific instances where this impacted your ability to conduct business or obtain credit from other sources.

**RESPONSE:** Plaintiff was required to divert revenue from other uses to attempt to pay back the Line of Credit funds that Defendant demanded be paid back immediately, instead of the agreed upon schedule of the Letter of Agreement; Plaintiff’s ability to borrow funds to continue its business was impinged, terminated and became more costly; Plaintiff was unable to expand its business by purchasing equipment through the use of the credit line funds; Plaintiff’s creditworthiness score was affected by the cancellation, inhibiting Plaintiffs’ ability to borrow funds from other sources; and, Plaintiff was sent to debt collection and as a result its reputation was injured. Plaintiff’s investigation continues. Plaintiff reserves the right to

supplement this response in the future.

**<u>Supplemental Response:</u>**

Plaintiff intended to utilize the remaining credit line funds towards the purchase of trucking equipment to expand its business. However, given the sudden closure of the credit line and the accelerated demand of repayment by Defendant, Plaintiff was unable to purchase the desired equipment. Plaintiff was forced to divert money from its business in order to replay the credit line. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 7:** Describe in detail any and all communications you alleged to have received from BMO "encouraging [you] to open a line of credit with BMO," including, but not limited to telephone conversations, advertising circulars, and in person communications.

**<u>RESPONSE:</u>** In addition to the receipt of the Letter of Agreement, Plaintiff was contacted numerous times by BMO representatives, by telephone, by email, and in person prior to Plaintiff's opening of a Line of Credit and business banking account at BMO's branch location.

**<u>Supplemental Response:</u>**

Plaintiff discussed the line of credit in person at the Western Springs Location of BMO bank with Siti Baxter, a retailer relationship banker officer. Plaintiff may have discussed the line of credit with other employees of BMO Bank, but does not recall any of their names.

**<u>Third Amended Response:</u>**

Plaintiff discussed the credit line with BMO employee, Tanja Santen. Refer to Bans 0411 – 0528 (emails and attachments between Bans and Tanja Santen dated 3.31.22 and 4.22.22).

**INTERROGATORY NO. 8:** State all facts supporting your claim that you were allowed to draw on the Line of Credit for days after notification that BMO was terminating your line of credit.

**RESPONSE**: Plaintiff objects to this Interrogatory because it is vague, ambiguous, and incapable of a response.

**Supplemental Response:**

During the parties' meet and confer discussions, Defendant agreed to identify the specific factual allegation where Plaintiffs allege they were allowed to draw on the Line of Credit for days after notification that BMO was terminating their line of credit. To date, Defendant has not identified this allegation. If Defendant does so, Plaintiff will supplement its response to this interrogatory to the extent possible.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All account statements and related records for any Account, including but not limited to, any checking account, savings account, credit card account, and/or deposit account, held by the Plaintiff at any bank, credit card company, brokerage firm, investment firm, or other financial institution which the Plaintiff currently owns, holds, claims an interest in, or controls in whole or in part, or has owned, held, controlled, or claimed an interest in, in whole or in part, for the period commencing on the later of (i) the date of the account's inception and continuing through the present.

**RESPONSE:** Plaintiff objects to this request, because it is overbroad, since it seeks bank and financial accounts which have no relevance to and nothing to do with this lawsuit, including accounts which Plaintiff may have had or held at any time with any financial institution, and including such accounts held, opened and closed long before this lawsuit was filed. Without

waiving this objection, Plaintiff has produced certain bank and financial account records that are within Bans Inc.'s possession or control for the period of April 1, 2022 through August 31, 2023. (See enclosed Bans Inc 0047-0116).

**Supplemental Response:**

Refer to Plaintiff, Arsenije Nenezic's Chase credit cards statements. (Bans Inc 0133-0140).

**Second Supplemental Response:**

Bans' $150,000 SBA loan was a Disaster Covid-19 economic injury loan provided by the U.S. Small Business Administration. The funds of the SBA loan were deposed into BANS' Chase Bank Account. See also Mr. Nenezic's Chase checking account statements from April 2022 until August 31, 2023 (Bans 0251-0290).

**REQUEST FOR PRODUCTION NO. 2:** All financial statements, tax returns, tax documents, balance sheets, income statements, cash flow statements, or other financial reports for the Plaintiff during the relevant time period.

**RESPONSE:** Plaintiff objects to this request because it seeks information which is not relevant to this matter, and is not calculated to lead to the discovery of information which is relevant to this matter.

**Supplemental Response:**

Refer to Plaintiff's W-9 Form (Bans Inc 0038-0043) and corporate tax returns for the year 2021 and 2022 (Bans 0141-0194).

