**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PD LOGISTICS, LLC, et al., | ) | |
| | ) | |
| Plaintiffs and Counter-Defendants, | ) | |
| | ) | Case No. 25-cv-6559 |
| v. | ) | |
| | ) | Hon. Sharon Johnson Coleman |
| BMO BANK N.A., | ) | |
| | ) | |
| Defendant and Counter-Plaintiff. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs have multiple fully briefed and orally argued motions pending before this Court. Plaintiffs now request the Court set a particular order for its rulings on those motions and enter a stay on discovery pending the resolution of those motions [110]. For the reasons explained below, the Court denies the motion.

## I. Order of Rulings

Plaintiffs request the Court set the following order for its pending rulings: First, Plaintiffs' motion to dismiss Defendant's counterclaim, then Plaintiffs' motion for class certification, and finally Plaintiffs' motion for partial summary judgment. The Court finds no authority requiring it to issue pending rulings in the order suggested by Plaintiffs. Moreover, Plaintiffs provide no persuasive reason for the Court to issue rulings in their preferred order. Plaintiffs cite Fed. R. Civ. P. 23(c)(1)(A), which requires a decision on class certification "at an early practicable time." But nothing suggests the Court would be straying from this mandate by deciding the motion to certify class after earlier filed pending motions. Plaintiffs also cite *Bakov*, a case explaining that ordinarily a plaintiff is prevented from obtaining a favorable merits judgment and thereafter seeking to certify a class. Dkt. 110 at *5 (citing *Bakov v. Consolidated World Travel, Inc.*, 68 F.4th 1053, 1058 (7th Cir. 2023). But *Bakov* describes a

protection afforded specifically to class action defendants, not plaintiffs. The rationale for ruling on class certification before a merits judgment in *Bakov* is inapplicable and unpersuasive here, where it is Plaintiffs seeking that order.

## II. Motion to Stay

Plaintiffs have improperly filed a motion to stay discovery pending rulings on the motions under advisement. This matter was referred to Magistrate Judge McNally on August 10, 2025 "for discovery supervision and settlement" with express "authority to set/adjust discovery deadlines." Dkt. 10. Plaintiffs are correct that while the District Court has the power to refer matters to a Magistrate Judge, decisions on dispositive motions are reserved for the District Court. 28 U.S.C. § 636(b)(1)(A). But the motion to stay is not dispositive and its outcome has no bearing on the dispositive motions pending before this Court. It references dispositive motions by requesting a stay on discovery while they're pending but is itself solely related to discovery. Thus, it plainly falls under the scope of the existing referral for the "supervision of discovery" and should have been brought before the Magistrate Judge. However, the Court will grant Plaintiffs' alternative request to modify the scope of the existing referral, exclusively to decide the present motion.

District courts possess broad discretion to stay proceedings as an incident of their inherent authority to manage their dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Courts in this district disfavor stays however, because "they bring resolution of the dispute to a standstill." *New England Carpenters Health & Welfare Fund v. Abbott Lab'ys*, No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013 (Rowland, J.) (citations omitted). The mere filing of a motion to dismiss does not automatically stay discovery. *Id.* at *1 (citing *SK Hand Tool Corp. v. Dresser Indus.,* 852 F.2d 936, 945 (7th Cir.1988)). In most cases the existence of a dispositive motion is insufficient reason for granting the stay. *Syngenta Seeds, Inc. v. BTA Branded, Inc.,* No. 05 C 6673, 2007 WL 3256848, at *1 (N.D. Ill. Nov. 1, 2007) (Moran, J.). The party seeking the stay bears the burden of showing good cause exists to stay

discovery. *Scott v. Jeffreys*, No. 21 C 3334, 2021 WL 8545420, at *1 (N.D. Ill. Nov. 12, 2021) (Fuentes, J.), *Harper v. Cent. Wire*, Inc., No. 19 CV 50287, 2020 WL 5230746, at *1 (N.D. Ill. Sept. 2, 2020) (Jensen, J.).

The good cause determination considers factors such as whether a stay will unduly prejudice the nonmoving party, whether the stay will simplify the issues, and whether the stay will reduce the burden of litigation on the parties and the Court. *Id.* (citations omitted), *Liggins v. Reicks*, No. 3:19-CV-50303, 2021 WL 2853359, at *1 (N.D. Ill. July 8, 2021) (Jensen, J.) (citations omitted).

a. <u>No Undue Prejudice</u>

The Court must consider the history of discovery in this case, which raises significant concerns with the preservation of the compelled discovery. Given these preservation issues, a stay may unduly prejudice Defendant. Fact discovery on Plaintiffs' claims began on August 21, 2025 and closed June 26, 2026. Dkt. 16, Dkt. 47. Defendant requested ESI in its First Requests for Production of Documents on August 29, 2025. Dkt. 87 at *3, Dkt. 87-2. Plaintiffs' counsel, neglecting their responsibility to oversee discovery, left it to their clients to determine what material was responsive. Following this flawed process, Plaintiffs produced a concerningly small amount of ESI. Plaintiffs' counsel then certified that production was complete and there were no more categories of ESI. Plaintiff PD's 30(b)(6) deposition was held on June 10, 2026, only weeks before the close of fact discovery. Plaintiff BANS' 30(b)(6) deposition was held August 11, 2026, weeks after the close of fact discovery. Plaintiffs made statements indicating there was vastly more responsive ESI which was neither produced nor properly withheld. Plaintiffs also revealed that an auto-delete feature was never disabled in the email inboxes that received much of that missing responsive ESI. Defendant moved to compel the missing ESI discovery on August 28, 2026 and Magistrate Judge McNally granted the motions in her September 11 order.