**Second Supplemental Response:**

Refer to Plaintiff's 2023 corporate tax returns and Mr. Nenezic's 2023 tax returns (Bans Inc 0326-0381). See also Mr. Nenezic's personal tax returns for 2020 and 2022 (Bans 0202-0249) and personal tax returns for 2021 (Bans 0301-0325). See also Bans' Articles of incorporation

(Bans 0201), 2021 1099 Form from USA Freight to Bans (Bans 0291), 2022 1099 Form JB Freight Group Inc to Bans (Bans 0298), 2020 1099 Form from USA Freight to Bans (Bans 0299), and 2023 1099 Form from JB Freight to Bans (0300).

**REQUEST FOR PRODUCTION NO. 3:** All documents and communications evidencing the specific transactions for which the proceeds of the BMO line of credit were used.

**RESPONSE:** Plaintiff objects to this request because it seeks information which is not relevant to this matter, and is not calculated to lead to the discovery of information which is relevant to this matter. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Supplemental Response:**

On May 9, 2022, Plaintiff utilized a credit advance in the amount of $73,000.00 to purchase a 2022 Great Dane champion trailer from USA Freight, Inc., (see BANS Inc 0124, Bill of Sale, and Certificate of Title of Vehicle BANS Inc 0132). On February 27, 2023, Plaintiff utilized a credit advance in the amount of $22,500 towards the purchase of a 2021 Volvo VNL780 Truck (See Certificate of Title of Vehicle BANS Inc 0131). The truck was purchased from Mr. Milos Brcan. Mr. Brcan is one of the owners of West Cargo Inc., 13800 California Ave., Blue Island, IL 60406, Telephone: 630-828-5577.

**Third Amended Response:**

Plaintiff' previous response contained an error. On February 27, 2023, Plaintiff utilized a credit advance in the amount of $22,500 towards the purchase of a 2012 Volvo VNL780 Truck VIN ending 2386 (See Certificate of Title of Vehicle BANS Inc 0131), not a 2021 Volvo VNL780 Truck. Answering further, see Bans 0405 – 0407 (Certificate of Insurance that

includes the 2022 trailer VIN 6945 and the 2012 Volvo VIN2386); Bans 0529-0538 (photographs of the Volvo truck); and Bans 0546 (video of Volvo truck).

Answering further relative to the 2022 Great Dane champion trailer with VIN ending in 6945, refer to Bans 0382-0384 (Total Fleet Services Repair Invoices for 2022 trailer VIN 6945); Bans 0385-0398 (Patriot Diesel Repair Invoices for 2022 trailer VIN 6945); Bans 0399 – 0401 (Bans and JD Freight Equipment Lease for 2022 trailer VIN 6945); 0405 – 0407 (Certificate of Insurance that includes the 2022 trailer VIN 6945 and the 2012 Volvo VIN2386); Bans 0539-0543 (photographs of 2022 trailer VIN 6945); and, Bans 0544-0545 (videos of 2022 trailer VIN 6945).

**REQUEST FOR PRODUCTION NO. 4:** All documents supporting your claim for damages, including documents showing increased borrowing costs, denied credit applications, invoices for attorneys' fees incurred in defending the prior litigation brought by BMO, and Plaintiff's purported "embarrassment and humiliation" as a result of BMO's conduct.

**RESPONSE:** Plaintiff will produce all non-privileged and responsive documents within its possession or control. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Supplemental Response:**

Refer to Bans Inc 0001-0381. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Second Supplemental Response:**

Answering further, specifically refer to Bans Inc 0045-0046 and 0250.

**REQUEST FOR PRODUCTION NO. 5:** All business licenses, permits, registrations, and

other governmental authorizations held by Plaintiff's entities.

**RESPONSE:** Plaintiff objects to this request because the phrase "Plaintiff's entities" is vague and ambiguous. Without waiving this objection, Plaintiff will produce all non-privileged and responsive documents within its possession or control.

**Supplemental Response:**

Refer to Bans Inc 0013 and 0123 (medical examiner's certificate for Plaintiff, Arsenije Nenezic); Bans Inc 0014 and 0117-0118 (Plaintiff, Arsenije Nenezic's CDL); and, Bans Inc 0195-0200 (Safer Snapshot Reports for USA Freight Inc and JB Freight Group, Inc).

**Second Supplemental Response:**

Answering further, see Bans 201 (Bans Inc Articles of Incorporation, filed 7.10.2017).

**Third Amended Response:**

Answering further, see Bans 0403 (2022 IL Registration Card issued 3.15.21) and Bans 0404 (2023 IL Registration Card issued 3.31.22).

**REQUEST FOR PRODUCTION NO. 6:** All contracts, agreements, invoices, receipts, and other documents related to business transactions conducted by Plaintiff from 2020 to present.