Plaintiffs' failure to preserve requested discovery and counsel's failure to oversee production raise serious concerns over the preservation of the compelled ESI. The Court cannot accept Plaintiffs' assertion that "no preservation issue justifies immediate discovery," Dkt. 110 at *7, given the use of the auto-delete feature in their email inboxes. This feature was enabled all through the fact discovery period and likely resulted in the loss of numerous responsive emails. Plaintiffs assert that they will remain "subject to their existing preservation obligations throughout the stay." Dkt. 110 at *7. This offers little reassurance when the parties are actively disputing the scope of their preservation obligations under the September 11 order compelling the ESI in question. *See* Dkt. 107, Dkt. 108. These preservation concerns will persist until an ESI order is entered.

b. Simplifying the Issues

The motion to dismiss has the potential to simplify the issues by extinguishing the counterclaim. This would entirely remove issues related solely to the counterclaim and limit the need for related discovery. The motion for partial summary judgment could resolve the ECOA claim, but this would not meaningfully simplify the issues in the case overall because of the close relation and shared issues between Plaintiffs' ECOA and § 1981 claims.

Even though the matter could be simplified by the dismissal of the counterclaim, there is no outcome which would justify the requested stay on discovery. Stays are not generally granted merely because of a pending motion to dismiss. *Scott*, 2021 WL 8545420, at *2. It is always the case that a pending dispositive motion could simplify the issues and avoid discovery by waiting to see what claims remain after the motion is decided. *Harper*, 2020 WL 5230746, at 2, *see Sygernta Seeds,* 2007 WL 3256848 at *2. Therefore, this is not a persuasive ground for a stay on discovery. If it were, the exception would swallow the rule. *See id.* (citations omitted).

c. Burden of Discovery

The Court is not convinced that a stay would reduce the burden of litigation. Plaintiffs explain the burdens of producing the compelled ESI, which they describe as discovery on the RICO counterclaim. Discovery is recognized as particularly burdensome in certain categories of complex litigation, including RICO claims like Defendant's. *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008). But Plaintiffs have not detailed any burden specifically created discovery on the RICO counterclaim. The characterization of the compelled ESI as RICO counterclaim discovery fails because the initial discovery requests for the compelled ESI predate the RICO counterclaim by over six months. *See* Dkt. 87 at *3 (Defendant served its First Requests for Production of Documents on August 29, 2025), Dkt. 36 (Defendant filed its Answer and Counterclaim on March 19, 2026. Any objection that scope of the compelled discovery was overbroad relative to Plaintiffs' claims should have been raised when the requests were made. Certainly, before Plaintiffs certified they completed production in March 2026. Dkt. 87 at *5, Dkt. 89 at *8. The Court considers the compelled ESI as relating to Plaintiffs' claims, rather than solely the counterclaim. Further, there is no indication that the compelled ESI is only relevant to Plaintiffs' ECOA claim but not the § 1981 claim. Only the former is at risk of being resolved by the pending motions, the latter will persist. Therefore, whatever claims are left to be adjudicated after the pending motions are decided, Plaintiffs will have to produce the compelled ESI. The requested stay would not alleviate that burden.

## III. Conclusion

Upon review, none of the factors Plaintiffs have relied upon in support of their motion favor a stay on discovery. A stay would raise significant preservation issues which would unduly prejudice the nonmoving party, which would incur the risk of losing improperly withheld discovery. At the same time, none of the motions pending before this Court have the potential to narrow the issues involved

enough to justify the total stay requested. Finally, because the compelled ESI does not solely relate to claims at risk of being resolved, a stay would not lessen the burden of production on Plaintiffs.

For the foregoing reasons, Plaintiffs' motion to set an order for pending rulings and to stay discovery [110] is denied. Pursuant to the existing referral, Magistrate Judge McNally is directed to set a reasonable schedule and scope for fact discovery compelled by the September 11 order, and fact discovery on the counterclaim, supporting the interests of justice.

Due to the unproduced discovery, this Court will stay its rulings on Plaintiffs' motions for partial summary judgment [60] and class certification [63] pending Plaintiffs' compliance with Magistrate Judge McNally's September 11 order and ESI order. Defendant shall then have 14 days to file supplemental briefs in support of its responses to Plaintiffs' motions for partial summary judgment and class certification, based on the compelled discovery.

**IT IS SO ORDERED.**

Date: 10/19/2026

Entered: ______________________________
SHARON JOHNSON COLEMAN
United States District Judge