**RESPONSE:** Plaintiff objects to this request because it seeks information which is not relevant to this matter, and is not calculated to lead to the discovery of information which is relevant to this matter.

**Supplemental Response:**

Refer to Bans Inc 0001-0381. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Second Supplemental Response:**

All of the documents Plaintiffs have produced relate to business transactions conducted by them.

**Third Amended Response:**

Refer to Bans 0382-0546. Specifically Bans:

0382 – 0384 Total Fleet Services Repair Invoices for 2022 trailer VIN 6945;

0385 – 0398 Patriot Diesel Repair Invoices for 2022 trailer VIN 6945;

0399 – 0401 Bans and JD Freight Equipment Lease for 2022 trailer VIN 6945;

0402 – Alpha trucking IRP Registration Renewal Fee Invoice from 3.16.22;

0403 – 2022 IL Registration Card issued 3.15.21;

0404 – 2023 IL Registration Card issued 3.31.22;

0405 – 0407 – Certificate of Insurance includes 2022 trailer VIN 6945 and 2012 Volvo VIN2386;

0408- 0410 – Partnership Agreement between Arsenije and Vladan for JB Freight Inc;

0411 – 0528 Emails and attachments between Bans and Tanja Santen from BMO dated 3.31.22 and 4.22.22;

0529 – 0538 – Photographs of 2012 Volvo VIN2386;

0539 – 0543 Photographs of 2022 trailer VIN 6945;

0544-0545 videos of 2022 trailer VIN 6945; and,

0546 video of 2012 Volvo truck VIN 2386.

**REQUEST FOR PRODUCTION NO. 7**: Documents sufficient to show the structure, formation, and governance of the Plaintiff, including but not limited to:

a. Articles of incorporation or organization, charters, bylaws, partnership agreements, shareholder agreements, or other documents evidencing the existence of the entity.

b. Any organizational charts, diagrams, or other records depicting the Plaintiff's relationship to any affiliated entities, related parties, or Beneficiaries.

**RESPONSE:** Plaintiff objects to this interrogatory, because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control. Without waiving these objections, Plaintiff will produce all non-privileged and responsive documents within its possession or control.

**Supplemental Response:**

Refer to Agreement between Plaintiff JB Freight Group, Inc (BANS Inc 0001-0012) and Plaintiff's Articles of Incorporation (Bans Inc 0201).

**Second Supplemental Response:**

Also refer to Lease Agreement between USA Freight. Inc and Independent Contractor Bans, Inc (Bans 0292-0297).

**Third Amended Response:**

Refer to Bans 0399 – 0401 (Bans and JD Freight Equipment Lease for 2022 trailer VIN 6945); and, Bans 0408- 0410 (Partnership Agreement between Arsenije and Vladan for JB Freight Inc.)

**REQUEST FOR PRODUCTION NO. 8:** All documents, records, materials, and communications related to Plaintiff's compliance with the federal and Illinois state requirements for owners/operators of trucking/transport, including but not limited to:

a) Documents related to the Plaintiff's U.S. Department of Transportation Number.
b) Documents related to the Plaintiff's Motor Carrier Number.
c) Documents related to the Plaintiff's Cargo Insurance.
d) Documents related to the Plaintiff's International Fuel Tax Agreement filings.
e) Documents related to the Plaintiff's International Fuel Tax Agreement filings.
f) Documents related to the Plaintiff's DOT Medical Card or Medical Examiner's Certificate
g) Documents related to the Plaintiff's Logbook Activities
h) Documents related to the Plaintiff's Commercial Driver's Licence (sic)

**RESPONSE:** Plaintiff objects to this request because it seeks information which is not relevant to this matter, and is not calculated to lead to the discovery of information which is relevant to this matter. Without waiving these objections, Plaintiff will produce all non-privileged and responsive documents within Bans Inc.'s possession or control. Answering further, refer to enclosed Bans Inc 0001-0014.

**Supplemental Response:**

Refer to Bans Inc 0001-0381. For Mr. Nenezic's medical card, also refer to Bans Inc 0123. His CDL is Bans Inc 117-118. During the relevant time period, Bans Inc., operated under the motor carrier authority of JB Freight Group (see Bans 198-200) and USA Freight (see Bans 195-197). Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Third Amended Response:**

Refer to Bans:

0402 – Alpha trucking IRP Registration Renewal Fee Invoice from 3.16.22;

0403 – 2022 IL Registration Card issued 3.15.21;

0404 – 2023 IL Registration Card issued 3.31.22; and,

0405 – 0407 – Certificate of Insurance includes 2022 trailer VIN 6945 and 2012 Volvo VIN2386.

**REQUEST FOR PRODUCTION NO. 9:** Documents sufficient to show any debts and liabilities the Plaintiff owed or incurred during the relevant time period, including:

a) Documents identifying the name, address, and telephone number of each creditor.

b) Records of the amount owed.

c) Documents showing when the debt was incurred and for what reason.

d) Records showing whether all or any portion of the debt is paid and, if so, the amount of payment.

e) Records showing when all or any portion was paid.

f) Documents identifying whether the debt is secured and, if so, how it is secured.

g) Records reflecting any remaining balance on such debts.

h) All contracts, bills, invoices, statements, agreements, mortgages, loan agreements, and all correspondence or other records memorializing communications relating to each such debt.

**RESPONSE:** Plaintiff objects to this interrogatory, because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control.

**Supplemental Response:**

None other than BMO's line of credit and the SBA loan for $150,000.00.

**REQUEST FOR PRODUCTION NO. 10:** Documents sufficient to show the capitalization and funding of the Plaintiff from its inception to the present, including but not limited to:

a. Records of any initial contributions to the Plaintiff, including the source, amount, and date of such contributions.

b. Documents reflecting any subsequent contributions, transfers, or deposits to the Plaintiff from any person or entity.

c. Wire transfer records, deposit slips, or other banking records showing funds transferred to or deposited in any account of the Plaintiff.

d. Records identifying the source and nature of each payment to the Plaintiff and/or deposits

into the Plaintiff's Accounts.

e. Any correspondence, memoranda, or agreements describing the purpose or use of such funds.

**<u>RESPONSE:</u>** Plaintiff objects to this interrogatory, because the phrase "sufficient to show the capitalization and funding of the Plaintiff from its inception to the present" is vague and ambiguous; and because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control.

**<u>Supplemental Response:</u>**

Refer to Bans Inc 0001-0381. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**<u>Second Supplemental Response:</u>**

All documents produced by Plaintiff Bans relate to its capitalization, funding and operation from its inception to the present.

**<u>Third Amended Response:</u>**

Refer to Bans Inc 0001-0545. All documents produced by Plaintiff Bans relate to its capitalization, funding and operation from its inception to the present.

**REQUEST FOR PRODUCTION NO. 11:** All documents, records, materials, and communications related to Plaintiff's ownership and use of any vehicles used in connection with its business, including but not limited to:

a) Documents related to purchase of all vehicles owned by the Plaintiff.
b) Documents related to insurance coverage for all vehicles owned by the Plaintiff.
c) Documents related to any taxes or registration fees related the vehicles owned by the Plaintiff.

**RESPONSE:** Plaintiff objects to this interrogatory because it seeks information which is not relevant nor calculated to lead to the discovery of relevant information; and because it seeks information already within Defendant's possession or control.

**Supplemental Response:**

Refer to Bans Inc 0001-0201. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Second Supplemental Response:**

Refer to Bans 0001-12, 15-37, 124, 126-132, and 292-297.

**Third Amended Response:**

Refer to Bans 0382-0546. Specifically Bans:

0382 – 0384 Total Fleet Services Repair Invoices for 2022 trailer VIN 6945;

0385 – 0398 Patriot Diesel Repair Invoices for 2022 trailer VIN 6945;

0399 – 0401 Bans and JD Freight Equipment Lease for 2022 trailer VIN 6945;

0402 – Alpha trucking IRP Registration Renewal Fee Invoice from 3.16.22;

0403 – 2022 IL Registration Card issued 3.15.21;

0404 – 2023 IL Registration Card issued 3.31.22;

0405 – 0407 – Certificate of Insurance includes 2022 trailer VIN 6945 and 2012 Volvo VIN2386;

0529 – 0538 – Photographs of 2012 Volvo VIN2386;

0539 – 0543 Photographs of 2022 trailer VIN 6945;

0544-0545 videos of 2022 trailer VIN 6945; and,

0546 video of 2012 Volvo truck VIN 2386.

**REQUEST FOR PRODUCTION NO. 12:** All documents reflecting communications between Plaintiff and any third parties regarding their BMO banking relationships, credit facilities, or account closures.

**RESPONSE:** Plaintiff will produce all non-privileged and responsive documents within its possession or control. Answering further, refer to enclosed Bans Inc 0045-0046.

**Supplemental Response:**

Also refer to Bans Inc. 0125.

**Second Supplemental Response:**

Also refer to Bans 250 (8.9.24 Hardship letter from Bans Inc to Carlson Dash).

**REQUEST FOR PRODUCTION NO. 13:** All documents reflecting Plaintiff's knowledge of or involvement in any investigations of Eastern European individuals or businesses for fraudulent activities.

**RESPONSE:** Plaintiff will produce all non-privileged and responsive documents within Bans Inc.'s possession or control. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Supplemental Response:**

None in the possession of Plaintiff.

**REQUEST FOR PRODUCTION NO. 14**: All marketing materials or solicitations received from BMO regarding credit products prior to applying for the Line of Credit.

**RESPONSE:** Plaintiff will produce all non-privileged and responsive documents within Bans Inc.'s possession or control. Plaintiff's investigation continues. Plaintiff reserves the right

to supplement this response in the future.

**Supplemental Response:**

Refer to Bans Inc. 0125.

**REQUEST FOR PRODUCTION NO. 15**: All documents, records, and materials reviewed, referenced, consulted, or relied upon by you, or by anyone acting on your behalf, in preparing your responses to the Interrogatories served in this matter, to the extent such documents have not been produced in response to the preceding Requests for Production.

**RESPONSE:** Plaintiff objects to this interrogatory to the extent it seeks information prepared by Plaintiffs' attorneys that is work product, and to the extent it seeks information and/or communications between Plaintiff and Plaintiff's counsel. Plaintiff will produce all other non-privileged and responsive documents within Bans Inc.'s possession or control. Answering further, refer to enclosed Bans Inc 0001-0116. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Supplemental Response:**

Refer to Bans Inc 0001-0201. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Second Supplemental Response**

Refer to Bans Inc 0001-0381. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

**Third Amended Response:**

Refer to Bans Inc 0001-0545. Plaintiff's investigation continues. Plaintiff reserves the right to supplement this response in the future.

Respectfully submitted,

*/s Angel P. Bakov*_____________
One of the Attorneys for Plaintiffs

Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
65 West Jackson Blvd.
Suite 107
Chicago, Illinois 60604
(312) 789-9700
#14971
jeff@JGBrownlaw.com

Angel Bakov
Bakov Law, Ltd.
One East Wacker Drive
Suite 2510
Chicago, Illinois 60601
(312) 880-1008
#63466
abakov@bakovlaw.com

**CERTIFICATE OF SERVICE**

This is to certify that I have on this 16th day of July, 2026 served a true and correct copy of the foregoing: Plaintiff, Bans, Inc.'s, Third Amended Responses to Defendant, BMO Bank, N.A.'s Interrogatories and Request to Produce via email to the following counsel of record:

By: *__/s/ Angel P. Bakov__*
One of the Attorneys for Plaintiffs

Jeffrey E. Jamison
Meredith Pike
BMO Bank N.A.
320 South Canal 7th Floor
Chicago, Illinois 60606-5707
(312) 461-4694
jeffrey.jamison@bmo.com
<Meredith.Pike@bmo.com>

**Counsel for Defendant, BMO Bank, N.A**

## VERIFICATION OF PLAINTIFF'S DISCOVERY ANSWERS

The undersigned, under penalties of perjury, states that he/she has read the above Responses to Defendant's Interrogatories, and has knowledge of the facts stated therein, and that matters and things stated therein are true and correct, except as those matters stated to be on information and belief, and as to such matters he/she certifies as aforesaid that he/she verily believes them to be true.

____7.16.26____________
DATE

Arsenije Nenezic____________________
PRINT NAME

Arsenije Nenezic (Jul 16, 2026 15:10:05 CDT)
SIGNATURE

P.D. Logistics, LLC, et al. v. BMO Bank N.A.
Case No. 25-cv-06559 (N.D. Ill.)

# EXHIBIT
# 11

Excerpts of the Rule 30(b)(6) Deposition Transcript of
Bans, Inc. (Arsenije Nenezic) | Taken August 11, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PD LOGISTICS, LLC, an Illinois Limited Liability Company; PAVLE DUROVIC; BANS, INC., an Illinois Corporation; and ARSENIJE NENEZIC, Individually and on Behalf of Others Similarly Situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 25-CV-6559 |
| BMO BANK N.A., | ) | |
| Defendant. | ) | |

The videotaped deposition of 30(b)(6) Corporate Representative for Bans Inc., ARSENIJE NENEZIC, taken in the above-entitled cause, before Deborah A. Thompson, a Certified Shorthand Reporter in the State of Illinois, taken pursuant to the Federal Rules of Civil Procedure of the United States District Courts at 320 South Canal Street, Chicago, Illinois, on the 11th day of August, 2026, at 10:00 o'clock AM.

APPEARANCES:

JEFFREY GRANT BROWN, P.C., by
MR. JEFFREY GRANT BROWN
65 West Jackson Boulevard, Suite 107
Chicago, Illinois 60604
jeff@jgbrownlaw.com
602.888.0759
312.789.9700
- and -
BAKOV LAW LIMITED, by
MR. ANGEL BAKOV
One East Wacker Drive, Suite 2510
Chicago, Illinois 60601
abakov@bakovlaw.com
312.880.1008

on behalf of the Plaintiffs;

BMO BANK N.A., by
MR. JEFFREY JAMISON
MS. MEREDITH PIKE
320 South Canal Street, Floor 7
Chicago, Illinois 60606
jeffrey.jamison@bmo.com
meredith.pike@bmo.com
312.461.5386
312.461.5386

on behalf of the Defendant.

ALSO PRESENT:

Ms. Jacqueline Silverio, BMO
Ms. Antonija Martic, Interpreter
Mr. Kevin Duncan, Videographer

REPORTED BY: DEBORAH A. THOMPSON, CSR, RPR
LICENSE NO.: 084-003487

addresses.

Q Why don't we get a list of all the email addresses you have.

A To whom do I give it?

Q Sorry. Can you list all of the email addresses you have. You can look at your phone if you need help remembering.

A I think the email address I use -- just give me a second. Sometimes I use -- the email address is Arsenijenen_@gmail.com.

Q What other email addresses do you use for Bans Inc.?

A Give me a second. Bans.freight@gmail.com. A long time ago, I also had another one, which was Arsenije_Nenezic@yahoo.com.

Q Are there any other email addresses?

A Not for Bans.

Q And what do you use email for with Bans Inc.'s company?

A It depends. It depends. Like, reminder for the registration of trucks or something. So they used to send me a lot of emails at Arsenijenen_gmail.com. That's the address they send the most of the things so I don't forget to check.

So Arsenijenen@gmail.com.

THE INTERPRETER: Just to stand corrected. Arsenijenen. So it's A-r-s-e-n-i-j-e-n-e-n @gmail.com. No underscore on that one.

BY MR. JAMISON:

Q You said you receive reminders to register the truck?

A Yes. Yes. Just depends from company to company. I really cannot recall at this very moment what else I was receiving.

Q Is email the primary way you communicate with other companies?

MR. BROWN: Object to form.

You can answer.

THE WITNESS (Through the interpreter): Not only email. There are other ways. Verbally. Over the phone.

BY MR. JAMISON:

Q Yes. And how -- sorry. Let me rephrase that.

How often do you use email to communicate with other companies related to Bans Inc.?

A If I need to pay something, if I need to send a reminder to someone to pay me. Like, usually

for this.

Q Do you get emails regarding potential work for Bans Inc.?

A I receive.

Q Where do you store those emails?

A In my phone.

Q Did you bring any notes or papers with you today?

A I did not. Anything.

Q Do you recall giving written answers to BMO's questions in this case?

A Well, with Angel, I spoke over the phone regarding the questions and the answers, and then later on, he send me what I was supposed to sign.

(Exhibit 2 marked.)

BY MR. JAMISON:

Q I'll show you what's been marked as Exhibit Number 2.

A I know this document.

Q How do you know this document?

A One of the documents that I received from Angel, that I looked over that I translated for myself in order to get to know what is it in the document.

remember.

Q And where did you find this document?

A Insurance.

Q So you got this from the insurance company?

A Yes. Yes.

Q And did the insurance company email this document to you?

A Well, yes. When we put the trucks on the insurance, we had to do it through email. Once again, this is safe -- safety. Safety does it.

Q So this document is dated June 24, 2025. Does that mean you would have gotten an email around that time for this insurance?

A Most probably, yes. But, then again, that's what safety does.

Q And if this was sent by email, what email address would it have been sent to you?

MR. BROWN: Object. Calls for speculation.

You may answer.

THE WITNESS (Through the interpreter): Either the Bans or the Arsenije email I gave, the first one. I'm not sure.

BY MR. JAMISON:

Q So your employers have access to those

emails?
A Only to Bans.
Q If this wasn't sent by email, how else would you have gotten it?
A By mail. By mail. But I think they always send it by email.
Q Always send it by email?
A I think they send it by email first and then later on mail.
Q Sorry. I just want to clarify. You said you got this from the insurance company by email. Was that recently, or was that back in June of 2025?
MR. BROWN: Objection. Asked and answered.
You may answer.
THE WITNESS (Through the interpreter): I cannot really remember.
BY MR. JAMISON:
Q How did you send this to your attorneys?
A Email.
Q And you would have a record then of when you sent it to them?
A Yes. But I didn't search for it. So to know exactly when I sent it.
Q And do you still have the email from the

entities, JB Freight, AA Freight, Tesla Freight?

MR. BROWN: Object to the form and argumentative.

You may answer.

THE WITNESS (Through the interpreter): I probably did some services, like, some particular services, and that's why I listed them. For example, if I did a recovery that was under their numbers -- so if I did a recovery, for example, it was probably under their numbers. Or depending on service, maybe, like, towing, I'm not sure. But that's probably why it's listed here because I did some services for these companies. That's why they're there.

Can we take a small break?

MR. JAMISON: Sure.

THE VIDEOGRAPHER: Please stand by. We are going off record at 11:55 AM.

(Recess taken.)

THE VIDEOGRAPHER: Good afternoon. We are back on record at 12:06 PM.

You may proceed.

BY MR. JAMISON:

Q Going back to the companies you worked for as an independent contractor, do you have any

have MC numbers. I think I did for them recovery, like I said, towing, or maybe some mechanical issue that I repaired.

Q So to confirm, you don't know, but did you look for any documents that might tell you when you worked for these entities?

A I don't remember.

Q Did you look for any documents in the last month?

MR. BROWN: Objection. Asked and answered.

THE WITNESS (Through the interpreter): I don't remember.

BY MR. JAMISON:

Q Do you remember if you looked for any documents in the last two months?

MR. BROWN: Same objection.

THE WITNESS (Through the interpreter): I do not remember.

BY MR. JAMISON:

Q And as you sit here today, can you say whether or not for certain you worked under the motor carrier authority for any of the entities listed in response to Interrogatory Number 1 on page 3?

MR. BROWN: Objection. Asked and answered.

addition to paying for the gas?
A I still do not understand the question. This question is pertaining solely to the card used.
Q Correct. So let's look at the first line on the top. It says "Amount, $662.42"?
A Okay.
Q So you pay USA Freight $662.42; correct?
A I have, like, discount to this.
Q So you pay even less than $662?
A They send me the amount, and then at the end of the amount, there's the discount. So if he sends me the amount, I don't know, like $662, then that's probably that amount that I'm paying.
Q And this report, I believe, if you look at the top, above "Contract ID number," it says "2025-10-28." Do you know if that's --
A Where is it located at?
Q Right above the contact -- "Contract ID."
A Yes. I see it says for the 2000 --
Q Do you know if that is for October 28, 2025?
A I really cannot remember this any longer.
Q How did you obtain this transaction report?
A I receive it every week from the

USA Freight company.
Q And how do you receive this?
A They send it to the JB Freight email.
Q But this is related to Bans trucking too; correct?
A That's right. And then JB Freight sends to me what I owe them, and I pay for it.
Q How does JB Freight send that information to you?
A Over email.
Q Over email.
A And, yes, that's the Volvo truck. And I couldn't remember because we use for the truck number -- like, as a truck identification number, we use the last four numbers of the VIN. So that's why I wasn't able to remember.
BY MR. JAMISON:
Q So then, for example, if you go to Bans 129.
A The same paper?
Q Yes. Sorry. Yes. Same Exhibit 9.
A What page?
Q It says "129" at the bottom.
A Okay.

to dedicate our time to resolve other issues.
BY MR. JAMISON:
Q One question with these statements. Go to the last page, number 37. It has your name. And is it Ljubo?
A We were transporting mail, and he had a driver's license; however, he was sort of being trained; so he drove with me. So he had the driver's license, but he didn't have experience, so he was there to be trained.
Q How do you say his name?
A Ljubo Vujovic.
Q Do you have statements similar to what's reflected in Exhibit 10 for USA Freight?
A I have every single statement that was sent to my email when I was working.
Q For USA Freight?
A Yes.
Q And you still have those emails?
A I think so, yes.
MR. JAMISON: If you want, now would be a good time, based on my questioning, for lunch, but I'm happy to push through if you all want to push through.

A That's an official document for our industry; so I believe whatever we paid for, we need to receive the document accordingly.

Q How long have you used Custom Insurance Agency for your insurance?

A This I really cannot know about. This is, again, one of the things that safety is responsible for. And we use, let's say, one insurance for a couple of months, and then it's really expensive. And then we find a cheaper one, and we just switch. My part of the job is once safety calls and says, "Hey, listen, I obtained a better deal," I approve or don't approve the switch.

Q You are required -- sorry. Let me take a step back.

Are you required to maintain insurance for all your vehicles?

MR. BROWN: Objection. Asked and answered.

You may answer again.

THE WITNESS (Through the interpreter): According to the FMCMC, every single vehicle has to be insured. The vehicle cannot start driving or be on the road without insurance. So once again -- I'm repeating -- my job is to make sure that all vehicles

are insured. Safety handles the insurances or the insurance.

BY MR. JAMISON:

Q So you would have proof of all the insurance going back to 2022?

MR. BROWN: Assumes a fact not established.

You can answer.

THE WITNESS (Through the interpreter): Yes.

BY MR. JAMISON:

Q I want to draw your attention on Exhibit 17 to the listing for 2022, Great Dane trailer. What's the value listed there for it?

A Value?

Q Value. The number next to the VIN number.

MR. BROWN: Object. Assumes a fact not established.

You can answer.

THE WITNESS (Through the interpreter): What is written here? You mean what is written here?

BY MR. JAMISON:

Q Yes.

A 30,000.

Q 30,000?

P.D. Logistics, LLC, et al. v. BMO Bank N.A.
Case No. 25-cv-06559 (N.D. Ill.)

# EXHIBIT 12

Declaration of Jeffrey Jamison

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PD LOGISTICS, LLC, an Illinois limited liability company; PAVLE DUROVIC; BANS, INC., an Illinois corporation; and ARSENIJE NENEZIC,** | ) | |
| | ) | **Case No. 25-cv-06559** |
| **Plaintiffs and Counter-Defendants,** | ) | |
| | ) | **Judge Sharon Johnson Coleman** |
| **v.** | ) | |
| | ) | **Magistrate Judge Laura K. McNally** |
| **BMO BANK N.A.,** | ) | |
| | ) | |
| **Defendant and Counter-Plaintiff.** | ) | |

**DECLARATION OF JEFFREY JAMISON**

I, Jeffrey Jamison, have personal knowledge of the statements contained in this declaration, and if called to testify, I would state as follows:

1. I am an in-house attorney at BMO Bank N.A. ("BMO" or the "Bank"). I am the Associate General Counsel for Litigation at BMO. I have been in this role since April 2019 and have been licensed to practice law since November 2006. Among other things, my responsibilities at BMO include handling and responding to claims brought against the Bank both before and after the filing of a lawsuit.

2. I am serving as litigation counsel for BMO in this lawsuit. I submit this declaration in support of BMO's Motion to Compel and for Sanctions against Plaintiff Bans, Inc. ("Bans").

3. Pursuant to Local Rule 37.2, Attorney Meredith Pike and I met and conferred with Plaintiffs' counsel, Attorneys Jeffrey Brown and Angel Bakov, via video conference on October 24, 2025 and January 12, 2026, regarding the deficiencies in Bans's electronically stored information ("ESI") production. These conferences were in addition to numerous letters and emails we sent to Bans's counsel concerning these issues—including correspondence dated October 16, 2025, February 26, 2026, and April 15, 2026, and a further Rule 37.2 communication dated July 21, 2026—as detailed in BMO's Motion to Compel. Despite these repeated meet-and-confer efforts, the deficiencies remain unresolved.

4. Attached to BMO's Motion are true and correct copies of the following documents:

a. **Exhibit 1** — Plaintiffs' Rule 26(a)(1) Initial Disclosures, served August 22, 2025.

b. **Exhibit 2** — BMO's First Requests for Production of Documents and First Set of Interrogatories to Bans, Inc., served August 29, 2025.

c. **Exhibit 3** — Bans, Inc.'s Responses and Objections to BMO's First Requests for Production and First Set of Interrogatories, served September 30, 2025.

d. **Exhibit 4** — Letter from BMO's counsel to Plaintiffs' counsel, dated October 16, 2025.

e. **Exhibit 5** — Bans, Inc.'s Amended Responses and Objections to BMO's First Requests for Production and First Set of Interrogatories.

f. **Exhibit 6** — Rule 37 letter from BMO's counsel to Plaintiffs' counsel, dated February 26, 2026.

g. **Exhibit 7** — Correspondence from Plaintiffs' counsel to BMO's counsel, dated March 16, 2026.

h. **Exhibit 8** — Letter from BMO's counsel to Plaintiffs' counsel, dated April 15, 2026.

i. **Exhibit 9** — Bans, Inc.'s Second Amended Responses and Objections to BMO's First Requests for Production and First Set of Interrogatories, served April 28, 2026, including the verification executed by Arsenije Nenezic.

j. **Exhibit 10** — Bans, Inc.'s Third Amended Responses and Objections to BMO's First Requests for Production and First Set of Interrogatories, served July 16, 2026.

k. **Exhibit 11** — Relevant excerpts of the transcript of the videotaped Rule 30(b)(6) deposition of Bans, Inc., through its corporate representative Arsenije Nenezic, taken August 11, 2026.

5. Each of the documents identified in Paragraph 4 is a true and correct copy of the document as served, sent, received, or transcribed in this matter, and is maintained in the ordinary course by BMO's counsel in the litigation file for this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Jeffrey Jamison*

Jeffrey Jamison
Counsel for BMO Bank N.A.

Dated: September 2, 2026